**05 CV 1 1 7 2 1 MLW**

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JANICE CAMILLO, ) | |
| ) | **MAGISTRATE JUDGE** _Collings_ |
| *Plaintiff,* ) | |
| ) | |
| v. ) | |
| ) | CIVIL ACTION |
| ALL PRO MOVING & STORAGE, INC., ) | NO.    RECEIPT # _____ |
| ) | AMOUNT $ 250.00 |
| *Defendant.* ) | SUMMONS ISSUED ⁣√ |
| ) | LOCAL RULE 4.1 ____ — |
| | WAIVER FORM ____ — |
| | MCF ISSUED ____ — |
| | BY DPTY. CLK. _____ |
| **NOTICE OF REMOVAL** | DATE  8/18/05 |

**TO:**   The Honorable Judges of the United States District Court for the District of
Massachusetts:

1.     The Petitioner, All Pro Moving & Storage, Inc. ("All Pro"), respectfully shows,
upon information and belief, that it is the defendant in the above-entitled civil action brought by
the plaintiff, Janice Camillo, which is now pending in the Suffolk Superior Court Department,
Suffolk County Massachusetts, Civil Action No. 05-3488A.

2.     On or about August 12, 2005, this Civil Action  was commenced in the aforesaid
Suffolk Superior Court Department, and on August 13, 2005 Petitioner was served with the
Verified Complaint for Preliminary Injunction (**Exhibit 1** hereto), Plaintiff's Motion for Short
Order of Notice (**Exhibit 2** hereto), Plaintiff's *Ex Parte* Motion for Temporary Restraining Order
Pursuant to Mass. R. Civ, P. Rule 65 (a) (**Exhibit 3** hereto), Plaintiff's Motion for Order
Compelling Defendant to Reveal Location of Furnishings and Allow Inspection (**Exhibit 4**
hereto), Plaintiff's Motion for Order Compelling Defendant to Deliver Furnishings to Atlanta or,

Alternatively, to Permit Plaintiff to Arrange Alternative Transport (**Exhibit 5** hereto), Order (temporary restraining order) dated August 12, 2005 and returnable August 22, 2005 (**Exhibit 6** hereto), Summons (**Exhibit 7** hereto), and Summons and Restraining Order dated August 12, 2005 and returnable August 22, 2005 (**Exhibit 8** hereto).

3.      Upon information and belief, no further proceedings have been had in the Civil Action, and the time of Petitioner within which to file a notice of removal has not expired.

4.      **Jurisdiction**.  Based on the allegations contained in the Complaint, this is a civil suit which may be removed to this Court by the Petitioner pursuant to 28 U.S.C. §§1331, 1337(a) and 1441, in that the Plaintiff alleges dispute over the amount of freight charges due Petitioner, All Pro, for transporting Plaintiff's shipment of household goods from Mattapan, Massachusetts to Savannah, Georgia as Petitioner is holding Plaintiff's household goods in storage pursuant to its carrier's lien on the shipment for charges due. *See*, Complaint, ¶¶ 4 through 12.  Federal question jurisdiction lies in that the interstate freight charges due Petitioner, an interstate motor carrier of household goods, from Plaintiff are subject to the ICC Termination Act of 1995, 49 U.S.C §§ 13702, 13706 and 13707, and an interstate household goods bill of lading issued by Petitioner pursuant to 49 U.S.C § 13501, *et seq.*  Actions involving freight charges due an interstate carrier based on a tariff present a federal question and support federal question jurisdiction regardless of the amount in controversy. *Thurston Motor Lines, Inc. v. Jordan K. Rand, Ltd.,* 460 U.S. 533, 535, 103 S. Ct. 1343, 75 L. Ed. 2d 260 (1983).

The action is therefore removable pursuant to 28 U.S.C. §§ 1331, 1337(a) and 1441.

Pursuant to 28 U.S.C. §1441(a), this action is one that may be removed by Petitioner to this Court.

5.    **Venue**. Petitioner desires to remove this action to the district court of the United States for the district in which it is now pending, to wit, the District of Massachusetts. 28 U.S.C. §1446(a).

