# Looney & Grossman LLP

### Attorneys at Law

Wesley S. Chused
Voicemail: Ext. 551
Email: wchused@lgllp.com

101 Arch Street
Boston, Massachusetts 02110-1112
Telephone (617) 951-2800
Telecopier (617) 951-2819
www.lgllp.com

August 22, 2005

Sarah Allison Thornton, Clerk
United States District Court
One Courthouse Way
Boston, MA 02210

      Re:    Janice Camillo v. All Pro Moving & Storage, Inc.
             Civil Action No. 05-11721-MLW

Dear Ms. Thornton:

Pursuant to Local Rule 81.1(a) enclosed for filing are certified copies of the state court docket sheet and pleadings in the above civil action. Thank you.

Very truly yours,

Wesley S. Chused

WSC/dml
Enclosures
cc:    John H. Malloy, Esq.
       All Pro Van Lines, Inc. (w/o copies)

L:\12771\014\Ltr\004

MASX.'-20050325
guen

**Commonwealth of Massachusetts**
**SUFFOLK SUPERIOR COURT**
**Case Summary**
**Civil Docket**

08/19/2005
03:07 PM

## SUCV2005-03488
## Camillo v All Pro Moving & Storage Inc

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 08/12/2005 | **Status** | Disposed: transfered to other court (dtrans) | | |
| **Status Date** | 08/19/2005 | **Session** | A - Civil A, 3 Pemberton Square, Boston | | |
| **Origin** | 1 | **Case Type** | A01 - Services, labor, materials | | |
| **Lead Case** | | **Track** | F | | |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 11/10/2005 | **Answer** | 01/09/2006 | **Rule12/19/20** | 01/09/2006 |
| **Rule 15** | 01/09/2006 | **Discovery** | 06/08/2006 | **Rule 56** | 07/08/2006 |
| **Final PTC** | 08/07/2006 | **Disposition** | 10/06/2006 | **Jury Trial** | No |

### PARTIES

**Plaintiff**
Janice Camillo
Active 08/12/2005

**Private Counsel 600778**
John H Molloy
379 Salem Street
Medford, MA 02155
Phone: 781-395-3569
Fax: 781-284-5301
Active 08/12/2005 Notify

**Private Counsel 558058**
Sean F Donahue
379 Salem Street
Medford, MA 02155
Phone: 781-395-3569
Fax: 781-395-4165
Active 08/12/2005 Notify

**Defendant**
All Pro Moving & Storage Inc
Service pending 08/12/2005

**Private Counsel 083520**
Wesley S Chused
Looney & Grossman
101 Arch Street
Boston, MA 02110
Phone: 617-951-2800
Fax: 617-951-2819
Active 08/19/2005 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 08/12/2005 | 1.0 | Complaint |
| 08/12/2005 | | Origin 1, Type A01, Track F. |
| 08/12/2005 | 2.0 | Civil action cover sheet filed |
| 08/12/2005 | 3.0 | Motion of plff for Order compelling deft to reveal location of furnishings & allow inspection (w/o opposition) |
| 08/12/2005 | 4.0 | Motion of plff for Order compelling deft to deliver furnishings to Atlanta or, alternatively, to permit plff to arrange alternative transport (w/o opposition) |
| 08/12/2005 | 5.0 | Motion of plff for short order of notice (w/o opposition) |

MAGX. 2005U3∠5
guen

**Commonwealth of Massachusetts**
**SUFFOLK SUPERIOR COURT**
**Case Summary**
**Civil Docket**

08/19/2005
03:07 PM

## SUCV2005-03488
### Camillo v All Pro Moving & Storage Inc

| Date | Paper | Text |
|------|-------|------|
| 08/12/2005 | 6.0 | Ex parte motion of plff for TRO pursuant to MRCP Rule 65(a) -After hearing on the record, I find that plff has established a reasonable likelihood of success on the merits, that she will be irreparably harmed if the injunction is not granted and that ex parte relief is required to protect her property - Accordingly the motion is Allowed (Kottmyer,J) |
| 08/12/2005 | 7.0 | Plaintiff Janice Camillo's MOTION for appointment of special process server William/Donna Callandrillo, allowed (Kottmeyer,J) |
| 08/12/2005 | 8.0 | ORDER: Upon payment of $90.00 and $20.00 security fee,to clerk, notice to show cause to issue ret'ble Mon Aug 22, 2005 in Ctrm #304 @2pm with TRO to issue as ordered (Kottmeyer,J) |
| 08/19/2005 | | Certified copy of petition for removal to U. S. Dist. Court of Deft. All Pro Moving & Storage, Inc., U. S. Dist.#(05-11721MLW). |
| 08/19/2005 | | Case REMOVED this date to US District Court of Massachusetts |

| | EVENTS | | |

| Date | Session | Event | Result |
|------|---------|-------|--------|
| 08/22/2005 | Civil A, 3 Pemberton Square, | Motion/Hearing: prel inj | |

**I HEREBY ATTEST AND CERTIFY ON**
AUGUST 22, 2005, **THAT THE**

**FOREGOING DOOUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.**

**MICHAEL JOSEPH DONOVAN**
**CLERK / MAGISTRATE**
**SUFFOLK SUPERIOR CIVIL COURT**
**DEPARTMENT OF THE TRIAL COURT**

ASSISTANT CLERK.

Suffolk Superior Civil # 05-3488A

I hereby certify on this day, that the foregoing document is true and correct copy of the

☐ electronic docket in the captioned case
☐ electronically filed original filed on
☑ original filed in my office on

Sarah A. Thornton
Clerk, U.S. District Court
District of Massachusetts

By _____
Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JANICE CAMILLO, | ) |
| *Plaintiff,* | ) |
| v. | ) |
| ALL PRO MOVING & STORAGE, INC., | ) |
| *Defendant.* | ) |

**05  1721MLW**

CIVIL ACTION
NO.

**NOTICE OF REMOVAL**

**TO:**   The Honorable Judges of the United States District Court for the District of Massachusetts:

1.    The Petitioner, All Pro Moving & Storage, Inc. ("All Pro"), respectfully shows, upon information and belief, that it is the defendant in the above-entitled civil action brought by the plaintiff, Janice Camillo, which is now pending in the Suffolk Superior Court Department, Suffolk County Massachusetts, Civil Action No. 05-3488A.

2.    On or about August 12, 2005, this Civil Action was commenced in the aforesaid Suffolk Superior Court Department, and on August 13, 2005 Petitioner was served with the Verified Complaint for Preliminary Injunction (**Exhibit 1** hereto), Plaintiff's Motion for Short Order of Notice (**Exhibit 2** hereto), Plaintiff's *Ex Parte* Motion for Temporary Restraining Order Pursuant to Mass. R. Civ, P. Rule 65 (a) (**Exhibit 3** hereto), Plaintiff's Motion for Order Compelling Defendant to Reveal Location of Furnishings and Allow Inspection (**Exhibit 4** hereto), Plaintiff's Motion for Order Compelling Defendant to Deliver Furnishings to Atlanta or,

Alternatively, to Permit Plaintiff to Arrange Alternative Transport (**Exhibit 5** hereto), Order

(temporary restraining order) dated August 12, 2005 and returnable August 22, 2005 (**Exhibit 6**

hereto), Summons (**Exhibit 7** hereto), and Summons and Restraining Order dated August 12,

2005 and returnable August 22, 2005 (**Exhibit 8** hereto).

3.      Upon information and belief, no further proceedings have been had in the Civil

Action, and the time of Petitioner within which to file a notice of removal has not expired.

4.      **Jurisdiction**.  Based on the allegations contained in the Complaint, this is a civil

suit which may be removed to this Court by the Petitioner pursuant to 28 U.S.C. §§1331, 1337(a)

and 1441, in that the Plaintiff alleges dispute over the amount of freight charges due Petitioner,

All Pro, for transporting Plaintiff's shipment of household goods from Mattapan, Massachusetts

to Savannah, Georgia as Petitioner is holding Plaintiff's household goods in storage pursuant to

its carrier's lien on the shipment for charges due. *See*, Complaint, ¶¶ 4 through 12. Federal

question jurisdiction lies in that the interstate freight charges due Petitioner, an interstate motor

carrier of household goods, from Plaintiff are subject to the ICC Termination Act of 1995, 49

U.S.C §§ 13702, 13706 and 13707, and an interstate household goods bill of lading issued by

Petitioner pursuant to 49 U.S.C § 13501, *et seq.*  Actions involving freight charges due an

interstate carrier based on a tariff present a federal question and support federal question

jurisdiction regardless of the amount in controversy. *Thurston Motor Lines, Inc. v. Jordan K.*

*Rand, Ltd.,* 460 U.S. 533, 535, 103 S. Ct. 1343, 75 L. Ed. 2d 260 (1983).