6.    After the filing of this Notice of Removal of this action with the United States District Court for the District of Massachusetts, (a) written notice of the filing of this notice will be given by the attorneys for the Petitioner to the Plaintiff and all other parties as provided by law, (b) a certified copy of this notice will be filed with the Clerk of the Suffolk Superior Court Department, Boston, Massachusetts, and (c) certified copies of all pleadings on file in said Suffolk Superior Court Department will be filed with this Court.

7.    Petitioner has a good and sufficient defense to the Plaintiff's claims in this action.

8.    No previous application for the relief sought herein has been made to this or any other court.

**WHEREFORE**, Petitioner All Pro Moving & Storage, Inc. prays that this action be removed from the Suffolk Superior Court Department, Boston, Massachusetts, to the United States District Court for the District of Massachusetts.

ALL PRO MOVING & STORAGE, INC.
By its attorney,

August 18, 2005

Wesley S. Chused (BBO #083520)
LOONEY & GROSSMAN LLP
101 Arch Street
Boston, MA 02110
(617) 951-2800

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 18, 2005 I served a copy of the foregoing pleading upon all parties hereto by hand, electronically, facsimile or by mailing copies thereof via first-class mail, postage prepaid, properly addressed to:

> John H. Molloy, Esq.
> Sean F. Donahue, Esq.
> 379 Salem Street
> Medford, Massachusetts 02155

Wesley S. Chused

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO.:  05-3488A

|  |  |
|---|---|
| JANICE CAMILLO, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| -v- | ) |
|  | ) |
| ALL PRO MOVING & STORAGE, INC., | ) |
|  | ) |
| Defendant. | ) |
|  | ) |

## VERIFIED COMPLAINT FOR PRELIMINARY INJUNCTION

### *Introduction*

Plaintiff    Janice Camillo (hereinafter "Mrs. Camillo") seeks, *inter alia,*    a preliminary injunction enjoining defendant *All Pro Moving & Storage, Inc.* (hereinafter "All Pro") from selling, conveying, transferring or in any way disposing of or causing damage to Mrs. Camillo's items of personal property, furniture, jewelry, clothing, musical equipment, electronics,  and other personal and family items which defendant  contracted to move from 31 Wellington Hill Street-#3 in Boston, Suffolk County ("the Boston property"), Massachusetts to Atlanta, Georgia ("the Atlanta property").

### *Parties*

1.      At all times material to this Complaint, plaintiff Janice Camillo (hereinafter "Mrs. Camillo") was a resident of Boston, Suffolk County, Massachusetts.

2.      Defendant All Pro Moving & Storage, Inc. ("All Pro") is a Massachusetts corporation duly-organized with a principal place of business at 47 Rockland Road, Auburn, Worcester County, Massachusetts 01501.

3.      At all times material hereto, All Pro is in the business of moving and storage of home furnishings and related items.    *See* All Pro's *Verizon* advertisement attached hereto and incorporated herein as *Exhibit 1*.

### *Statement of Facts*

4.      On or about June 30, 2005, a member of the Camillo family telephoned All Pro to inquire about the cost of the move to from Boston to Atlanta and to schedule a time for an estimator to view the belongings on July 5, 2005.

5.      On or about July 5, 2005, All Pro estimator Mark Kariban came to the Boston property.  The Boston property contained seven rooms and a full basement of furniture, clothing, jewelry, musical equipment, varied personal belongings as well as irreplaceable photographs and treasured items and mementoes belonging to the Camillo family.  Mr. Kariban  provided an estimate to ship the furnishings to the Atlanta property at 14,300 pounds for $7,249.11. A copy of the estimate is attached hereto and incorporated herein as *Exhibit 2*.

6.      On or about July 8, 2005, an All Pro moving crew headed by All Pro owner, Elijia Bowles, III, arrived at the Boston property and began loading Mrs. Camillo's property onto a moving truck.  Mrs. Camillo was informed by Mr. Bowles that the

-2-

estimate for 14,300 pounds, which she had previously received from Mark, was incorrect, and that an additional fee of $2,500 or more would be required. All Pro alleged that the weight was 18,000 pounds. Consequently, a dispute arose concerning the costs of All Pro's services. All Pro personnel unloaded the truck, returned Mrs. Camillo's possessions to the Boston property and abruptly left the scene. Mrs. Camillo reported the dispute to the Massachusetts Attorney General's Office, which intervened on her behalf.