The action is therefore removable pursuant to 28 U.S.C. §§ 1331, 1337(a) and 1441.

        Pursuant to 28 U.S.C. §1441(a), this action is one that may be removed by Petitioner to this

Court.

5.    **Venue**. Petitioner desires to remove this action to the district court of the United States for the district in which it is now pending, to wit, the District of Massachusetts. 28 U.S.C. §1446(a).

6.    After the filing of this Notice of Removal of this action with the United States District Court for the District of Massachusetts, (a) written notice of the filing of this notice will be given by the attorneys for the Petitioner to the Plaintiff and all other parties as provided by law, (b) a certified copy of this notice will be filed with the Clerk of the Suffolk Superior Court Department, Boston, Massachusetts, and (c) certified copies of all pleadings on file in said Suffolk Superior Court Department will be filed with this Court.

7.    Petitioner has a good and sufficient defense to the Plaintiff's claims in this action.

8.    No previous application for the relief sought herein has been made to this or any other court.

**WHEREFORE**, Petitioner All Pro Moving & Storage, Inc. prays that this action be removed from the Suffolk Superior Court Department, Boston, Massachusetts, to the United States District Court for the District of Massachusetts.

ALL PRO MOVING & STORAGE, INC.
By its attorney,

August 18, 2005

Wesley S. Chused (BBO #083520)
LOONEY & GROSSMAN LLP
101 Arch Street
Boston, MA 02110
(617) 951-2800

L:\12771\014\Pld\01                                    3

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2005 I served a copy of the foregoing pleading upon all parties hereto by hand, electronically, facsimile or by mailing copies thereof via first-class mail, postage prepaid, properly addressed to:

> John H. Molloy, Esq.
> Sean F. Donahue, Esq.
> 379 Salem Street
> Medford, Massachusetts 02155

Wesley S. Chused

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                    SUPERIOR COURT DEPARTMENT
                               OF THE TRIAL COURT
                               CIVIL ACTION NO.: 05-11721 MLW

|  |  |
|---|---|
| JANICE CAMILLO, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) |
| | ) |
| ALL PRO MOVING & STORAGE, INC., | ) |
| | ) |
| *Defendant.* | ) |

MICHAEL JOSEPH DONOVAN
CLERK/MAGISTRATE
2005 AUG 19 P 12: 16
SUFFOLK SUPERIOR COURT
CIVIL CLERK'S OFFICE

## NOTICE OF FILING NOTICE OF REMOVAL
## PURSUANT TO 28 U.S.C. §1446(d)

**TO:**   (1)    Civil Clerk, Suffolk Superior Court Department, Three Pemberton Square, 12th Floor, Boston, MA 02108; and

       (2)    John H. Malloy, Esq. and Sean F. Donahue, Esq., 379 Salem Street, Medford, MA 02155.

**Please take notice** that a Notice of Removal removing the within action, Civil Action No. 2005-3488A, from the Suffolk Superior Court Department, Suffolk County, Massachusetts to the United States District Court for the District of Massachusetts, a certified copy of which is attached hereto, was duly filed in the office of the Clerk of the United States District Court for the District of Massachusetts, Boston, Massachusetts on August 18, 2005 and assigned Civil Action No. 05-11721 MLW.

ALL PRO MOVING & STORAGE, INC.
By its attorney,

August 19, 2005

Wesley S. Chused (BBO #083520)
LOONEY & GROSSMAN LLP
101 Arch Street
Boston, MA  02110
(617) 951-2800

## CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2005 I served a copy of the foregoing pleading upon all parties hereto by hand, electronically, facsimile or by mailing copies thereof via first-class mail, postage prepaid, properly addressed to:

John H. Molloy, Esq.
Sean F. Donahue, Esq.
379 Salem Street
Medford, Massachusetts 02155

Wesley S. Chused

L:\12771\014\Pld\01

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                    SUPERIOR COURT DEPARTMENT
                               OF THE TRIAL COURT
                               CIVIL ACTION NO.:

| | |
|---|---|
| JANICE CAMILLO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -v- | ) |
| | ) |
| ALL PRO MOVING & STORAGE, INC., | ) |
| | ) |
| Defendant. | ) |

05-3488 A

## VERIFIED COMPLAINT FOR PRELIMINARY INJUNCTION

### *Introduction*

Plaintiff Janice Camillo (hereinafter "Mrs. Camillo") seeks, *inter alia*, a preliminary injunction enjoining defendant *All Pro Moving & Storage, Inc.* (hereinafter "All Pro") from selling, conveying, transferring or in any way disposing of or causing damage to Mrs. Camillo's items of personal property, furniture, jewelry, clothing, musical equipment, electronics, and other personal and family items which defendant contracted to move from 31 Wellington Hill Street-#3 in Boston, Suffolk County ("the Boston property"), Massachusetts to Atlanta, Georgia ("the Atlanta property").

***Parties***

1.    At all times material to this Complaint, plaintiff Janice Camillo (hereinafter "Mrs. Camillo") was a resident of Boston, Suffolk County, Massachusetts.

2.    Defendant All Pro Moving & Storage, Inc. ("All Pro") is a Massachusetts corporation duly-organized with a principal place of business at 47 Rockland Road, Auburn, Worcester County, Massachusetts 01501.

3.    At all times material hereto, All Pro is in the business of moving and storage of home furnishings and related items.    *See* All Pro's *Verizon* advertisement attached hereto and incorporated herein as ***Exhibit 1***.

***Statement of Facts***

4.    On or about June 30, 2005, a member of the Camillo family telephoned All Pro to inquire about the cost of the move to from Boston to Atlanta and to schedule a time for an estimator to view the belongings on July 5, 2005.

5.    On or about July 5,  2005, All Pro estimator Mark Kariban came to the Boston property.  The Boston property contained seven rooms and a full basement of furniture, clothing, jewelry, musical equipment, varied personal belongings as well as irreplaceable photographs and treasured items and mementoes belonging to the Camillo family.  Mr. Kariban  provided an estimate to ship the furnishings to the Atlanta property at 14,300 pounds for $7,249.11. A copy of the estimate is attached hereto and incorporated herein as ***Exhibit 2***.

6.    On or about July 8, 2005, an All Pro moving crew headed by All Pro owner, Elijia Bowles, III, arrived at the Boston property and began loading Mrs. Camillo's property onto a moving truck.  Mrs. Camillo was informed by Mr. Bowles that the

estimate for 14,300 pounds, which she had previously received from Mark, was incorrect, and that an additional fee of $2,500 or more would be required. All Pro alleged that the weight was 18,000 pounds. Consequently, a dispute arose concerning the costs of All Pro's services. All Pro personnel unloaded the truck, returned Mrs. Camillo's possessions to the Boston property and abruptly left the scene. Mrs. Camillo reported the dispute to the Massachusetts Attorney General's Office, which intervened on her behalf.

7.      On or about July 9, 2005, All Pro owner, Elijah Bowles, III, contacted Mrs. Camillo and apologized for the situation and assured Mrs. Camillo that All Pro would complete the move for a flat rate of $7,200.00, which had been given to her initially by estimator Mark Kariban. Mrs. Camillo requested that All Pro set forth the agreement in written form and Mrs. Camillo apprised the Attorney General's Office that All Pro had agreed to honor the binding estimate price for the job, as referenced in ¶ 5, above.

8.      On or about July 12, 2005, All Pro's crew returned to the Boston property, once again. Mrs. Camillo requested confirmation of the flat rate of $7,200.00. Instead, documents were provided that showed the sum of $9,785.01 for the moving job. By telephone, All Pro owner, Elijah Bowles, III, instructed his work crew to cross out the higher amount and replace it with the $7,200.00 flat rate price, which was performed in Mrs. Camillo's presence.    A copy of the document showing the crossed out fee is attached hereto as *Exhibit 3*.

9.      On or about July 12,  2005, the All Pro work crew completed packing two trucks on a single day between 11:00 a.m. and 10:30 p.m. The work crew informed Mrs. Camillo that they would return that following day. A full inventory was requested. All Pro refused to provide documents, stating that they were in the possession of the drivers who

-3-

would give Mrs. Camillo a copy the following day when they were to return to pick-up the remaining items. The partial inventory is attached hereto as *Exhibit 4.*

10.    Not until 5:30 p.m. on July 13, 2005 did the All Pro work crew return to the Boston residence. Mrs. Camillo was informed by the work crew that all paper work from that previous day had been lost and that Mrs. Camillo would have to sign replacement documents before anything would be moved or transported. At that time, All Pro demanded an additional $2,500.00 to move the items. All Pro accused Mrs. Camillo of adding more furnishings to the job than had originally been designated. All Pro owner, Elijah Bowles, III, apprised plaintiff that the shipping weight was now 20,000 pounds and that the total price was increased to $9,700.00.