7.      On or about July 9, 2005, All Pro owner, Elijah Bowles, III, contacted Mrs. Camillo and apologized for the situation and assured Mrs. Camillo that All Pro would complete the move for a flat rate of $7,200.00, which had been given to her initially by estimator Mark Kariban. Mrs. Camillo requested that All Pro set forth the agreement in written form and Mrs. Camillo apprised the Attorney General's Office that All Pro had agreed to honor the binding estimate price for the job, as referenced in ¶ 5, above.

8.      On or about July 12, 2005, All Pro's crew returned to the Boston property, once again. Mrs. Camillo requested confirmation of the flat rate of $7,200.00. Instead, documents were provided that showed the sum of $9,785.01 for the moving job. By telephone, All Pro owner, Elijah Bowles, III, instructed his work crew to cross out the higher amount and replace it with the $7,200.00 flat rate price, which was performed in Mrs. Camillo's presence.      A copy of the document showing the crossed out fee is attached hereto as *Exhibit 3*.

9.      On or about July 12, 2005, the All Pro work crew completed packing two trucks on a single day between 11:00 a.m. and 10:30 p.m. The work crew informed Mrs. Camillo that they would return that following day. A full inventory was requested. All Pro refused to provide documents, stating that they were in the possession of the drivers who

would give Mrs. Camillo a copy the following day when they were to return to pick-up the remaining items. The partial inventory is attached hereto as *Exhibit 4.*

10.    Not until 5:30 p.m. on July 13, 2005 did the All Pro work crew return to the Boston residence. Mrs. Camillo was informed by the work crew that all paper work from that previous day had been lost and that Mrs. Camillo would have to sign replacement documents before anything would be moved or transported. At that time, All Pro demanded an additional $2,500.00 to move the items. All Pro accused Mrs. Camillo of adding more furnishings to the job than had originally been designated. All Pro owner, Elijah Bowles, III, apprised plaintiff that the shipping weight was now 20,000 pounds and that the total price was increased to $9,700.00.

11.    Mrs. Camillo was provided with an inventory which did not list all items in All Pro's possession. Mrs. Camillo was apprised by All Pro owner, Elijah Bowles, III, that all documentation would be provided once the trucks reached Atlanta, Georgia.

12.    On or about July 14, 2005, Mrs. Camillo was informed by All Pro that the new price would  be $9,400.00, including additional insurance (at a cost of $290.00), plus all taxes. Mrs. Camillo did not agree to the price and did not sign any documents to that effect.

13.    On or about July 20, 2005, Mrs. Camillo arrived in Atlanta, Georgia. Several dates were scheduled for delivery and then cancelled.

14.    On or about July 25, 2005, Mrs. Camillo met with two members of All Pro personnel at a weigh station in Georgia. At that time, the two All Pro workers apprised plaintiff that one truck load of her belongings had been put into storage because that truck had to be returned to Boston. They intended to unload the remaining truck and obtain the

-4-

other furnishings from storage using the same truck and deliver the property to the new home in Georgia. At no time did Mrs. Camillo provide her consent to this arrangement.

15.     On or about July 25, 2005, the remaining truck load of items was weighed. Upon arriving at the Atlanta property, Mrs. Camillo was apprised by All Pro that they would not unload the items until they were paid in advance the full amount of $9,700.00 and further that no paperwork would be provided. After being denied proof of storage of the other truck load of furnishings, Mrs. Camillo refused to pay based on the fact that the second truck load of furnishings was not at the Atlanta property; All Pro would not reveal the location of the furnishings; proper paperwork had not been provided; and an exorbitant amount was being demanded, rather than the $7,200 binding cost agreed upon by the parties.

16.     On July 25, 2005, Mrs. Camillo was informed by All Pro owner, Elijia Bowles, III, that his workers would not unload the truck until they were paid in advance the full amount of $9,700.00; once paid, they would retrieve the other items from storage, weigh them and deliver them to the Atlanta property.

17.     On July 25, 2005, All Pro stated that the furnishings would not be delivered to the Atlanta property and further that the items would be auctioned. Alternatively, All Pro demanded payment of $9,700 in exchange for keys to a storage bin. All Pro requested a meeting with Mrs. Camillo *at the side of the road* in order to make the exchange of money for the keys. Based upon defendant's erratic, unorthodox and unethical business transactions, Mrs. Camillo refused to pay the defendant.