11.    Mrs. Camillo was provided with an inventory which did not list all items in All Pro's possession. Mrs. Camillo was apprised by All Pro owner, Elijah Bowles, III, that all documentation would be provided once the trucks reached Atlanta, Georgia.

12.    On or about July 14, 2005, Mrs. Camillo was informed by All Pro that the new price would be $9,400.00, including additional insurance (at a cost of $290.00), plus all taxes. Mrs. Camillo did not agree to the price and did not sign any documents to that effect.

13.    On or about July 20, 2005, Mrs. Camillo arrived in Atlanta, Georgia. Several dates were scheduled for delivery and then cancelled.

14.    On or about July 25, 2005, Mrs. Camillo met with two members of All Pro personnel at a weigh station in Georgia. At that time, the two All Pro workers apprised plaintiff that one truck load of her belongings had been put into storage because that truck had to be returned to Boston. They intended to unload the remaining truck and obtain the

-4-

other furnishings from storage using the same truck and deliver the property to the new home in Georgia. At no time did Mrs. Camillo provide her consent to this arrangement.

15.    On or about July 25, 2005, the remaining truck load of items was weighed. Upon arriving at the Atlanta property, Mrs. Camillo was apprised by All Pro that they would not unload the items until they were paid in advance the full amount of $9,700.00 and further that no paperwork would be provided. After being denied proof of storage of the other truck load of furnishings, Mrs. Camillo refused to pay based on the fact that the second truck load of furnishings was not at the Atlanta property; All Pro would not reveal the location of the furnishings; proper paperwork had not been provided; and an exorbitant amount was being demanded, rather than the $7,200 binding cost agreed upon by the parties.

16.    On July 25, 2005, Mrs. Camillo was informed by All Pro owner, Elijia Bowles, III, that his workers would not unload the truck until they were paid in advance the full amount of $9,700.00; once paid, they would retrieve the other items from storage, weigh them and deliver them to the Atlanta property.

17.    On July 25, 2005, All Pro stated that the furnishings would not be delivered to the Atlanta property and further that the items would be auctioned. Alternatively, All Pro demanded payment of $9,700 in exchange for keys to a storage bin. All Pro requested a meeting with Mrs. Camillo *at the side of the road* in order to make the exchange of money for the keys. Based upon defendant's erratic, unorthodox and unethical business transactions, Mrs. Camillo refused to pay the defendant.

18.    Due to defendant's actions and inactions as aforesaid, Mrs. Camillo has been forced to live in her new home in Atlanta without her furnishings and personal belongings; the personal belongings valued at approximately $100,000 have been unlawfully confiscated by defendant. Mrs. Camillo has incurred substantial cost in attorney's fees and related costs in attempting to resolve this matter.

19.    Plaintiff has been damaged thereby.

20.    Pursuant to Mass.R.Civ.P. Rule 65(a), Mrs. Camillo states that immediate and irreparable injury, loss or damage will result to Mrs. Camillo as defendant All Pro has threatened imminently to auction her furnishings and personal belongings; additionally, Mrs. Camillo has suffered as she has lost the use of her furnishings and personal belongings.

WHEREFORE, plaintiff Janice Camillo respectfully requests that this Honorable Court issue a preliminary injunction enjoining defendant All Pro Moving & Storage, Inc. from selling, conveying, transferring or in any way disposing of or causing damage to Mrs. Camillo's items of personal property, furniture, jewelry, clothing, musical equipment, electronics, and other personal and family items which defendant contracted to move from 31 Wellington Hill Street-#3 in Boston, Suffolk County ("the Boston property"), Massachusetts to Atlanta, Georgia ("the Atlanta property"). Plaintiff furthers requests that this Court Order defendant to:

(i)    reveal the location of the furnishings and allow inspection by Mrs. Camillo and/or her representatives to ensure their good condition;

(ii)    deliver the furnishings to Atlanta or, alternatively, permit Mrs. Camillo to arrange alternative transport to Atlanta;

-6-

(iii)    determine the *quantum meruit* value, if any, of services performed by defendant;

(iv)    award Mrs. Camillo damages in the form of attorney's fees and costs for the filing and prosecution of the within action; and

(v)    for such other and further relief as this Court deems just and appropriate.

JANICE CAMILLO, Plaintiff,
By her Attorneys,

## LAW OFFICES OF JOHN H. MOLLOY

John H. Molloy          BBO #600778
Sean F. Donahue        BBO #558058
379 Salem Street
Medford, Massachusetts 02155
(781) 395-3569

I HEREBY ATTEST AND CERTIFY ON

AUGUST 22, 2005 THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY

ASSISTANT CLERK.

-7-

## *VERIFICATION*

I, Janice Camillo, being duly sworn, depose and su  that I have read the foregoing *Verified Complaint* and that the facts contained therein are  ue to my personal knowledge and belief and based upon my review of the documents rela  d hereto, except as to matters alleged on information and belief, as to which I believe that  to be true.

Signed under the penalties of perjury this ____11th____ day  of August 2005.

Mp. Janio: Camillo
Janice Camillo

**906 MOVERS**

*veri*on

**Brookline • Medford • Bedford • Arlington • Salem**

# • Burlington • Cambridge • Dedham

## LOCAL & LONG DISTANCE MOVING

### SERVING ALL OF BOSTON & SUBURBAN AREAS



# ALL PRO
★ ★ ★ ★ ★
## VAN LINES
### "PROFESSIONALS MOVING PROFESSIONALS"

**Visit Our Website at All-ProVanLines.com**

- Furniture Quilt - Pad Wrapped Before Removal from Home AT NO EXTRA CHARGE
- Furniture Uncovered, Placed and Set Up in New Home
- We Do Not Require All Drawers To Be Emptied
- Courteous and Quality Trained Personnel
- New Padded Float-Pak Vans
- Automated Lifts
- VANS FUMIGATED DAILY

- Complete Packing & Unpacking Service
- Boston Direct Service
- Saturday & Short Notice Moves
- Weekly Trips To Maine & All States Between
- Residential & Office Moving
- Free Friendly Estimates-Competitive Prices
- Licensed Piano Movers
- Safe & Secure Storage
- Auto Transporter
- Always Written Guaranteed Prices For East Coast Moves

# 617 267-5333
# 781-321-7888

*Visit Our Website at All-ProVanLines.com*

# • Boston • Quincy • Worcester • Lynn

*E2*

# ESTIMATED COST OF SERVICES

MC 323997

**ALL PRO MOVING & STORAGE**
AGENT FOR ALL PRO VAN LINES
100 LAMARTINE STREET
WORCESTER, MA 01608
(508) 890-1100

*MARK 978 996-8565*

Name of shipper _____ *Janice Camillo* _____   DATE *7/5/05*

Address of shipper _____ *31 Wellington Hill St* _____   Phone No. _____

Shipment moving from _____ *Mattapan (Boston) MA to 2 my's* _____   Zip code _____   *GA*

Shipper's destination contact _____   Phone No. _____

Packing Date Requested _____   Loading Date Requested *7/7/05*   Delivery Date or period of time requested _____

**IMPORTANT NOTICE:** This estimate covers only the articles and services listed. It is not a guarantee that the actual charges will not exceed the amount of the estimate. Common carriers are required by law to collect transportation and other incidental charges computed on the basis of rates shown in their lawfully published tariffs, regardless of prior rate quotations or estimates made by the carrier or its agents. Exact charges for loading, transporting, and unloading are based upon the weight of the goods transported, and such charges may not be determined prior to the time the goods are loaded on the van and weighed. Charges for additional services will be added to the transportation charges.

| RULE | SEC. | ITEM | SERVICES | | CHARGES |
|---|---|---|---|---|---|
| | | | Transportation FROM ZIP _____ TO ZIP _____ | | 6284.25 |
| | | | Origin/Destination Fee | | 328.90 |
| | | | Fuel Surcharge (when applicable) | | 314.21 |
| | | | Insurance Surcharge (when applicable) | | |
| | | | Valuation | | |
| | | | Containers, Packing & Unpacking | | |
| | | | Storage-in-Transit at ZIP Location _____ Date In _____ Date Out _____ | | |
| | | | SIT Pickup and Delivery | | |
| | | | Extra Pickups or Deliveries No. _____ at ZIP(s) _____ | | |
| | | | Extra Labor, Special Services or Waiting Time *Stairs* | | 321.75 |
| | | | Bulky Articles | | |
| | | | Additional Weight Additives | | |
| | | | Advanced Charges | | |
| | | | Shuttle Service | | |
| | | | Self-Storage/Mini-Warehouse Pickups or Deliveries | | |
| | | | Overtime Pickups or Deliveries | | |
| | | | Other Additional Services | | |

**TOTAL ESTIMATED COST $ *7249.11***

If the total tariff charges for the listed articles and services exceed this estimate by more than ten percent, then, upon your request, the carrier must relinquish possession of your shipment upon delivery in advance of the payment of the total amount of tariff charges shown on the bill of lading or freight bill. You are still obligated to pay the balance of the total charges within 15 days.