18.    Due to defendant's actions and inactions as aforesaid, Mrs. Camillo has been forced to live in her new home in Atlanta without her furnishings and personal belongings; the personal belongings valued at approximately $100,000 have been unlawfully confiscated by defendant. Mrs. Camillo has incurred substantial cost in attorney's fees and related costs in attempting to resolve this matter.

19.    Plaintiff has been damaged thereby.

20.    Pursuant to Mass.R.Civ.P. Rule 65(a), Mrs. Camillo states that immediate and irreparable injury, loss or damage will result to Mrs. Camillo as defendant All Pro has threatened imminently to auction her furnishings and personal belongings; additionally, Mrs. Camillo has suffered as she has lost the use of her furnishings and personal belongings.

WHEREFORE, plaintiff Janice Camillo respectfully requests that this Honorable Court issue a preliminary injunction enjoining defendant All Pro Moving & Storage, Inc. from selling, conveying, transferring or in any way disposing of or causing damage to Mrs. Camillo's items of personal property, furniture, jewelry, clothing, musical equipment, electronics, and other personal and family items which defendant contracted to move from 31 Wellington Hill Street-#3 in Boston, Suffolk County ("the Boston property"), Massachusetts to Atlanta, Georgia ("the Atlanta property").    Plaintiff furthers requests that this Court Order defendant to:

(i)    reveal the location of the furnishings and allow inspection by Mrs. Camillo and/or her representatives to ensure their good condition;

(ii)    deliver the furnishings to Atlanta or, alternatively, permit Mrs. Camillo to arrange alternative transport to Atlanta;

        (iii)     determine the *quantum meruit* value, if any, of services performed by defendant;

        (iv)    award Mrs. Camillo damages in the form of attorney's fees and costs for the filing and prosecution of the within action; and

        (v)     for such other and further relief as this Court deems just and appropriate.

               JANICE CAMILLO, Plaintiff,
               By her Attorneys,

               **LAW OFFICES OF JOHN H. MOLLOY**

               _____

               John H. Molloy       BBO #600778
               Sean F. Donahue     BBO #558058
               379 Salem Street
               Medford, Massachusetts 02155
               (781) 395-3569

## *VERIFICATION*

I, Janice Camillo, being duly sworn, depose and sa   :hat I have read the foregoing *Verified Complaint* and that the facts contained therein are   ue to my personal knowledge and belief and based upon my review of the documents rela   d hereto, except as to matters alleged on information and belief, as to which I believe the   to be true.

Signed under the penalties of perjury this $\underline{11\text{th}}$ da;   if August 2005.

Ma. Janice Camillo

Janice Camillo

–08–

**906** MOVERS

*veri̷on*

# • Burlington • Cambridge • Dedham

## LOCAL & LONG DISTANCE MOVING

### SERVING ALL OF BOSTON & SUBURBAN AREAS



# ALL PRO

★ ★ ★ ★ ★

## VAN LINES

### *"PROFESSIONALS MOVING PROFESSIONALS"*

## Visit Our Website at All-ProVanLines.com

- Furniture Quilt - Pad Wrapped Before Removal from Home AT NO EXTRA CHARGE
- Furniture Uncovered, Placed and Set Up in New Home
- We Do Not Require All Drawers To Be Emptied
- Courteous and Quality Trained Personnel
- New Padded Float-Pak Vans
- Automated Lifts
- VANS FUMIGATED DAILY

- Complete Packing & Unpacking Service
- Boston Direct Service
- Saturday & Short Notice Moves
- Weekly Trips To Maine & All States Between
- Residential & Office Moving
- Free Friendly Estimates-Competitive Prices
- Licensed Piano Movers
- Safe & Secure Storage
- Auto Transporter
- Always Written Guaranteed Prices For East Coast Moves

## 617 267-5333
## 781-321-7888

*Visit Our Website at All-ProVanLines.com*

# • Boston • Quincy • Worcester • Lynn

*Brookline • Medford • Bedford • Arlington • Salem*

33090 © 2005 Verizon Yellow Pages Company

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                    SUPERIOR COURT DEPARTMENT
                               OF THE TRIAL COURT
                               CIVIL ACTION NO.:    05-3488A

_____
                                      )
JANICE CAMILLO,                       )
                                      )
    Plaintiff,                        )
                                      )
-v-                                   )
                                      )
ALL PRO MOVING & STORAGE, INC.,       )
                                      )
    Defendant.                        )
_____)