Maximum amount to be paid on delivery of your C.O.D. shipment in cash, certified check or money order is (total estimated cost plus 10 percent):

$ *7249.11*

**FULL AND CUSTOM CONTAINER SERVICE**

| **FULL SERVICE** | **CONTAINERS & PACKING** | $ | **UNPACKING** | $ |
|---|---|---|---|---|

| CUSTOM SERVICE | CONTAINERS & PACKING | | UNPACKING | |
|---|---|---|---|---|
| CARTON DESCRIPTION | QUANTITY | | QUANTITY | |
| DISH PACKS | | | *1552* | |
| CARTONS Less Than 3 cft. | | | | |
| CARTONS 3 cft. | | | *626 Maytag* | |
| CARTONS 4.5 | | | | |
| CARTONS 6 | | | *(6* | |
| CARTONS 6.5 | | | | |
| WARDROBE CTN. | | | | |
| CRIB MATTRESS CTN. | | | *700.00* | |
| MATTRESS CTN. TWIN/TWIN LONG | | | | |
| MATTRESS CTN. DOUBLE (NOT EXCEEDING 54" X 76") | | | | |
| MATTRESS CTN. KING/QU. (EXCEEDING 54" X 76") | | | | |
| HEAVY DUTY | | | *Box Stop — Lee* | |
| OTHER | | | *617-661-1881* | *20.00* |
| OTHER | | | | |
| **TOTAL CONTAINERS & PACKING** | | **$** | **TOTAL UNPACKING** | **$** |

Remarks: _____

E 3

# ALL PRO VAN LINES
★ ★ ★
"PROFESSIONALS MOVING PROFESSIONALS"

*REC. DAY — of MOVE 7-12-05 Guys Didn't MOVING Every Thing, Have To come BACK TOMORROW TO GET THE Rest of my items*

Date: 6/30/05

100 Lamartine Street • Worcester, MA 01608
508-890-1100 • 978-630-4800 • 1-866-2-ALL-PRO

**PICK UP INFORMATION**   **DESTINATION INFORMATION**   E-3

Shipper: Janice Camillo   Consignee: _____

Origin Address: 31 Wellington Hill St   Dest. Address: _____

City, State: Mattapan, MA.   City, State: Smyrna, GA.

Country: _____   Country: _____

Telephone: 617-417-0678 cell   Telephone: 617-304-8971 cell

Pick Up Dates: 7/8/05   Delivery Dates: _____

| | | |
|---|---|---|
| Telephone Estimates | Yes _____ | No _____ |
| Non Binding Estimate | Yes _____ | No _____ |
| Binding Estimate | Yes ✓ | No _____ |
| Visual Estimate Performed | Yes ✓ | No _____ |

| | | EST. CONTAINERS | Cont. | Packing |
|---|---|---|---|---|
| Mileage | 1051 | Dishes Barrels | | |
| Est. Weight | 18000 | 1.5 Cubic Ft. | | |
| Full Line Haul | 16917 | 3.0 Cubic Ft. | | |
| Percentage Cut | 50% | 4.5 Cubic Ft. | | |
| Charged Line Haul | 8458.50 | 6.0 Cubic Ft. | | |
| Bottom Line Haul | — | 6.5 Cubic Ft. | | |
| 6% Fuel | 507.51 | Waredrobes | | |
| Origin ATC 1.40 | 252.00 | Mirror Cartons | | |
| Dest. ATC 0.90 | 162 | Matress: | | |
| Piano Charge | | Single-Double | | |
| Grandfather Clock | | King-Queen | | |
| Extra Pick-Up | | Crib | | |
| # 1 Flights Origin | 405 | Special Crates | | |
| # ___ Flights Dest. | | | | |
| Elevator Origin | | | | |
| Elevator Dest. | | | | |
| Excessive Carry | | | | |
| Washer Servicing | | | | |
| Valuation Ins | | | | |
| Containers/Packing | | No Charge | | |
| TOTAL CHARGES | 9785.01  $1200 | | | |

**COMMENTS:** _____

X _____
Salesperson

Creative Graphics • 954-962-8868   All Pro Van Lines/Form • 03/02

PAGE 04   STAPLES 1210   7707328451   08/04/2005 17:00

HOUSEHOLD GOODS DESCRIPTIVE INVENTORY

**ALL PRO VAN LINES, INC.**

| | |
|---|---|
| AGENT | AP |
| PAGE NO. | NO. OF PAGES |
| CARRIER'S REFERENCE NO. | |

OWNER'S GRADE OR RATING AND NAME: Janice Camillo

ORIGIN LOADING ADDRESS: 31 Wellington Hill

CITY: Hatham STATE: MA

DESTINATION: Smyrna GA

ORDER OR GBL. NO.

GOVT. SERVICE ORDER NO.

VAN NUMBER

| ITEM NO. | CR. REF. | ARTICLES | CONDITION AT ORIGIN | | EXCEPTIONS (IF ANY) AT DESTINATION | ITEM NO. |
|---|---|---|---|---|---|---|
| 701 | | Box | P.B.O.W | | thru | 1 |
| 2 | | | | | | 2 |
| 3 | | | | | | 3 |
| 4 | | | | | | 4 |
| 5 | | | | | | 5 |
| 6 | | | | | | 6 |
| 7 | | | | | | 7 |
| 8 | | | | | | 8 |
| 9 | | | | | | 9 |
| 710 | | Box | P.B.O.W | | | 0 |
| 1 | | | | | | 1 |
| 2 | | | | | | 2 |
| 3 | | | | | | 3 |
| 4 | | | | | | 4 |
| 5 | | | | | | 5 |
| 6 | | | | | | 6 |
| 7 | | | | | | 7 |
| 8 | | | | | | 8 |
| 9 | | | | | | 9 |
| 0 | | Box | P.B.O.W | | | 0 |
| 1 | | | | | | 1 |
| 2 | | | | | | 2 |
| 3 | | | | | | 3 |
| 4 | | | | | | 4 |
| 5 | | | | | | 5 |
| 6 | | | | | | 6 |
| 7 | | | | | | 7 |
| 8 | | | | | | 8 |
| 9 | | | | | | 9 |
| 0 | | Box | P.B.O.W | | | 0 |
| 1 | | | | | | 1 |
| 2 | | | | | | 2 |
| 3 | | | | | | 3 |
| 4 | | | | | | 4 |
| 5 | | | | | | 5 |
| 6 | | | | | | 6 |
| 7 | | | | | | 7 |
| 8 | | | | | | 8 |
| 9 | | | | | | 9 |
| 0 | | Box | P.B.O.W | | | 0 |

ITEM NO. REMARKS/EXCEPTIONS

**WARNING** BEFORE SIGNING CHECK SHIPMENT, COUNT ITEMS AND DESCRIBE LOSS OR DAMAGE IN SPACE ON THE RIGHT ABOVE.

"WE HAVE CHECKED ALL THE ITEMS LISTED AND NUMBERED 1 TO _____ INCLUSIVE AND ACKNOWLEDGE THAT THIS IS A TRUE AND COMPLETE LIST OF THE GOODS TENDERED AND/OR THE STATE OF THE GOODS RECEIVED"

| | | |
|---|---|---|
| TAPE LOT NO. | | TAPE COLOR |
| NOS. FROM | | THRU |

AT ORIGIN — CONTRACTOR, CARRIER OR AUTHORIZED AGENT (DRIVER) (SIGNATURE) / DATE 7/13/05

OWNER OR AUTHORIZED AGENT (SIGNATURE) Janice Camillo 7/13/05

AT DESTINATION — CONTRACTOR, CARRIER OR AUTHORIZED AGENT (DRIVER) (SIGNATURE) / DATE

OWNER OR AUTHORIZED AGENT (SIGNATURE)

JBN PRINTING INC., 1290 MOTOR PARKWAY, HAUPPAUGE, NY 11749 (631) 582-8900

**ALL PRO VAN LINES, INC.**

| AGENT | CARRIER'S REFERENCE NO. |
| AP | |

OWNER'S GRADE OR RATING AND NAME  Janice Camillo

| | CONTRACT OR GBL NO. |

ORIGIN LOADING ADDRESS  31 Wellington Hill St   Mattapan   STATE  MA

| | GOVT. SERVICE ORDER NO. |

DESTINATION   Smyran  GA.