### PLAINTIFF'S MOTION FOR SHORT ORDER OF NOTICE

Plaintiff, Janice Camillo ("Mrs. Camillo"), by her attorneys, respectfully requests

that this Honorable Court Order notice that plaintiff's:

(1)    Application for Preliminary Injunction;

(2)    Motion for Order Compelling Defendant to Reveal Location of
       Furnishings and Allow Inspection; and

(3)    Motion for Order Compelling Defendant to Deliver Furnishings
       to Atlanta or, Alternatively, to Permit Plaintiff to Arrange
       Alternative Transport

filed herewith be heard on the next early date convenient for the Court.

In support of the foregoing, Mrs. Camillo states as follows:

1.    Defendant All Pro Moving & Storage, Inc. ("All Pro") is in possession of

Mrs. Camillo's personal belongings and home furnishings.  All Pro refuses to reveal the

location of the items; and refuses to release the items to Mrs. Camillo. *See Verified

Complaint* ¶¶ 6-14.

2.    There is an urgency to this matter as Mrs. Camillo is presently living in Georgia in a home without furniture and without the many personal items and family belongings that are rightfully hers. *See Verified Complaint* ¶¶ 18.

WHEREFORE, plaintiff Janice Camillo respectfully requests that this Honorable Court Order notice that plaintiff's motions filed herewith be heard on the next early date convenient for the Court; and for such other and further relief as this Court deems just and appropriate.

JANICE CAMILLO, Plaintiff,
By her Attorneys,

**LAW OFFICES OF JOHN H. MOLLOY**

_____
John H. Molloy          BBO #600778
Sean F. Donahue        BBO #558058
379 Salem Street
Medford, Massachusetts 02155
(781) 395-3569

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                    SUPERIOR COURT DEPARTMENT
                               OF THE TRIAL COURT
                               CIVIL ACTION NO.:  05-3488A

|  |  |
|---|---|
| JANICE CAMILLO, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| -v- | ) |
|  | ) |
| ALL PRO MOVING & STORAGE, INC., | ) |
|  | ) |
| Defendant. | ) |

## PLAINTIFF'S *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER PURSUANT TO MASS.R.CIV.P. RULE 65(a)

Pursuant to Mass.R.Civ.P. Rule 65(a), plaintiff, Janice Camillo ("Mrs. Camillo"), by her attorney, respectfully requests that this Honorable Court issue an *ex parte* temporary restraining order prohibiting defendant All Pro Moving & Storage, Inc. ("All Pro") from selling, conveying, transferring or in any way disposing of or causing damage to Mrs. Camillo's furnishings, personal property, jewelry, musical equipment and all personal items removed by All Pro, its agents, servants and employees from Mrs. Camillo's residential address located at 31 Wellington Hill Street-#3, Boston ("the Boston property").

In support of the foregoing, Mrs. Camillo states the following:

1.    Defendant All Pro was hired by Mrs. Camillo to transport her home furnishings to her new residence in Atlanta, Georgia ("the Atlanta property"). *See*

*Verified Complaint at* ¶¶ 5-10.

2.     A dispute arose concerning the price of the moving job depending on the weight of the items. As is more particularly set forth in plaintiff's *Verified Complaint*, All Pro only delivered one truckload of items to the Atlanta property, informing Mrs. Camillo that the other truckload had been placed in storage in order that the truck could be returned to Boston. *See Verified Complaint* ¶ 14.

3.     All Pro refused to unload the truckload of furnishings at the Atlanta property and has refused to reveal the location of the furnishings, threatening to auction the items. *See Verified Complaint* ¶¶ 15-17.

4.     Immediate and irreparable harm, loss or damage will result to applicant if defendant All Pro auctions or disposes of her furnishings and personal items. Additionally, Mrs. Camillo has been forced to live in her Atlanta home without her furnishings and personal belongings, estimated at $100,000.00, which have been unlawfully confiscated by defendant. *See Verified Complaint* ¶ 18.

WHEREFORE, plaintiff Janice Camillo respectfully requests that this Honorable Court issue an *ex parte* temporary restraining order prohibiting defendant All Pro Moving & Storage, Inc. from selling, conveying, transferring or in any way disposing of or causing damage to Mrs. Camillo's furnishings, personal property, jewelry, musical equipment and

all personal items; and for such other and further relief as this Court deems just.