| | VAN NUMBER |

**DESCRIPTIVE SYMBOLS**          **EXCEPTION SYMBOLS**          **LOCATION SYMBOLS**

**NOTE: THE OMISSION OF THESE SYMBOLS INDICATES GOOD CONDITION EXCEPT FOR NORMAL WEAR.**

| ITEM NO. | CH. REF. | ARTICLES | CONDITION AT ORIGIN | | EXCEPTIONS (IF ANY) AT DESTINATION | ITEM NO. |
|---|---|---|---|---|---|---|
| 1 | | Box | 1-B-0 | | | 1 |
| 2 | | | | | | 2 |
| 3 | | | | | | 3 |
| 4 | | | | | | 4 |
| 5 | | | | | | 5 |
| 6 | | | | | | 6 |
| 7 | | | | | | 7 |
| 8 | | | | | | 8 |
| 9 | | | | | | 9 |
| 0 | | Box | 9-B-0 | | | 0 |
| 1 | | | | | | 1 |
| 2 | | | | | | 2 |
| 3 | | | | | | 3 |
| 4 | | | | | | 4 |
| 5 | | | | | | 5 |
| 6 | | | | | | 6 |
| 7 | | | | | | 7 |
| 8 | | | | | | 8 |
| 9 | | | | | | 9 |
| 0 | | Box | B-0 | | | 0 |
| 1 | | | | | | 1 |
| 2 | | | | | | 2 |
| 3 | | | | | | 3 |
| 4 | | | | | | 4 |
| 5 | | | | | | 5 |
| 6 | | | | | | 6 |
| 7 | | | | | | 7 |
| 8 | | | | | | 8 |
| 9 | | | | | | 9 |
| 0 | | Box | B-0 | | | 0 |
| 1 | | | | | | 1 |
| 2 | | | | | | 2 |
| 3 | | | | | | 3 |
| 4 | | | | | | 4 |
| 5 | | | | | | 5 |
| 6 | | | | | | 6 |
| 7 | | | | | | 7 |
| 8 | | | | | | 8 |
| 9 | | | | | | 9 |
| 0 | | Box | B-0 | | | 0 |

ITEM NO. **REMARKS/EXCEPTIONS**

"WE HAVE CHECKED ALL THE ITEMS LISTED AND NUMBERED 1 TO _____ INCLUSIVE AND ACKNOWLEDGE THAT THIS IS A TRUE AND COMPLETE LIST OF THE GOODS TENDERED AND OF THE STATE OF THE GOODS RECEIVED"

**WARNING** ➡ BEFORE SIGNING CHECK SHIPMENT, COUNT ITEMS AND DESCRIBE LOSS OR DAMAGE IN SPACE ON THE RIGHT ABOVE.

| TAPE LOT NO. | TAPE COLOR |
| NOS. FROM | THRU |

| | CONTRACTOR, CARRIER OR AUTHORIZED AGENT/DRIVER | DATE | | CONTRACTOR, CARRIER OR AUTHORIZED AGENT (DRIVER) | DATE |
| AT ORIGIN | (SIGNATURE) | 7/12/05 | AT DESTI-NATION | (SIGNATURE) | |
| | OWNER OR AUTHORIZED AGENT (SIGNATURE) Janice Camillo | 7/13/05 | | OWNER OR AUTHORIZED AGENT (SIGNATURE) | DATE |

LBN PRINTING INC., 1290 METER PARKWAY, HAUPPAUGE, NY 11749 (631) 582-8900          FORM # 1190 REV 2/00

**ALL PRO VAN LINES, INC.**

AGENT: N P

CARRIER'S REFERENCE NO.

CONTRACT OR GBL NO.

OWNER'S GRADE OR RATING AND NAME: Janice Camillo

ORIGIN LOADING ADDRESS: 31 Wellington Hill St   CITY: Mattapin   STATE: MA

GOVT. SERVICE ORDER NO.

DESTINATION: Smyrna   GA

VAN NUMBER

PAGE NO. 3

| ITEM NO. | CR. REF. | ARTICLES | CONDITION AT ORIGIN | | EXCEPTIONS (IF ANY) AT DESTINATION | ITEM NO. |
|---|---|---|---|---|---|---|
| 081 | | Box | P. B. O. W | | | 1 |
| 2 | | | | | | 2 |
| 3 | | | | | | 3 |
| 4 | | | | | | 4 |
| 5 | | | | | | 5 |
| 6 | | | | | | 6 |
| 7 | | | | | | 7 |
| 8 | | | | | | 8 |
| 9 | | | | | | 9 |
| 090 | | Box | P. B. O. W | | | 0 |
| 1 | | | | | | 1 |
| 2 | | | | | | 2 |
| 3 | | | | | | 3 |
| 4 | | Box Marble Top Dresser | P. B. O. W | No.13 | '89 SC C4 C6 4/16 SC6 | Broken All 4 leg | 4 |
| 5 | | Marble Dresser | P.13 | 585 SC C6 S | + SC C6 ph | 6q8 | 5 |
| 6 | | Marble Top China cab | 10 C CW 5x5 SC6 C6 | 4/16 Broken | 6q.8 | 6 |
| 7 | | Head Board | SC d | | | 7 |
| 8 | | Foot Board | SC K | | | 8 |
| 9 | | Wicker Stand | 2 SC d | | | 9 |
| 100 | | Wicker Stand | 2 P d K d | | | 0 |
| 1 | | Sad Stool | SC 10 | | | 1 |
| 2 | | Bed Rails | SC | | | 2 |
| 3 | | Nickel Sofa Table | SC K | | | 3 |
| 4 | | Metal Rack | SC K | | | 4 |
| 5 | | Sm Nickel Rack | SC K | | | 5 |
| 6 | | Night Stand | | | | 6 |
| 7 | | Foot Round | | | | 7 |
| 8 | | Head Board | | | | 8 |
| 9 | | Night Stand T.V. cart | | | | 9 |
| 10 | | Night Stand | | | | 0 |
| 1 | | Jew Box | | | | 1 |
| 2 | | (X) tote | P. B. O. W | | | 2 |
| 3 | | | | | | 3 |
| 4 | | | | | | 4 |
| 5 | | | | | | 5 |
| 6 | | (R) tote | P. B. O. W | | | 6 |
| 7 | | Mattress | Shrink | | | 7 |
| 8 | | Box Spring | Shrink | | | 8 |
| 9 | | Box | P. B. O. W | | | 9 |
| 0 | | Box | P. B. O. W | | | 0 |

REMARKS/EXCEPTIONS

"WE HAVE CHECKED ALL THE ITEMS LISTED AND NUMBERED 1 TO ___ INCLUSIVE AND ACKNOWLEDGE THAT THIS IS A TRUE AND COMPLETE LIST OF THE GOODS TENDERED AND OF THE STATE OF THE GOODS RECEIVED"

TAPE LOT NO.   TAPE COLOR

**WARNING** ➤ BEFORE SIGNING CHECK SHIPMENT, COUNT ITEMS AND IN SCRIBE LOSS OR DAMAGE IN SPACE ON THE RIGHT ABOVE.

NOS. FROM   THRU

AT ORIGIN:
CONTRACTOR, CARRIER OR AUTHORIZED AGENT (DRIVER)   DATE 7/11/05
OWNER OR AUTHORIZED AGENT (SIGNATURE): Janice Camillo   7/13/05

AT DESTINATION:
CONTRACTOR, CARRIER OR AUTHORIZED AGENT (DRIVER)   DATE
OWNER OR AUTHORIZED AGENT (SIGNATURE)   DATE

RUBIN PRINTING INC., 1290 MOTOR PARKWAY, HAUPPAUGE, NY 11749 (631) 582-8800   FORM # 1190 REV 2/00

**HOUSEHOLD GOODS DESCRIPTIVE INVENTORY**

**ALL PRO VAN LINES, INC.**    AGENT  AP

PAGE NO. 4    NO. OF PAGES

CARRIER'S REFERENCE NO.

CONTRACT OR GBL. NO.

OWNER'S GRADE OR RATING AND NAME: Janice Camillo

ORIGIN/LOADING ADDRESS: 31 Wellington Hill St    Patterson    STATE MA

DESTINATION: Smyrna    GA

GOVT. SERVICE ORDER NO.