JANICE CAMILLO, Plaintiff,
By her Attorneys,

**LAW OFFICES OF JOHN H. MOLLOY**

John H. Molloy      BBO #600778
Sean F. Donahue     BBO #558058
379 Salem Street
Medford, Massachusetts 02155
(781) 395-3569

-3-

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                          SUPERIOR COURT DEPARTMENT
                                     OF THE TRIAL COURT
                                     CIVIL ACTION NO.:    05-3488A

```
                                        )
JANICE CAMILLO,                         )
                                        )
  Plaintiff,                            )
                                        )
-v-                                     )
                                        )
ALL PRO MOVING & STORAGE, INC.,         )
                                        )
  Defendant.                            )
                                        )
```

## PLAINTIFF'S MOTION FOR ORDER COMPELLING DEFENDANT TO REVEAL LOCATION OF FURNISHINGS AND ALLOW INSPECTION

Plaintiff, Janice Camillo ("Mrs. Camillo"), by her attorney, respectfully requests that this Honorable Court Order defendant All Pro Moving & Storage, Inc. ("All Pro") to reveal the location of the home furnishings and personal items belonging to Mrs. Camillo and further to allow Mrs. Camillo and/or her representatives to inspect the personal belongings.

In support of the foregoing, Mrs. Camillo states:

1.    Defendant All Pro was hired by Mrs. Camillo to transport her home furnishings to her new residence in Atlanta, Georgia. *See Verified Complaint at* ¶¶ 5-10.

2.    A dispute arose concerning the price of the moving job depending on the weight of the items. As is more particularly set forth in plaintiff's *Verified Complaint,* All Pro only delivered one truckload of items to the Atlanta property, informing Mrs. Camillo

that the other truckload had been placed in storage in order that the truck could be returned to Boston. *See Verified Complaint* ¶ 14.

3.  All Pro refused to unload the truckload of furnishings at the Atlanta property and has refused to reveal the location of the furnishings, threatening to auction the items. *See Verified Complaint* ¶¶ 15-17.

WHEREFORE, plaintiff Janice Camillo respectfully requests that this Honorable Court Order defendant All Pro Moving & Storage, Inc. ("All Pro") to reveal the location of the home furnishings and personal items belonging to Mrs. Camillo; and further to allow Mrs. Camillo and/or her representatives to inspect the personal belongings for the state of their condition; and for such other and further relief as this Court deems just and appropriate.

JANICE CAMILLO, Plaintiff,
By her Attorneys,

**LAW OFFICES OF JOHN H. MOLLOY**

John H. Molloy          BBO #600778
Sean F. Donahue         BBO #558058
379 Salem Street
Medford, Massachusetts 02155
(781) 395-3569

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                    SUPERIOR COURT DEPARTMENT
                               OF THE TRIAL COURT
                               CIVIL ACTION NO.:   05-3488A

_____
                                      )
JANICE CAMILLO,                       )
                                      )
  Plaintiff,                          )
                                      )
-v-                                   )
                                      )
ALL PRO MOVING & STORAGE, INC.,       )
                                      )
  Defendant.              .           )
_____)

## PLAINTIFF'S MOTION FOR ORDER COMPELLING DEFENDANT TO DELIVER FURNISHINGS TO ATLANTA OR, ALTERNATIVELY, TO PERMIT PLAINTIFF TO ARRANGE ALTERNATIVE TRANSPORT

Plaintiff, Janice Camillo ("Mrs. Camillo"), by her attorney, respectfully requests that this Honorable Court Order defendant All Pro Moving & Storage, Inc. ("All Pro") to deliver plaintiff's furnishings to her residence in Atlanta as set forth in the contract between the parties; or, alternatively to permit plaintiff to arrange alternative transport.

In support of the foregoing, Mrs. Camillo states:

1.    Defendant All Pro was hired by Mrs. Camillo to transport her home furnishings to her new residence in Atlanta, Georgia. *See Verified Complaint at* ¶¶ 5-10.

2.    A dispute arose concerning the price of the moving job depending on the weight of the items. As is more particularly set forth in plaintiff's *Verified Complaint,* All Pro only delivered one truckload of items to the Atlanta property, informing Mrs. Camillo that the other truckload had been placed in storage in order that the truck could be

returned to Boston. *See Verified Complaint* ¶ 14.