VAN NUMBER

NOTE: THE OMISSION OF THESE SYMBOLS INDICATES GOOD CONDITION EXCEPT FOR NORMAL WEAR.

| ITEM NO. | CR. REF. | ARTICLES | CONDITION AT ORIGIN | EXCEPTIONS (IF ANY) AT DESTINATION | ITEM NO. |
|---|---|---|---|---|---|
| 121 | | wicker basket | 7 | | 1 |
| 2 | | Rd tote | P.B.O.W | | 2 |
| 3 | | wicker desk | 2 SCR | | 3 |
| 4 | | wicker drawer | 2 SCR | | 4 |
| 5 | | Bed rail | SCR | | 5 |
| 6 | | twin mattress | S+SO | | 6 |
| 7 | | twin mattress | S+SO | | 7 |
| 8 | | twin box spring | S+SO | | 8 |
| 9 | | twin box spring | S+SO | | 9 |
| 130 | | Rd trash can | BF.7 | | 0 |
| 1 | | wicker wall shelf | 7 SCR L | | 1 |
| 2 | | table | P.B.O.CW | | 2 |
| 3 | | Box | " | | 3 |
| 4 | | Tall wicker drawer | 2 SCR + DC | | 4 |
| 5 | | Box | P.B.O.CW | | 5 |
| 6 | | fold up metal shelf | SCR | | 6 |
| 7 | | Rd tote | P.B.O.W | | 7 |
| 8 | | Sm China cab | 10.12.4.5BF | | 8 |
| 9 | | Rd China cab | 10.12.4.5B9.8F R.BR.2 | | 9 |
| 140 | | Book shelf L.ll | SCR KU BR MCL | | 0 |
| 1 | | sm disc board shelf | 10.SC.G. 5B7 | | 1 |
| 2 | | sofa table | 10.12.SCR L.1C.R | | 2 |
| 3 | | wicker love seat | 7. SC R. 15 S+SO | | 3 |
| 4 | | single wicker chair | " " | | 4 |
| 5 | | single wicker chair | " " | | 5 |
| 6 | | Coffee table | 10.12.6 | | 6 |
| 7 | | TV stand | SCR MO | | 7 |
| 8 | | Book shelf | 5B7.12.10.18 SC R BR | | 8 |
| 9 | | Book shelf | 5B9.12.10/18 SC C MC MO | | 9 |
| 150 | | Box | P.B.O.CW | | 0 |
| 1 | | 27" JVC TV | MCU | | 1 |
| 2 | | sofa table | 10.12.6.SCR G MO | | 2 |
| 3 | | mattress | S+SO | | 3 |
| 4 | | mattress | S+SO | | 4 |
| 5 | | box spring | S+SO | | 5 |
| 6 | | box spring | S+SO | | 6 |
| 7 | | Bottom Bst drawer | 10.14.12.5B7 | | 7 |
| 8 | | Top part drawer | 10.5B7.12.5B9 | | 8 |
| 9 | | OS chair | S+BO W | | 9 |
| 160 | | Rd tote | P.B.O.W | | 0 |

REMARKS/EXCEPTIONS

"WE HAVE CHECKED ALL THE ITEMS LISTED AND NUMBERED 1 TO _____ INCLUSIVE AND ACKNOWLEDGE THAT THIS IS A TRUE AND COMPLETE LIST OF THE GOODS TENDERED AND OF THE STATE OF THE GOODS RECEIVED"

**WARNING** ➡ BEFORE SIGNING CHECK SHIPMENT. COUNT ITEMS AND DESCRIBE LOSS OR DAMAGE IN SPACE ON THE RIGHT ABOVE.

TAPE LOT NO.    TAPE COLOR

NOS. FROM    THRU

| AT ORIGIN | CONTRACTOR/ CARRIER OR AUTHORIZED AGENT (DRIVER) | DATE 7/18/05 | AT DESTINATION | CONTRACTOR, CARRIER OR AUTHORIZED AGENT (DRIVER) | DATE |
|---|---|---|---|---|---|
| | OWNER OR AUTHORIZED AGENT Janice Camillo | 7/18/05 | | OWNER OR AUTHORIZED AGENT | |

MILBIN PRINTING INC., 1280 MOTTER PARKWAY, HAUPPAUGE, NY 11749 (631) 582-8900    FORM # 1190 REV 5/96

HOUSEHOLD GOODS DESCRIPTIVE INVENTORY

**ALL PRO VAN LINES, INC.**

AGENT _AP_

PAGE NO. _____ NO. OF PAGES _____

CARRIER'S REFERENCE NO. _____

| OWNER'S OR GRADE OR RATING AND NAME | CONTRACT OR GBL NO. |
|---|---|
| Janice Camillo | |

ORIGIN LOADING ADDRESS
31 Wellington Hill St _Mattapan?_ MA

GOVT. SERVICE ORDER NO. _____

STATE MA

VAN NUMBER _____

DESTINATION
Smyrna G. A.

NOTE: THE OMISSION OF THESE SYMBOLS INDICATES GOOD CONDITION EXCEPT FOR NORMAL WEAR.

| ITEM NO. | CN. NER. | ARTICLES | CONDITION AT ORIGIN | | | EXCEPTIONS (IF ANY) AT DESTINATION | ITEM NO. |
|---|---|---|---|---|---|---|---|
| 1 | | Night Stand | 16 BO 18.782 | | | | 1 |
| 2 | | Box | P.B.O.U | | | | 2 |
| 3 | | nich. Basket | 2 SCR | | | | 3 |
| 4 | | China Cab | SCRAW 16.583 1210 | | | | 4 |
| 5 | | Box | P.B.O.CU | | | | 5 |
| 6 | | Box | P.B.O.U | | | | 6 |
| 7 | | | | | | | 7 |
| 8 | | | | | | | 8 |
| 9 | | | | | | | 9 |
| 0 | | | | | | | 0 |
| 1 | | | | | | | 1 |
| 2 | | | | | | | 2 |
| 3 | | | | | | | 3 |
| 4 | | | | | | | 4 |
| 5 | | | | | | | 5 |
| 6 | | | | | | | 6 |
| 7 | | | | | | | 7 |
| 8 | | | | | | | 8 |
| 9 | | | | | | | 9 |
| 0 | | Box | P.B.O.CU | | | | 0 |
| 1 | | China Cab | SCR 101.76 | | | | 1 |
| 2 | | Chandelier | | | | | 2 |
| 3 | | Box | D.B.O.U | | | | 3 |
| 4 | | China Cab | 4.16.12.10 | | | | 4 |
| 5 | | Bakers Rack | SCR | Back Glass Broken | | | 5 |
| 6 | | RO tote | P.B.O.U | | | | 6 |
| 7 | | RO tote | " | | | | 7 |
| 8 | | Corner Table | SCR 101.17 | | | | 8 |
| 9 | | " | " | | | | 9 |
| 0 | | Frame Mirr | SCR A/O | | | | 0 |
| 1 | | Table Scan | 10.12.4.6 | | | | 1 |
| 2 | | " | " | | | | 2 |
| 3 | | Trikle | 10.12.4.583 84 | | | | 3 |
| 4 | | Wicker Basket | 2 | | | | 4 |
| 5 | | Box | P.B.O.CU | | | | 5 |
| 6 | | RO tote | | | | | 6 |
| 7 | | | | | | | 7 |
| 8 | | | | | | | 8 |
| 9 | | | | | | | 9 |
| 0 | | RO tote | P.B.O.CU | | | | 0 |

ITEM NO.  REMARKS/EXCEPTIONS

**WARNING** ➡ "WE HAVE CHECKED ALL THE ITEMS LISTED AND NUMBERED 1 TO _____ INCLUSIVE AND ACKNOWLEDGE THAT THIS IS A TRUE AND COMPLETE LIST OF THE GOODS TENDERED AND OF THE STATE OF THE GOODS RECEIVED."

BEFORE SIGNING CHECK SHIPMENT, COUNT ITEMS AND DESCRIBE LOSS OR DAMAGE IN SPACE ON THE RIGHT ABOVE.