3.    All Pro refused to unload the truckload of furnishings at the Atlanta property and has refused to reveal the location of the furnishings, threatening to auction the items. *See Verified Complaint* ¶¶ 15-17.

WHEREFORE, plaintiff Janice Camillo respectfully requests that this Honorable Court Order defendant All Pro Moving & Storage, Inc. ("All Pro") to deliver the furnishings to Atlanta or, alternatively, to permit plaintiff to arrange alternate transport.

JANICE CAMILLO, Plaintiff,
By her Attorneys,

**LAW OFFICES OF JOHN H. MOLLOY**

John H. Molloy          BBO #600778
Sean F. Donahue       BBO #558058
379 Salem Street
Medford, Massachusetts 02155
(781) 395-3569

-2-

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO.:  05 - 3488 A

_paid 96.º⁵_
_8/12/05_

JANICE CAMILLO,

Plaintiff,

-v-

ALL PRO MOVING & STORAGE, INC.,

Defendant.

SUFFOLK, SS.          SUPERIOR COURT DE
(date) _August 12, 2005_
At _3:30_ A.M.-P.M. - THE COURT HAVIN
FOUND THAT NO NECESSITY EXISTS FOR THE
GIVING OF SECURITY PURSUANT TO RULE 65 (c
OF THE MASS. R. CIV. P., IT IS ORDERED THAT
UPON PAYMENT TO THE CLERK/MAGISTRATE IN
THE SUM OF _90ºº_ NOTICE TO SHOW CAUSE
TO ISSUE
( C) WITH TEMPORARY RESTRAINING ORDER
(  ) UNDER PRAYER (S) _in Order_
RETURNABLE IN THE _A_ SESSION
ROOM _304_ AT _2:00_ A.M.-P.M. ON
_Monday, August 22, 2005_
BY THE COURT, ( _Kottmyer_ , J.)
ATTEST:
        _Clair G Walsh_
        Assistant Clerk

**ORDER**

After hearing, it is hereby *ORDERED* that:

(1)    A temporary restraining order is hereby issued prohibiting
defendant All Pro Moving & Storage, Inc. from selling, conveying,
transferring or in any way disposing of or causing damage to plaintiff
Janice Camillo's furnishings, personal property, jewelry, musical equipment
and all personal items removed by All Pro, its agents, servants and
employees from plaintiff's residence at 31 Wellington Hill Street-#3,
Boston, Suffolk County, Massachusetts on or about July 13, 2005.

*The Court further orders that the defendant corporate*

(2) ∧ ~~Defendant's principal corporate officer, Elijah Bowles, III,~~     *LDMK*
~~is Ordered to~~ appear at hearing of the following application/motions on
_____ :

Plaintiff's Application for Preliminary Injunction;

Plaintiff's Motion for Order Compelling Defendant to Reveal Location of
Furnishings and Allow Inspection; and

Plaintiff's Motion Ordering Defendant to Deliver Furnishings to Atlanta or,
Alternatively, to Permit Plaintiff to Arrange Alternative Transport to
Atlanta.

_M Kotm_
Justice, Suffolk Superior Court

Dated: _Aug 12, 2005_

# Commonwealth of Massachusetts

A true copy, ATTEST

Marilyn E. Jones
Notary Public: 01/19/2012

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No._____ 05-3488 A

JANICE CAMILLO
_____ , Plaintiff(s)

v.

ALL PRO MOVING & STORAGE, INC.
_____ , Defendant(s)

## SUMMONS

To the above-named Defendant:

All Pro Moving & Storage, Inc.
47 Rockland Road
Auburn, MA 01501

You are hereby summoned and required to serve upon____ SEAN F. DONAHUE, ESQUIRE
LAW OFFICES OF JOHN H. MOLLOY

plaintiff's attorney, whose address is 379 Salem Street, Medford, MA 02155 , an answer to
the complaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You are also required to file your answer to the complaint in the office
of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable
time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject
matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse , Esquire, at Boston, the 12th _____ day of
AUGUST _____ , in the year of our Lord two thousand and five .

*Michael Joseph Donovan*

Clerk/Magistrate

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant,
   each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT   (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a
defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the
original in the Clerk's Office.