TAPE LOT NO. _____   TAPE COLOR _____
NOS. FROM _____  THRU _____

| AT ORIGIN | CONTRACTOR, CARRIER OR AUTHORIZED AGENT (DRIVER) (SIGNATURE) | DATE 7/13/05 | AT DESTI-NATION | CONTRACTOR, CARRIER OR AUTHORIZED AGENT (DRIVER) (SIGNATURE) | DATE |
|---|---|---|---|---|---|
| | OWNER OR AUTHORIZED AGENT (SIGNATURE) Janice Camillo | DATE 7/13/05 | | OWNER OR AUTHORIZED AGENT (SIGNATURE) | DATE |

MILBIN PRINTING INC. 1290 MOTOR PARKWAY, HAUPPAUGE, NY 11749 (631) 582-5800

FORM # 1190 REV 2/00

2

| CIVIL ACTION COVER SHEET | Trial Court of Massachusetts SUPERIOR COURT DEPARTMENT County: Suffolk | Docket Number 05-3488A |
|---|---|---|

| PLAINTIFF(S)   JANICE CAMILLO | DEFENDANT(S)  ALL PRO MOVING & STORAGE, INC. |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE John H. Molloy, Esq./Sean F. Donahue 379 Salem Street, Medford, MA 02155 Board of Bar Overseers number: 600778/558058 | ATTORNEY (if known) |

**Origin code and track designation**

Place an x in one box only:
[x] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct c. 231, s.104 (Before trial) (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
[ ] 4. F04 District Court Appeal c.231, s. 97 & 104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript; relief from judgment/ Order (Mass.R.Civ.P. 60)    (X)
[ ] 6. E10 Summary Process Appeal    (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A01 | Breach of Contract | ( X ) | ( ) Yes   ( X) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)
A.   Documented medical expenses to date:
   1.   Total hospital expenses ..................................................... $.............
   2.   Total Doctor expenses ....................................................... $.............
   3.   Total chiropractic expenses ............................................... $.............
   4.   Total physical therapy expenses ........................................ $.............
   5.   Total other expenses (describe) ......................................... $.............
                                                                    Subtotal $.............
B.   Documented lost wages and compensation to date ................. $.............
C.   Documented property damages to date ................................... $.............
D.   Reasonably anticipated future medical and hospital expenses ... $.............
E.   Reasonably anticipated lost wages ....................................... $.............
F.   Other documented items of damages (describe)
                                                  $.............
G.   Brief description of plaintiff's injury, including nature and extent of injury (describe)

                                                  $.............
                                          TOTAL $.............

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):
  Defendant All Pro was hired to move plaintiff's home furnishings from Mattapan to Georgia. Defendant has refused to deliver the items, has confiscated them and has threatened to auction plaintiff's belongings.    TOTAL  $.100,000+

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT
        n/a

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."
Signature of Attorney of Record _____    DATE: 8-12-05

A.O.S.C. 2003

I HEREBY ATTEST AND CERTIFY ON

AUGUST 22, 2005, THAT THE

**FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.**

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____

ASSISTANT CLERK.

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                    SUPERIOR COURT DEPARTMENT
                               OF THE TRIAL COURT
                               CIVIL ACTION NO.:

```
_____
                              )
JANICE CAMILLO,               )
                              )
  Plaintiff,                  )
                              )        05 - 3488
  -v-                         )
                              )
ALL PRO MOVING & STORAGE, INC.,)
                              )
  Defendant.                  )
_____)
```

**PLAINTIFF'S MOTION FOR ORDER COMPELLING DEFENDANT TO
REVEAL LOCATION OF FURNISHINGS AND ALLOW INSPECTION**

Plaintiff, Janice Camillo ("Mrs. Camillo"), by her attorney, respectfully requests that this Honorable Court Order defendant All Pro Moving & Storage, Inc. ("All Pro") to reveal the location of the home furnishings and personal items belonging to Mrs. Camillo and further to allow Mrs. Camillo and/or her representatives to inspect the personal belongings.

In support of the foregoing, Mrs. Camillo states:

1.      Defendant All Pro was hired by Mrs. Camillo to transport her home furnishings to her new residence in Atlanta, Georgia. *See Verified Complaint at* ¶¶ 5-10.

2.      A dispute arose concerning the price of the moving job depending on the weight of the items. As is more particularly set forth in plaintiff's *Verified Complaint,* All Pro only delivered one truckload of items to the Atlanta property, informing Mrs. Camillo

that the other truckload had been placed in storage in order that the truck could be returned to Boston. *See Verified Complaint* ¶ 14.

3.    All Pro refused to unload the truckload of furnishings at the Atlanta property and has refused to reveal the location of the furnishings, threatening to auction the items. *See Verified Complaint* ¶¶ 15-17.

WHEREFORE, plaintiff Janice Camillo respectfully requests that this Honorable Court Order defendant All Pro Moving & Storage, Inc. ("All Pro") to reveal the location of the home furnishings and personal items belonging to Mrs. Camillo; and further to allow Mrs. Camillo and/or her representatives to inspect the personal belongings for the state of their condition; and for such other and further relief as this Court deems just and appropriate.

JANICE CAMILLO, Plaintiff,
By her Attorneys,

**LAW OFFICES OF JOHN H. MOLLOY**

John H. Molloy            BBO #600778
Sean F. Donahue           BBO #558058
379 Salem Street
Medford, Massachusetts 02155
(781) 395-3569

I HEREBY ATTEST AND CERTIFY ON
AUGUST 22, 2005, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY

ASSISTANT CLERK.

-2-

4

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                    SUPERIOR COURT DEPARTMENT
                               OF THE TRIAL COURT
                               CIVIL ACTION NO.:

_____
                                    )
JANICE CAMILLO,                     )
                                    )
    Plaintiff,                      )          05-3488
                                    )
    -v-                             )
                                    )
ALL PRO MOVING & STORAGE, INC.,     )
                                    )
    Defendant.                      )
_____   )

### PLAINTIFF'S MOTION FOR ORDER COMPELLING DEFENDANT TO DELIVER FURNISHINGS TO ATLANTA OR, ALTERNATIVELY, TO PERMIT PLAINTIFF TO ARRANGE ALTERNATIVE TRANSPORT

Plaintiff, Janice Camillo ("Mrs. Camillo"), by her attorney, respectfully requests that this Honorable Court Order defendant All Pro Moving & Storage, Inc. ("All Pro") to deliver plaintiff's furnishings to her residence in Atlanta as set forth in the contract between the parties; or, alternatively to permit plaintiff to arrange alternative transport.

In support of the foregoing, Mrs. Camillo states:

1.      Defendant All Pro was hired by Mrs. Camillo to transport her home furnishings to her new residence in Atlanta, Georgia. *See Verified Complaint at* ¶¶ 5-10.

2.      A dispute arose concerning the price of the moving job depending on the weight of the items. As is more particularly set forth in plaintiff's *Verified Complaint,* All Pro only delivered one truckload of items to the Atlanta property, informing Mrs. Camillo that the other truckload had been placed in storage in order that the truck could be

returned to Boston. *See Verified Complaint* ¶ 14.

     3.    All Pro refused to unload the truckload of furnishings at the Atlanta property and has refused to reveal the location of the furnishings, threatening to auction the items. *See Verified Complaint* ¶¶ 15-17.

     WHEREFORE, plaintiff Janice Camillo respectfully requests that this Honorable Court Order defendant All Pro Moving & Storage, Inc. ("All Pro") to deliver the furnishings to Atlanta or, alternatively, to permit plaintiff to arrange alternate transport.

               JANICE CAMILLO, Plaintiff,
               By her Attorneys,

               **LAW OFFICES OF JOHN H. MOLLOY**

               John H. Molloy      BBO #600778
               Sean F. Donahue    BBO #558058
               379 Salem Street
               Medford, Massachusetts 02155
               (781) 395-3569

I HEREBY ATTEST AND CERTIFY ON

AUGUST 22, 2005, THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY:

ASSISTANT CLERK.

-2-

5

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                    SUPERIOR COURT DEPARTMENT
                               OF THE TRIAL COURT
                               CIVIL ACTION NO.:

```
                                    )
JANICE CAMILLO,                     )
                                    )
    Plaintiff,                      )
                                    )        05-3488
    -v-                             )
                                    )
ALL PRO MOVING & STORAGE, INC.,     )
                                    )
    Defendant.                      )
                                    )
```

**PLAINTIFF'S MOTION FOR SHORT ORDER OF NOTICE**

Plaintiff, Janice Camillo ("Mrs. Camillo"), by her attorneys, respectfully requests

that this Honorable Court Order notice that plaintiff's:

(1)    Application for Preliminary Injunction;

(2)    Motion for Order Compelling Defendant to Reveal Location of
       Furnishings and Allow Inspection; and

(3)    Motion for Order Compelling Defendant to Deliver Furnishings
       to Atlanta or, Alternatively, to Permit Plaintiff to Arrange
       Alternative Transport

filed herewith be heard on the next early date convenient for the Court.

In support of the foregoing, Mrs. Camillo states as follows:

1.    Defendant All Pro Moving & Storage, Inc. ("All Pro") is in possession of

Mrs. Camillo's personal belongings and home furnishings.  All Pro refuses to reveal the

location of the items; and refuses to release the items to Mrs. Camillo. *See Verified*

*Complaint* ¶¶ 6-14.

2.    There is an urgency to this matter as Mrs. Camillo is presently living in Georgia in a home without furniture and  without the many personal items and family belongings that are rightfully hers. *See Verified Complaint* ¶¶ 18.