# Commonwealth of Massachusetts

**SUFFOLK, ss.**

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION
No. _____ 05-3488   A

(AFFIX FILING STAMP HERE)

JANICE CAMILLO _____ , Plaintiff(s)

v.

ALL PRO MOVING & STORAGE INC _____ , Defendant(s)

A TRUE COPY, ATTEST

Marilyn E. Jones
Notary Public
Commission Expiration: 01/19/2012

## SUMMONS AND RESTRAINING ORDER

To the above-named Defendant:     **ALL PRO MOVING & STORAGE,INC**

You are hereby summoned and required to serve upon _____ John H Molloy _____ ,
plaintiff's attorney, whose address B79 Salem St Medford Mass 02155 _____, an answer to
the complaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief
demanded in the complaint. You also are required to file your answer to the complaint in the office of the Clerk
of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim that you
may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the
plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WE ALSO NOTIFY YOU that application has been made in said action, as appears in the
complaint, for a preliminary injunction and that a hearing upon such application will be held at the
court house at said Boston in courtroom ___304___ of said court on ___**Monday**___ the
twenty-second day of ___**August**___ A.D. 200 5 , at ___**two**___ o'clock A.M., at which
you may appear and show cause why such application should not be granted.

FORM CIV.P.3 5M 12/04

In the meantime, until such hearing, WE COMMAND YOU, said _____ **defendant** _____ and your agents, attorneys and counsellors, and each and every one of them, to desist and refrain from

_____

_____

_____

**see attached order**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Witness, Barbara J. Rouse, Esquire, at Boston, the \_\_\_ **twelfth** _____day of _____ **August** _____,in the year of our Lord two thousand _____ **five** _____.

Assistant    *Clerk.*

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                    SUPERIOR COURT DEPARTMENT
                               OF THE TRIAL COURT
                               CIVIL ACTION
                               No. __05-3488A_____

_____JANICE CAMILLO_____ , Plff(s).


                          v.


_____ALL PRO MOVING & STORAGE,_____ , Deft(s).
        INC.

SUMMONS
(Mass. R. Civ. P. 4)
AND
ORDER OF NOTICE
WITH
TEMPORARY RESTRAINING ORDER

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Janice Camillo

**DEFENDANTS**
All Pro Moving & Storage, Inc.

**(b)** County of Residence of First Listed Plaintiff   25025
(EXCEPT IN U.S. PLAINTIFF CASES)

John H. Malloy (BBO# 60078)

Sean F. Donahue (BBO# 558058)

County of Residence of First Listed Defendant   25027
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Wesley S. Chused

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
379 Salem Street
Medford, MA 02155        (781) 395-3569

Attorneys (If Known)
Looney & Grossman, LLP
101 Arch Street, 9th Floor
Boston, MA 02110        (617) 951-2800

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES(Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                    and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☒ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original
Proceeding

☒ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
49 U.S.C. 13702, 13706, 13707
Brief description of cause:
Dispute over interstate freight charges due

## VII. REQUESTED IN
COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $
N/A injunctive relief

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S)
IF ANY
(See instructions):     JUDGE                                    DOCKET NUMBER

DATE
8/18/05

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

05 117 ᴢ1 MLW

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. **TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)** Janice Camillo v.
   All Pro Moving & Storage, Inc.

2. **CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).**

   ___ I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___ II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        for patent, trademark or copyright cases

   X   III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

   ___ IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

   ___ V.    150, 152, 153.

3. **TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.**

   N/A

4. **HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?**

                                                     YES        ( NO )

5. **DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST?    (SEE 28 USC §2403)**

                                                     YES        ( NO )

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

                                                     YES         NO

6. **IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?**

                                                     YES        ( NO )

7. **DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).**

                                                     ( YES )      NO

   A.   **IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?**

        ( EASTERN DIVISION )          CENTRAL DIVISION          WESTERN DIVISION

   B.   **IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?**

        EASTERN DIVISION              CENTRAL DIVISION          WESTERN DIVISION

**(PLEASE TYPE OR PRINT)**
**ATTORNEY'S NAME** Wesley S. Chused

**ADDRESS** Looney & Grossman, LLP 101 Arch Street, 9th Floor, Boston, MA 02110

**TELEPHONE NO.** 617-951-2800

(Cover sheet local.wpd - 11/27/00)