WHEREFORE, plaintiff Janice Camillo respectfully requests that this Honorable Court Order notice that plaintiff's motions filed herewith be heard on the next early date convenient for the Court; and for such other and further relief as this Court deems just and appropriate.

JANICE CAMILLO, Plaintiff,
By her Attorneys,

**LAW OFFICES OF JOHN H. MOLLOY**

John H. Molloy          BBO #600778
Sean F. Donahue         BBO #558058
379 Salem Street
Medford, Massachusetts 02155
(781) 395-3569

I HEREBY ATTEST AND CERTIFY ON
AUGUST 22, 2005 THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY:

ASSISTANT CLERK.

-2-

6

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                     SUPERIOR COURT DEPARTMENT
                                 OF THE TRIAL COURT
                                 CIVIL ACTION NO.:

| | |
|---|---|
| JANICE CAMILLO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -v- | ) |
| | ) |
| ALL PRO MOVING & STORAGE, INC., | ) |
| | ) |
| Defendant. | ) |

05-3488

*[handwritten in left margin, vertical:]* 8/2/05 After hearing the record, I find that plaintiff has established a reasonable likelihood of success on the merits, that All will suffer irreparable harm if the ex parte relief

**PLAINTIFF'S *EX PARTE* MOTION FOR TEMPORARY RESTRAINING
ORDER PURSUANT TO MASS.R.CIV.P. RULE 65(a)**

Pursuant to Mass.R.Civ.P. Rule 65(a), plaintiff, Janice Camillo ("Mrs. Camillo"), by her attorney, respectfully requests that this Honorable Court issue an *ex parte* temporary restraining order prohibiting defendant All Pro Moving & Storage, Inc. ("All Pro") from selling, conveying, transferring or in any way disposing of or causing damage to Mrs. Camillo's furnishings, personal property, jewelry, musical equipment and all personal items removed by All Pro, its agents, servants and employees from Mrs. Camillo's residential address located at 31 Wellington Hill Street-#3, Boston ("the Boston property").

In support of the foregoing, Mrs. Camillo states the following:

1.       Defendant All Pro was hired by Mrs. Camillo to transport her home furnishings to her new residence in Atlanta, Georgia ("the Atlanta property"). *See*

*[handwritten across bottom:]* is not granted and that ex parte relief is required to protect her property. Accordingly the motion is allowed. D M Kalla

*Verified Complaint at* ¶¶ 5-10.

2.    A dispute arose concerning the price of the moving job depending on the weight of the items. As is more particularly set forth in plaintiff's *Verified Complaint,* All Pro only delivered one truckload of items to the Atlanta property, informing Mrs. Camillo that the other truckload had been placed in storage in order that the truck could be returned to Boston. *See Verified Complaint* ¶ 14.

3.    All Pro refused to unload the truckload of furnishings at the Atlanta property and has refused to reveal the location of the furnishings, threatening to auction the items. *See Verified Complaint* ¶¶ 15-17.

4.    Immediate and irreparable harm, loss or damage will result to applicant if defendant All Pro auctions or disposes of her furnishings and personal items. Additionally, Mrs. Camillo has been forced to live in her Atlanta home without her furnishings and personal belongings, estimated at $100,000.00, which have been unlawfully confiscated by defendant. *See Verified Complaint* ¶ 18.

WHEREFORE, plaintiff Janice Camillo respectfully requests that this Honorable Court issue an *ex parte* temporary restraining order prohibiting defendant All Pro Moving & Storage, Inc. from selling, conveying, transferring or in any way disposing of or causing damage to Mrs. Camillo's furnishings, personal property, jewelry, musical equipment and

all personal items; and for such other and further relief as this Court deems just.

JANICE CAMILLO, Plaintiff,
By her Attorneys,

**LAW OFFICES OF JOHN H. MOLLOY**

John H. Molloy                    BBO #600778
Sean F. Donahue                   BBO #558058
379 Salem Street
Medford, Massachusetts 02155
(781) 395-3569

I HEREBY ATTEST AND CERTIFY ON
AUGUST 22, 2005
_____, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY:

ASSISTANT CLERK.

-3-

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                    SUPERIOR COURT DEPARTMENT
                               OF THE TRIAL COURT
                               CIVIL ACTION NO.:

JANICE CAMILLO,                    )
                                   )
    Plaintiff,                     )
                                   )          05-3488
    -v-                            )      Filed + approved (Kathmyer)
                                   )      August 12, 2005
ALL PRO MOVING & STORAGE, INC.,    )                    Asst Clerk
                                   )
    Defendant.                     )

**PLAINTIFF'S MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVER
AND ORDER OF APPOINTMENT**

Pursuant to Mass.R.Civ.P. Rule 4(c), plaintiff, Janice Camillo, by her attorneys, respectfully requests that this Honorable Court appoint William Callandrillo and/or Donna Callandrillo of Everett, Massachusetts as special process servers to serve the Complaint and Summons and related pleadings upon defendant in the above-captioned action. Plaintiff states that Mr. and Mrs. Callandrillo are Constables, are experienced in the service of process, are of legal age and are disinterested persons in this action.

JANICE CAMILLO, Plaintiff,
By her Attorneys,

**LAW OFFICES OF JOHN H. MOLLOY**

John H. Molloy            BBO #600778
Sean F. Donahue           BBO #558058
379 Salem Street
Medford, Massachusetts 02155
(781) 395-3569

I HEREBY ATTEST AND CERTIFY ON
AUGUST 22, 2005, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY

ASSISTANT CLERK.

## ORDER OF APPOINTMENT

William Callandrillo, Constable and/or Donna Callandrillo of Everett, Massachusetts, are hereby appointed as Special Process Servers to serve the Complaint, Summons and related pleadings in the above-captioned action.

_____

Dated: _____

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                    SUPERIOR COURT DEPARTMENT
                               OF THE TRIAL COURT
                               CIVIL ACTION NO.: 05 - 3488 A

JANICE CAMILLO,                )
                               )
    Plaintiff,                 )
                               )
    -v-                        )
                               )
ALL PRO MOVING & STORAGE, INC.,)
                               )
    Defendant.                 )
                               )

**ORDER**

SUFFOLK, SS.                        SUPERIOR COURT DE

(date) _August 12 2005_

At ___3:30___ A.M.-P.M. - THE COURT HAVIN
FOUND THAT NO NECESSITY EXISTS FOR THE
GIVING OF SECURITY PURSUANT TO RULE 65 (c
OF THE MASS. R. CIV. P., IT IS ORDERED THAT
UPON PAYMENT TO THE CLERK/MAGISTRATE IN
THE SUM OF $_90.00_ NOTICE TO SHOW CAUSE
TO ISSUE

( X ) WITH TEMPORARY RESTRAINING ORDER
( ) UNDER PRAYER (S) _in Order_
RETURNABLE IN THE ___A___ SESSION
ROOM _304_ AT _2:00_ A.M.-P.M. ON
_Monday, August 22, 2005_
BY THE COURT, ( _Rottenger_ , J.)
ATTEST:
    _Clair G Walsh_
    Assistant Clerk

After hearing, it is hereby *ORDERED* that:

    (1)    A temporary restraining order is hereby issued prohibiting defendant All Pro Moving & Storage, Inc. from selling, conveying, transferring or in any way disposing of or causing damage to plaintiff Janice Camillo's furnishings, personal property, jewelry, musical equipment and all personal items removed by All Pro, its agents, servants and employees from plaintiff's residence at 31 Wellington Hill Street-#3, Boston, Suffolk County, Massachusetts on or about July 13, 2005.

    *The Court further orders that the defendant corporate*

    (2)    ~~Defendant's principal corporate officer, Elijah Bowles, III, is Ordered to~~ appear at hearing of the following application/motions on    _DMK_

_____

Plaintiff's Application for Preliminary Injunction;

Plaintiff's Motion for Order Compelling Defendant to Reveal Location of Furnishings and Allow Inspection; and

Plaintiff's Motion Ordering Defendant to Deliver Furnishings to Atlanta or, Alternatively, to Permit Plaintiff to Arrange Alternative Transport to Atlanta.

                        _D M Kato_
                        Justice, Suffolk Superior Court

Dated: _Aug 12, 2005_

I HEREBY ATTEST AND CERTIFY ON
_AUGUST 22, 2005_, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

        MICHAEL JOSEPH DONOVAN
        CLERK / MAGISTRATE
        SUFFOLK SUPERIOR CIVIL COURT
        DEPARTMENT OF THE TRIAL COURT

BY: _Catherine S. Robinson_

    ASSISTANT CLERK.