UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANICE CAMILLO, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | |
| ) | CIVIL ACTION |
| ALL PRO MOVING & STORAGE, INC., ) | NO. 05-11721-MLW |
| ) | |
| *Defendant.* ) | |
| ) | |

## **ANSWER AND COUNTERCLAIM**

The Defendant, All Pro Van Lines, Inc. ("All Pro"), for its answer to the Verified

Complaint of the Plaintiff, Janice Camillo, states as follows in response to each corresponding

paragraph therein:

### ***Introduction***

The *"Introduction"* paragraph of the Verified Complaint does not allege any facts, but

only describes certain preliminary injunctive relief sought by Plaintiff.  To the extent any facts

are alleged in the *"Introduction"* paragraph, they are denied.

1.      Admitted.

2.      Denied; except All Pro admits that it is a Massachusetts corporation with a principal

place of business at 47 Rockland Road, Auburn, Worcester County, Massachusetts.

3.      Denied; except All Pro admits that at all times pertinent hereto it conducted business

as an interstate motor carrier of household goods pursuant to 49 U.S.C. § 13101, *et seq.* and the

rules, regulations and orders of the Federal Motor Carrier Safety Administration ("FMCSA")

promulgated thereunder.  All Pro also admits the advertisement attached as Exhibit 1 to Plaintiff's Verified Complaint.

4.      Admitted.

5.      Denied; except All Pro admits that on or about July 5, 2005 its estimator, Mark Kariban, went to Plaintiff's home at 31 Wellington Hill Street, Mattapan, Massachusetts and gave her a non-binding estimate in the sum of $7,249.11, based on an estimated shipment weight of 14,321 pounds, to transport the articles identified in the estimate from Mattapan, Massachusetts to Smyrna, Georgia.

6.      Denied; except All Pro admits that on or about July 8, 2005 its moving crew, headed by its president, Elijah Bowles, arrived at Mrs. Camillo's residence to load the moving van;  that All Pro informed Mrs. Camillo that there were significantly more goods there to be moved than had originally been present at the time of All Pro's July 5, 2005 estimate; that the weight of her shipment would be closer to 18,000 pounds and that she would have to pay for the actual weight transported; that a dispute then arose over the weight of the shipment and All Pro's charges; and that All Pro thereupon unloaded the truck, returned Mrs. Camillo's household goods to her house and left.  All Pro also admits that it then received a telephone call from the Massachusetts Attorney General's office seeking to intervene on her behalf.

7.      Denied; except All Pro admits that after receiving a call from the Attorney General's office, it negotiated with Mrs. Camillo through the Attorney General's representative on July 9, 2005 to try to reach a compromise for the transportation of Mrs. Camillo's shipment.

8.      Denied; except All Pro admits that on or about July 12, 2005 its crew and moving vans returned to Mrs. Camillo's home in Mattapan to undertake the move for a compromised charge of $9,451.31.

9.      Denied; except All Pro admits that it loaded Mrs. Camillo's shipment on July 12 and 13, 2005 and that Mrs. Camillo signed and received copies of the shipping documents, including the inventory for her shipment.

10.     Denied; except All Pro admits that on July 13, 2005 it completed loading Mrs. Camillo's shipment; that it told her that there were more goods to be transported than what she had originally shown to All Pro on July 5, 2005; and that All Pro then weighed the shipment in Massachusetts and determined that the actual weight of the shipment was 20,480 pounds.

11.     Denied; except All Pro admits that it gave Mrs. Camillo copies of the shipping documents, including the inventory for her shipment.

12.     Denied; except All Pro admits that it told Mrs. Camillo that she would be expected to pay for the actual weight of her shipment and all accessorial charges in accordance with All Pro's tariff.

13.     Denied; except All Pro admits that it tendered delivery to Mrs. Camillo on July 25, 2005.

14.     Denied; except All Pro admits that on or about July 25, 2005 Mrs. Camillo met with All Pro's personnel and truck at a weigh station in Georgia where the first portion of her shipment was weighed; that Mrs. Camillo took the weight slips; that one of All Pro's two trucks returned empty to Massachusetts after it had unloaded the second portion of Plaintiff's shipment into the Georgia warehouse; and that All Pro informed Mrs. Camillo that the second portion of her shipment would be delivered from storage to her Smyrna, Georgia home after the first portion was unloaded.

15.     Denied; except All Pro admits that on or about July 25, 2005 the second portion of Mrs. Camillo's shipment was weighed; that All Pro tendered delivery of Mrs. Camillo's shipment to her upon payment, by certified or bank check, to All Pro of 110% of the original non-binding

estimate, or $7,974.02, in accordance with the FMCSA's regulations; and that Mrs. Camillo refused to pay All Pro anything.

16.    Denied; except All Pro admits that on or about July 25, 2005 the second portion of Mrs. Camillo's shipment was weighed; that All Pro tendered delivery of Mrs. Camillo's shipment to her upon payment, by certified or bank check, to All Pro of 110% of the original non-binding estimate, or $7,974.02, in accordance with the FMCSA's regulations; and that Mrs. Camillo refused to pay All Pro anything.

17.    Denied; except All Pro admits that on or about July 25, 2005 the second portion of Mrs. Camillo's shipment was weighed; that All Pro tendered delivery of Mrs. Camillo's shipment to her upon payment, by certified or bank check, to All Pro of 110% of the original non-binding estimate, or $7,974.02, in accordance with the FMCSA's regulations; and that Mrs. Camillo refused to pay All Pro anything.

18.    Denied.

19.    Denied.

## First Affirmative Defense

The Verified Complaint fails to state a claim against defendant All Pro upon which relief can be granted under the ICC Termination Act of 1995, 49 U.S.C. § 13101, *et seq.* ("ICCTA"), and must therefore be dismissed.

## Second Affirmative Defense

Plaintiff is estopped by her conduct from any relief sought.

## Third Affirmative Defense

By her conduct, Plaintiff has waived any right to the relief she seeks.

## Fourth Affirmative Defense

Pursuant to governing federal law, 49 U.S.C. §§ 13702, 13706 and 13707, and the rules and regulations of the FMCSA at 49 C.F.R. § 375.217, Plaintiff is required to pay All Pro 110% of its original non-binding estimate, or $7,974.02, as a condition precedent to All Pro's obligation to deliver Mrs. Camillo's shipment. As a consequence of Plaintiff's failure and refusal to pay All Pro anything, she is barred from any relief herein.

## Fifth Affirmative Defense

Pursuant to the terms of the interstate household goods bill of lading governing Mrs. Camillo's shipment, All Pro has a carrier's lien on her shipment to secure payment of its charges due, as aforesaid.

## Sixth Affirmative Defense

At common law, All Pro has a lien on Mrs. Camillo's shipment to secure payment of its charges due, as aforesaid.

## Seventh Affirmative Defense

Mrs. Camillo has failed to pay any consideration to All Pro for its moving services, and she is therefore barred from any relief sought.

## Eighth Affirmative Defense

Plaintiff's claims for relief are preempted by the ICCTA, 49 U.S.C. §§ 13101, *et seq.*

## Ninth Affirmative Defense

Plaintiff, Mrs. Camillo, seeks to obtain delivery of her shipment by false or fraudulent means, to wit: without having to pay anything for Defendant's transportation services after Plaintiff knowingly tendered her shipment to All Pro at Mattapan, Massachusetts with more goods than what

she had originally shown to All Pro's estimator at the time of All Pro's original July 5, 2005 non-binding estimate and after she agreed to pay All Pro by certified or bank check.

WHEREFORE, Defendant All Pro Van Lines, Inc. prays that the Court dismiss with prejudice the Verified Complaint of Plaintiff Janice Camillo and award All Pro costs and attorneys' fees for its defense of this action.

## COUNTERCLAIM

Plaintiff-in-Counterclaim All Pro Van Lines, Inc. ("All Pro"), for its Counterclaim against Defendant-in-Counterclaim Janice Camillo, states as follow:

**Parties, Jurisdiction and Venue.**

1.      Plaintiff-in-Counterclaim, All Pro Van Lines, Inc. ("All Pro"), is a Massachusetts corporation and maintains its office and principal place of business at 47 Rockland Road, Auburn, Worcester County, Massachusetts.

2.      At all times pertinent hereto, All Pro operated and continues to operate as an interstate motor carrier of property subject to the provisions of the ICC Termination Act of 1995, 49 U.S.C. § 13101, *et seq.* ("ICCTA"), and the rules, regulations and orders of the Federal Motor Carrier Safety Administration ("FMCSA") promulgated thereunder.

3.      Defendant-in-Counterclaim, Janice Camillo ("Mrs. Camillo"), upon information and belief, presently resides at 5020 Duford Drive, Smyrna, Georgia, at all times pertinent hereto resided at 31 Wellington Hill Street, Mattapan, Suffolk County, Massachusetts and is subject to the personal jurisdiction of this Court.

4.      This Court has original federal question jurisdiction over All Pro's Counterclaim pursuant to 28 U.S.C. §§ 1331 and 1337(a) in that this is an action to collect transportation (freight and accessorial) charges on a shipment of household goods transported by All Pro in interstate

commerce pursuant to the ICCTA, 49 U.S.C. §§ 13701, 13706, and 13707, and interstate bills of

lading issued by All Pro pursuant to 49 U.S.C. § 13101, *et seq.*, as hereinafter more fully appears.

5.      Venue is proper in this district pursuant to the provisions of 28 U.S.C. § 1391(b)(1),

in that a substantial part of the events or omissions giving rise to All Pro's Counterclaim occurred in

this district, the estimate, order for service and bill of lading contract were entered into in this

district, and the subject interstate statement of household goods originated in this district.

**Facts.**

6.      On or about July 5, 2005, at the request of Mrs. Camillo, All Pro prepared a non-

binding estimate of All Pro's charges to transport certain household goods items of Mrs. Camillo

from her home in Mattapan, Massachusetts to a new home in Smyrna, Georgia.  A copy of said

estimate is attached hereto as **Exhibit 1**.

7.      All Pro's non-binding estimate was in the sum of  $7,249.11, based on an estimated

shipment weight of 14,321 pounds, as shown on the last page of Exhibit 1.

8.      All Pro told Mrs. Camillo, and she agreed, that payment of All Pro's charges was

required to be made at destination in the form of a certified or bank check.

9.      All Pro's estimate states, *inter alia*, as follows:

> IMPORTANT NOTICE:  This estimate covers only the articles and services listed.
> It is not a guarantee that the actual charges will not exceed the amount of the
> estimate.  Common carriers are required by law to collect transportation and other
> incidental charges computed on the basis of rates shown in their lawfully published
> tariffs, regardless of prior rate quotations or estimates made by the carrier or its
> agents.  Exact charges for loading, transporting, and unloading are based on the
> weight of the goods transported, and such charges may not be determined prior to
> the time the goods are loaded in the van and weighed.  Charges for additional
> services will be added to the transportation charges.

10.     On July 12 and 13, 2005 All Pro picked up Mrs. Camillo's shipment at Mattapan, Massachusetts, whereupon Mrs. Camillo signed All Pro's orders for service and related shipping papers.

11.     After All Pro received Mrs. Camillo's household goods shipment, it weighed the shipment in Massachusetts, and found that the total actual weight of Mrs. Camillo's household goods shipment was 20,480 pounds, considerably higher than the 14,321 pounds originally estimated based on the goods she had originally shown to All Pro on July 5, 2005.

12.     All Pro then informed Mrs. Camillo that since the actual weight of the shipment was higher than the original estimated weight, she would be responsible to pay the actual tariff charges called for by All Pro's tariff based on the actual shipment weight of 20,480 pounds.

13.     All Pro is informed, believes and therefore avers that after it gave Mrs. Camillo its original non-binding estimate on July 5, 2005, other members of Mrs. Camillo's family or friends brought additional household goods to Mrs. Camillo's home for transportation to Smyrna, Georgia together with the household goods items she had originally shown to All Pro.

14.     On or about July 25, 2005, All Pro tendered delivery of the shipment to Mrs. Camillo at her new home in Smyrna, Georgia and requested payment, by certified or bank check, of 110% of the original non-binding estimate, or $7,974.02, in accordance with the FMCSA's regulations.  *Infra.*

15.     At that time, All Pro again informed Mrs. Camillo that since the actual weight of the shipment was higher than the original estimated weight, she would be responsible to pay the actual tariff charges called for by All Pro's tariff based on the actual shipment weight of 20,480 pounds, but that All Pro, in accordance with FMCSA regulations, nonetheless was ready, willing and able to

deliver the shipment to Mrs. Camillo upon her payment of 110% of the original non-binding

estimate, or $7,974,02.

16.     Mrs. Camillo nonetheless refused to pay All Pro anything, whereupon All Pro

placed her shipment in storage in Atlanta, Georgia subject to All Pro's carrier's lien.

17.     The regulations of the FMCSA, **Exhibit 2** hereto, provide as follows:

> **49 C.F.R. § 375.217**
> **How must I collect charges upon delivery?**
>
> * * *
>
> (e)     If an individual shipper pays you at least 110 percent of the approximate
> costs of a non-binding estimate on a collect-on-delivery shipment, you must
> relinquish possession of the shipment at the time of delivery.
>
> **49 C.F.R. § 375.407**
> **Under what circumstances must I relinquish possession of a collect-on-delivery shipment transported under a non-binding estimate?**
>
> (a)     If an individual shipper pays you at least 110 percent of the approximate costs of
> a non-binding estimate on a collect-on-delivery shipment you must relinquish
> possession of the shipment at the time of delivery.  You must accept the form of
> payment agreed to at the time of estimate, unless the shipper agrees in writing to
> a change in the form of payment.
>
> (b)     Failure to relinquish possession of a shipment upon an individual shipper's offer
> to pay 110 percent of the estimate charges constitutes a failure to transport the
> shipment with "reasonable dispatch" and subjects you to cargo delay claims
> pursuant to part 370 of this chapter.
>
> (c)     You must defer billing for the payment of the balance of any remaining charges
> for a period of 30 days following the date of delivery.  After this 30-day period,
> you may demand payment of the balance of any remaining charges, as explained
> in §375.405.

18.     The actual charges due All Pro, based on its tariff, from Mrs. Camillo for its

interstate transportation and storage charges through August 29, 2005 are $14,235.41, excluding

redelivery charges and storage charges accruing after August 29, 2005 at the rate of $63.49 per day.

19.    Attached hereto as **Exhibit 3** is a copy of All Pro's invoice dated August 29, 2005 sent to Mrs. Camillo at both her Mattapan, Massachusetts and Smyrna, Georgia addresses.

20.    As of August 29, 2005 there is due and owing from Mrs. Camillo to All Pro the aforesaid sum of $14,235.41 for All Pro's moving, storage and related accessorial charges as aforesaid, pursuant to its tariff.

21.    After August 29, 2005, Mrs. Camillo also owes All Pro storage charges of $63.49 per day, pursuant to its tariff.

22.    To date Mrs. Camillo has paid All Pro nothing for the aforesaid transportation, storage and related accessorial charges.

23.    All Pro, nonetheless, is ready, willing and able to deliver Mrs. Camillo's shipment upon her payment of 110% of All Pro's non-binding estimate, or the sum of $7,974.02, in accordance with the FMCSA's regulations as aforesaid.

## Count I

### (Interstate Tariff Charges)

Plaintiff-in-Counterclaim All Pro repeats and realleges each of the allegations set forth in paragraphs 1 through 23 of this Counterclaim as though separately set forth herein.

24.    Defendant-in-Counterclaim, Mrs. Camillo, owes Plaintiff-in-Counterclaim, All Pro, the sum of $14,235.41 as of August 29, 2005, plus storage charges at the rate of $63.49 per day after August 29, 2005, plus redelivery charges based upon All Pro's tariff as an interstate household goods motor carrier pursuant to 49 U.S.C. §§ 13702 and 13706.

25.    All Pro is therefore entitled to and hereby demands judgment against Mrs. Camillo for the total sum of $14,235.41 for All Pro's transportation, storage, redelivery and related

accessorial charges under its tariff, as aforesaid, plus interest, costs and such other relief as may be appropriate.

WHEREFORE, Plaintiff-in-Counterclaim All Pro Van Lines, Inc. prays that the Court enter judgment against Defendant-in-Counterclaim Janice Camillo in the sum $14,235.41 through August 29, 2005, plus storage charges of $63.49 per day on and after August 30, 2005, plus redelivery charges in accordance with all All Pro's tariff, plus pre-judgment and post-judgment interest at the maximum rate allowed by law, costs and such other relief as may be appropriate.

### Count II

### Breach of Contract

Plaintiff-in-Counterclaim All Pro repeats and realleges each of the allegations set forth in paragraphs 1 through 25 of this Counterclaim as though separately set forth herein.

26.     On or about July 12, 2005, Defendant-in-Counterclaim, Mrs. Camillo, hired Plaintiff-in-Counterclaim, All Pro, to transport and deliver Mrs. Camillo's household goods shipment from Mattapan, Massachusetts to Smyrna, Georgia.

27.     Mrs. Camillo promised and agreed to pay All Pro on delivery, by certified or bank check, the transportation and related tariff charges described above in consideration of All Pro's performance of those services.

28.     All Pro performed all the transportation services that it agreed to and was required to perform under its agreement with Mrs. Camillo, and All Pro tendered delivery of the shipment and made demand upon Mrs. Camillo for the transportation charges due as aforesaid.

29.     All Pro has tendered delivery of Mrs. Camillo's shipment conditioned upon her payment of the sum of $7,974.02 pursuant to the FMCSA's regulations as aforesaid, with Mrs.

Camillo to remain liable for the balance of any charges due, but she failed and refused to pay All Pro anything.

30.     As a result of Mrs. Camillo's conduct, she has breached her agreement with All Pro, and All Pro has been damaged in the sum of $14,235.41 as of August 29, 2005, plus storage charges of $63.49 per day thereafter, plus redelivery charges based upon All Pro's tariff pursuant to 49 U.S.C. §§ 13702 and 13706.

WHEREFORE, Plaintiff-in-Counterclaim All Pro Van Lines, Inc. prays that the Court enter judgment against Defendant-in-Counterclaim Janice Camillo in the sum $14,235.41 through August 29, 2005, plus storage charges of $63.49 per day on and after August 30, 2005, plus redelivery charges in accordance with all All Pro's tariff, plus pre-judgment and post-judgment interest at the maximum rate allowed by law, costs and such other relief as may be appropriate.

## Count III

### (Quantum Meruit)

Plaintiff-in-Counterclaim All Pro repeats and realleges each of the allegations set forth in paragraphs 1 through 30 in this Counterclaim as though separately set forth herein.

31.     All Pro rendered to Mrs. Camillo work, labor, materials and services which she promised to pay the reasonable value thereof and which Mrs. Camillo knew or should have known she would be expected to pay for.

32.     The reasonable value of the transportation services performed by All Pro for the benefit of Mrs. Camillo is $14,235.41 as of August 29, 2005, plus storage charges of $63.49 per day thereafter, plus redelivery charges based upon All Pro's tariff pursuant to 49 U.S.C. §§ 13702 and 13706.  Mrs. Camillo, accordingly, has been unjustly enriched in the aforesaid amounts.

33.     Mrs. Camillo has failed and refused to pay All Pro anything, despite All Pro's demands and Mrs. Camillo's obligations to pay All Pro.

34.     All Pro is therefore entitled to and hereby demands judgment against Mrs. Camillo in the amount of $14,235.41 as of August 29, 2005, plus storage charges of $63.49 per day after August 29, 2005, plus redelivery charges for the reasonable value of the transportation services rendered to Mrs. Camillo, and for all other relief as may be appropriate under the circumstances.

WHEREFORE, Plaintiff-in-Counterclaim All Pro Van Lines, Inc. prays that the Court enter judgment against Defendant-in-Counterclaim Janice Camillo in the sum $14,235.41 through August 29, 2005, plus storage charges of $63.49 per day on and after August 30, 2005, plus redelivery charges, plus pre-judgment and post-judgment interest at the maximum rate allowed by law, costs and such other relief as may be appropriate.

ALL PRO VAN LINES, INC.
By its attorney,

August 31, 2005                    */s/ Wesley S. Chused*_____
                                   Wesley S. Chused (BBO #083520)
                                   LOONEY & GROSSMAN LLP
                                   101 Arch Street
                                   Boston, MA  02110
                                   (617) 951-2800

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on August 31, 2005 I served a copy of the foregoing pleading upon all parties hereto by hand, electronically, facsimile or by mailing copies thereof via first-class mail, postage prepaid, properly addressed to:

John H. Molloy, Esq.
Sean F. Donahue, Esq.
379 Salem Street
Medford, Massachusetts 02155


*/s/ Wesley S. Chused*
Wesley S. Chused

# EXHIBIT 1

08/16/2005 03:48 FAX 5087219101       ALL PRO MOVING & STORAGE       ☑001/004

MILBIN PRINTING INC., 1200 MOTOR PARKWAY, HAUPPAUGE, NY 11749 (631) 528-8900

# ESTIMATED COST OF SERVICES

## ALL PRO MOVING & STORAGE
### AGENT FOR ALL PRO VAN LINES
100 LAMARTINE STREET
WORCESTER, MA 01608
(508) 890-1100

MC 323997

DATE: 7/5/05

Name of shipper: Janice Camillo                    Phone No. _____
Address of shipper: 31 Wellington Hill St          Zip code: Ga
Shipment moving from: Mattapan (boston) MA to Smyrna
Shipper's destination contact: _____              Phone No. _____
Packing Date Requested: _____    Loading Date Requested: 7/7/05   Delivery Date or period of time requested: _____

**IMPORTANT NOTICE:** This estimate covers only the articles and services listed. It is not a guarantee that the actual charges will not exceed the amount of the estimate. Common carriers are required by law to collect transportation and other incidental charges computed on the basis of rates shown in their lawfully published tariffs, regardless of prior rate quotations or estimates made by the carrier or its agents. Exact charges for loading, transporting, and unloading are based upon the weight of the goods transported, and such charges may not be determined prior to the time the goods are loaded on the van and weighed. Charges for additional services will be added to the transportation charges.

| RULE | SEC. | ITEM | SERVICES | | CHARGES | |
|------|------|------|----------|---|---------|---|
| | | | Transportation FROM ZIP              TO ZIP | | 6284.25 | |
| | | | Origin/Destination Fee | | 328.90 | |
| | | | Fuel Surcharge (when applicable) | | 314.21 | |
| | | | Insurance Surcharge (when applicable) | | | |
| | | | Valuation | | | |
| | | | Containers, Packing & Unpacking | | | |
| | | | Storage-In-Transit at ZIP Location | | | |
| | | | Date In _____  Date Out _____ | | | |
| | | | SIT Pickup and Delivery | | | |
| | | | Extra Pickups or Deliveries No. _____ at ZIP(s) _____ | | | |
| | | | Extra Labor, Special Services or Waiting Time  Packs | | 321.25 | |
| | | | Bulky Articles | | | |
| | | | Additional Weight Additives | | | |
| | | | Advanced Charges | | | |
| | | | Shuttle Service | | | |
| | | | Self-Storage/Mini-Warehouse Pickups or Deliveries | | | |
| | | | Overtime Pickups or Deliveries | | | |
| | | | Other Additional Services | | | |

TOTAL ESTIMATED COST $ 7249

If the total tariff charges for the listed articles and services exceed this estimate by more than ___ percent, then, upon your request, the carrier must relinquish possession of your shipment upon delivery in advance of the payment of the total amount of tariff charges shown on the bill of lading or freight bill. You are still obligated to pay the balance of the total charges within 15 days.

Maximum amount to be paid on delivery of your C.O.D. shipment in cash, certified check or money order is (total estimated cost plus 10 percent):

$ 7249.00

| FULL SERVICE | | CONTAINERS & PACKING | | UNPACKING | $ |
|---|---|---|---|---|---|

| CUSTOM SERVICE | | CONTAINERS & PACKING | | UNPACKING | |
|---|---|---|---|---|---|
| CARTON DESCRIPTION | | QUANTITY | | QUANTITY | |
| DISH PACKS | | | | 1958 | |
| CARTONS | Less Than 3 cft. | | | | |
| CARTONS | 3 cft. | | | 626 Maybe | |
| CARTONS | 4.5 | | | | |
| CARTONS | 6 | | | (or | |
| CARTONS | 6.5 | | | | |
| WARDROBE CTN. | | | | 700.00 | |
| CRIB MATTRESS CTN. | | | | | |
| MATTRESS CTN., TWIN/TWIN LONG | | | | | |
| MATTRESS CTN., DOUBLE (NOT EXCEEDING 54" X 75") | | | | | |
| MATTRESS CTN., KING/QU. (EXCEEDING 54" X 75") | | | | | |
| HEAVY DUTY | | | | | |
| OTHER | | | | | |
| OTHER | | | | | |
| | | **TOTAL CONTAINERS & PACKING** | $ | **TOTAL UNPACKING** | $ |

Remarks: E. team

**NOTICE:** Articles not to be shipped should be indicated by a "check mark" in the column provided in the table of measurements. If the prospective individual shipper has not previously been furnished with the publication OCE-100, Your Rights and Responsibilities When You Move, a written description of the carrier's customer and loyalty handling procedures, a concise accurate summary of any dispute settlement procedure...

08/16/2005 03:49 FAX 5087219101          ALL PRO MOVING & STORAGE                    ☑002/004

MILBIN PRINTING, INC., 1250 MOTOR PARKWAY, HAUPPAUGE, NY 11749, (631) 582-8900

# TABLE OF MEASUREMENTS

| ARTICLE | No. of Pieces | ARTICLE | No. of Pieces | ARTICLE | No. of Pieces |
|---|---|---|---|---|---|
| **LIVING and LIBRARY ROOM** | | Chair, Child | 8 | Carriage, Baby | 20 |
| Bar, Portable | 10 | Chest | 12 | Chairs, Folding | |
| Bench, Fireside or Piano | 8 | Chest, Toy | 5 | Clothes, Hamper | 5 |
| Bookcase | 20 | Crib, Baby | | Cot, Folding | 10 |
| Bookshelves, Sectional | 5 | Table, Child | 10 | Desk, Office | 30 |
| Chair, Arm | 10 | Playpen | 10 | Fan | |
| Chair, Occasional | 15 | Rug, Large or Pad | 10 | Fernery or Plant Stands | 10 |
| Chair, Overstuffed | 25 | Rug, Small or Pad | 3 | Foot Lockers | 5 |
| Chair, Rocker | 12 | | | Garbage Cans | 7 |
| Chair, Straight | 5 | | | Golf Bag | |
| Clock, Grandfather | 20 | **BREAKFAST ROOM** | | Heater, Gas or Electric | 5 |
| Day Bed | 30 | Breakfast Suite Chairs | | Metal Shelves | 5 |
| Desk, Small or Winthrop | 22 | Breakfast Table | 10 | Personal Computer | |
| Desk, Secretary | 35 | Chair, High | 5 | Monitor | 4 |
| Fireplace Equipment | | Ironing Board | 3 | Printer | 3 |
| Foot Stool | 2 | Kitchen Cabinet | 30 | Ping Pong Table | 20 |
| Lamp, Floor or Pole | 4 | Roaster | 5 | Pool Table | 40 |
| Magazine Rack | 2 | Microwave Oven | 10 | Power Tools | |
| Music Cabinet | 10 | Serving Cart | 15 | Sewing Machine | 10 |
| Piano, Baby Gr. or Upr. | 70 | Stool | | Stepladder | 5 |
| Piano, Parlor Grand | | Utility Cabinet | 10 | Stool | 2 |
| Piano, Spinet | 60 | Vegetable Bin | 5 | Suitcase | |
| Radio, Table | 2 | | | Table, Utility | 5 |
| Record Player, Port. | 5 | | | Tackle Box | |
| Rugs, Large Roll or Pad | 10 | **APPLIANCES and HEAVY** | | Tool Box | 10 |
| Rugs, Small Roll or Pad | 5 | Air Conditioner, Window | 30 | Tricycle | |
| Sofa, 2 Cushions | 35 | Dehumidifier | 10 | Wagon, Child's | 5 |
| Sofa, 3 Cushions | 50 | Dishwasher | 20 | Water Cooler | 2 |
| Sofa, 4 Cushions | 60 | Dryer, Electric or Gas | 25 | Work Bench | 20 |
| Sofa, Sectional per Sect. | 30 | Freezer (Cu. Capacity) | | | |
| Stereo Component | 5 | 10 or Less | 30 | | |
| Stereo | 5 | 11 to 16 | 45 | **MISCELLANEOUS** | |
| Stud, Couch or Hideabed | 50 | 16 and over | 60 | Barrels | 70 |
| Tables, Drop-Leaf, etc. | 10 | Ironer or Mangle | 12 | Boxes, Wooden | 3 |
| Tables, Coffee, End or Nest | 5 | Range, Electric or Gas | 30 | Boxes, Wooden | 5 |
| Telephone, Stand & Chair | 5 | Refrigerator (Cu. Capacity) | | Boxes, Wooden | 10 |
| Television, Bigscreen | 40 | 6 cu. ft. or less | 30 | Boxes, Wooden | 15 |
| Television, Combination | 25 | 7 to 10 cu. ft. | 45 | Boxes, Wooden | 30 |
| TV or Radio Console | 15 | 11 cu. ft. and over | 60 | Carton | |
| Television Table Model | 10 | Vacuum Cleaner | 5 | Less than 1 1/2 cu. ft. | |
| **DINING ROOM** | | Washing Machine | 25 | 1 1/2 cu. ft. | |
| Bench, Harvest | 10 | | | 3 cu. ft. | |
| Buffet | 30 | **PORCH and OUTDOOR** | | 4 1/2 cu. ft. | |
| Cabinet, Corner | 20 | Barbecue or Port. Grill | 10 | 6 cu. ft. | |
| Cabinet, China | 25 | Bath, Bird | 5 | 8 1/2 cu. ft. | |
| Chair, Dining | 5 | Chairs, Lawn | 5 | Carton | |
| Server | 18 | Chairs, Porch | 10 | Less than 1 1/2 cu. ft. | |
| Table, Dining | | Clothes Dryer Rack | | 1 1/2 cu. ft. | |
| Tea Cart | 10 | Garden Hose and Tools | 10 | 3 cu. ft. | |
| Rugs, Large or Pad | 10 | Glider or Settee | 20 | 4 1/2 cu. ft. | |
| Rugs, Small or Pad | 3 | Ladder, Extension | 20 | 6 cu. ft. | |
| | | Lawn Mower (Hand) | | 8 1/2 cu. ft. | |
| **BEDROOM** | | Lawn Mower (Power) | 15 | Wardrobe Furnished | |
| Bed incl. Spring & Mattress | | Lawn Mower (Riding) | 36 | by carrier | 15 |
| Bed, Double | 60 | Leaf Sweeper | 5 | **CARTONS** | |
| Bed, King Size | 70 | Outdoor Child's Slide | 10 | Barrels | 10 |
| Bed, Single or Hollywood | 45 | Outdoor Child's Gym | 20 | Boxes, Wooden | 3 |
| Bed, Rollaway | 20 | Outdoor Drying Racks | 5 | Boxes, Wooden | 5 |
| Bed, Bunk (Set of 2) | 70 | Outdoor Swings | 30 | Boxes, Wooden | 10 |
| Bookshelves, Sectional | 5 | Picnic Table | 20 | Boxes, Wooden | 15 |
| Bureau, Dresser, Chest of | | Picnic Bench | 5 | Boxes, Wooden | 30 |
| Drw'rs, Chifd. or Chifnr. | 25 | Porch Chair | 10 | Carton | |
| Cedar Chest | 15 | Rocker, Swing | 15 | Less than 1 1/2 cu. ft. | |
| Chair, Boudoir | 10 | Roller, Lawn | 15 | 1 1/2 cu. ft. | |
| Chair, Straight or Rocker | 5 | Rug, Large | 7 | 3 cu. ft. | |
| Chaise Lounge | 25 | Rug, Small | 3 | 4 1/2 cu. ft. | |
| Desk, Small or Winthrop | 22 | Sand Box | 10 | 6 cu. ft. | |
| Dresser or Vanity Bench | 3 | Spreader | 1 | 8 1/2 cu. ft. | |
| Dresser Dbl. (Mr. & Mrs.) | 35 | Table | 10 | Wardrobe Furnished | |
| Night Table | 5 | Umbrella | | by carrier | 15 |
| Rug, Large or Pad | 10 | Wheelbarrow | 5 | | |
| Rug, Small or Pad | 3 | | | | |
| Vanity Dresser | 20 | | | **Sub-Total Col. 1** | |
| Wardrobe, Small | 20 | **GARAGE and BASEMENT** | | Total Col. 1 | |
| Wardrobe, Large | 40 | Ash or Trash Can | | Total Col. 2 | |
| **NURSERY** | | Basket (Cotton) | | Total Col. 3 | |
| Bathinette | 5 | Bicycle | 10 | | |
| Bed, Youth | 30 | Bird Cage & Stand | 5 | | |
| Chair, Child | | Card Table | 1 | | |

08/16/2005 03:50 FAX 5087219101        ALL PRO MOVING & STORAGE        ☑004/004

# TABLE OF MEASUREMENTS

| ARTICLE — LIVING AND FAMILY ROOMS | Cubic Feet Per Piece | No. of Pieces | Cubic Feet |
|---|---|---|---|
| Bar, Portable | 15 | | |
| Bench, Fireside or Piano | 5 | | |
| Bookcase | 20 | | |
| Bookshelves, Sectional | 5 | | |
| Chair, Arm | 10 | | |
| Chair, Occasional | 10 | | |
| Chair, Overstuffed | 25 | | |
| Chair, Rocker | 12 | | |
| Chair, Straight | 5 | | |
| Clock, Grandfather | 20 | | |
| Day Bed | 30 | | |
| Desk, Small or Winthrop | 22 | | |
| Desk, Secretary | 35 | | |
| Fireplace Equipment | 5 | | |
| Foot Stool | 2 | | |
| Lamp, Floor or Pole | 3 | | |
| Magazine Rack | 2 | | |
| Music Cabinet | 10 | | |
| Piano, Baby, Gr. or Upr. | 70 | | |
| Piano, Parlor Grand | 80 | | |
| Piano, Spinet | 60 | | |
| Radio, Table | 2 | | |
| Record Player, Port. | 2 | | |
| Rugs, Large Roll or Pad | 10 | | |
| Rugs, Small Roll or Pad | 5 | | |
| Sofa, 2 Cushions | 35 | | |
| Sofa, 3 Cushions | 50 | | |
| Sofa, 4 Cushions | 60 | | |
| Sofa, Sectional per Sect. | 30 | | |
| Stereo Component | 6 | | |
| Stereo | 20 | | |
| Sofa, Couch or Hideabed | 50 | | |
| Tables, Drop Leaf Occa. | 12 | | |
| Tables, Coffee, End or Nest | 5 | | |
| Telephone Stand & Chair | 5 | | |
| Television, Bigscreen | 40 | | |
| Television, Combination | 25 | | |
| TV or Radio Console | 15 | | |
| Television Table Model | 10 | | |

| DINING ROOM | | | |
|---|---|---|---|
| Bench, Harvest | 10 | | |
| Buffet | 30 | | |
| Cabinet, Corner | 20 | | |
| Cabinet, China | 25 | | |
| Chair, Dining | 5 | | |
| Server | 15 | | |
| Table, Dining | 30 | | |
| Tea Cart | 10 | | |
| Rugs, Large or Pad | 10 | | |
| Rugs, Small or Pad | 5 | | |

| BEDROOM | | | |
|---|---|---|---|
| Bed incl. Spring & Mattress | | | |
| Bed, Double | 60 | | |
| Bed, King Size | 70 | | |
| Bed, Single or Hollywood | 40 | | |
| Bed, Rollaway | 20 | | |
| Bed, Bunk (Set of 2) | 70 | | |
| Bookshelves, Sectional | 5 | | |
| Bureau, Dresser, Chest of Drwrs, Chiro. or Chifro. | 25 | | |
| Cedar Chest | 15 | | |
| Chair, Boudoir | 10 | | |
| Chair, Straight or Rocker | 5 | | |
| Chaise Lounge | 25 | | |
| Desk, Small or Winthrop | 22 | | |
| Dresser or Vanity Bench | 3 | | |
| Dresser Dbl. (Mr. & Mrs.) | 50 | | |
| Night Table | 5 | | |
| Rug, Large or Pad | 10 | | |
| Rug, Small or Pad | 5 | | |
| Vanity Dresser | 20 | | |
| Wardrobe, Small | 20 | | |
| Wardrobe, Large | 40 | | |

| NURSERY | | | |
|---|---|---|---|
| Bathinette | 5 | | |
| Bed, Youth | 30 | | |
| Chair, Childs | 3 | | |
| Sub-Total Col. 1 | | | |

| ARTICLE — NURSERY | Cubic Feet Per Piece | No. of Pieces | Cubic Feet |
|---|---|---|---|
| Chair, High | 5 | | |
| Chest | 12 | | |
| Chest, Toy | 5 | | |
| Crib, Baby | 10 | | |
| Table, Child | 5 | | |
| Playpen | 10 | | |
| Rug, Large or Pad | 10 | | |
| Rug, Small or Pad | 5 | | |

| KITCHEN | | | |
|---|---|---|---|
| Breakfast, Buffet Chairs | 5 | | |
| Breakfast Table | 10 | | |
| Chair, High | 5 | | |
| Ironing Board | 3 | | |
| Kitchen Cabinet | 20 | | |
| Roaster | 5 | | |
| Microwave Oven | 10 | | |
| Serving Cart | 15 | | |
| Stool | 2 | | |
| Table | 10 | | |
| Utility Cabinet | 10 | | |
| Vegetable Bin | 5 | | |

| APPLIANCES (Large) | | | |
|---|---|---|---|
| Air Conditioner, Window | 10 | | |
| Dehumidifier | 5 | | |
| Dishwasher | 20 | | |
| Dryer, Electric or Gas | 25 | | |
| Freezer (Cu. Capacity) | | | |
| 10 cu. or Less | 30 | | |
| 11 to 15 | 45 | | |
| 16 and over | 60 | | |
| Ironer or Mangle | 10 | | |
| Range, Electric or Gas | 30 | | |
| Refrigerator (Cu. Capacity) | | | |
| 8 cu. ft. or less | 30 | | |
| 7 to 10 cu. ft. | 45 | | |
| 11 cu. ft. and over | 60 | | |
| Vacuum Cleaner | 5 | | |
| Washing Machine | 25 | | |

| PORCH, OUTDOOR FURNISHINGS & EQUIPMENT | | | |
|---|---|---|---|
| Barbecue or Rot. Gril | 10 | | |
| Bath, Bird | | | |
| Chairs, Lawn | | | |
| Chaise, Porch | | | |
| Clothes Dryer Rack | | | |
| Garden Hose and Tools | 10 | | |
| Glider or Settee | | | |
| Ladder, Extension | 10 | | |
| Lawn Mower (Hand) | 5 | | |
| Lawn Mower (Power) | 15 | | |
| Lawn Mower (Riding) | 35 | | |
| Leaf Sweeper | | | |
| Outdoor Child's Slide | 10 | | |
| Outdoor Child's Gym | | | |
| Outdoor Drying Racks | 5 | | |
| Outdoor Swing | | | |
| Picnic Table | 20 | | |
| Porch Bench | 10 | | |
| Porch Chair | 10 | | |
| Rocking Swing | | | |
| Roller Latch | 15 | | |
| Rug, Large | 7 | | |
| Rug, Small | 5 | | |
| Sand Box | 10 | | |
| Spreader | 1 | | |
| Table | 10 | | |
| Umbrella | 5 | | |
| Wheelbarrow | 5 | | |

| MISCELLANEOUS | | | |
|---|---|---|---|
| Ash or Trash Can | 5 | | |
| Basket (Clothes) | 5 | | |
| Bicycle | 5 | | |
| Bird Cage & Stand | 5 | | |
| Card Table | 2 | | |

| ARTICLE — PORCH & MISCELLANEOUS | Cubic Feet Per Piece | No. of Pieces | Cubic Feet |
|---|---|---|---|
| Carriage, Baby | 20 | | |
| Chairs, Folding | 1 | | |
| Clothes, Hamper | 5 | | |
| Cot, Folding | 10 | | |
| Desk, Office | 30 | | |
| Fan | 5 | | |
| Fernery or Plant Stands | 5 | | |
| Foot Lockers | 5 | | |
| Garbage Cans | 7 | | |
| Golf Bag | 5 | | |
| Heater, Gas or Electric | 5 | | |
| Metal Shelves | 5 | | |
| Personal Computer | 4 | | |
| Monitor | 3 | | |
| Printer | 3 | | |
| Ping Pong Table | 20 | | |
| Pool Table | 40 | | |
| Power Tools | 20 | | |
| Sewing Machine | 10 | | |
| Sled | 3 | | |
| Step Ladder | 5 | | |
| Suitcase | 3 | | |
| Table, Utility | 5 | | |
| Tackle Box | 3 | | |
| Tool Box | 10 | | |
| Tricycle | 5 | | |
| Wagon, Child's | 5 | | |
| Waste Paper Basket | 2 | | |
| Work Bench | 20 | | |

| OTHER ITEMS (describe) | | | |
|---|---|---|---|

| CONTAINERS (to be packed by mover) | | | |
|---|---|---|---|
| Barrels | 10 | | |
| Boxes, Wooden | 3 | | |
| Boxes, Wooden | 10 | | |
| Boxes, Wooden | 15 | | |
| Boxes, Wooden | 20 | | |
| Carton | | | |
| Less than 1-1/2 cu. ft. | | | |
| 3 cu. ft. | | | |
| 1-1/2 cu. ft. | | | |
| 6 cu. ft. | | | |
| 5-1/2 cu. ft. | | | |
| Wardrobe Furnished by carrier | 15 | | |

| CONTAINERS (to be packed by owner) | | | |
|---|---|---|---|
| Barrels | 10 | | |
| Boxes, Wooden | | | |
| Boxes, Wooden | | | |
| Boxes, Wooden | 10 | | |
| Boxes, Wooden | 15 | | |
| Boxes, Wooden | 20 | | |
| Carton | | | |
| Less than 1-1/2 cu. ft. | | | |
| 1-1/2 cu. ft. | | | |
| 3 cu. ft. | | | |
| 4-1/2 cu. ft. | | | |
| 5-1/2 cu. ft. | | | |
| Wardrobe Furnished by carrier | 15 | | |

| TOTALS | | | |
|---|---|---|---|
| Sub-Total Col. 3 | | | |
| Total Col. 1 | | | |
| Total Col. 2 | | | |
| Total Col. 3 | | | |
| GRAND TOTAL | | | |

08/16/2005 03:49 FAX 5087219101          ALL PRO MOVING & STORAGE                     ☑ 003/004

## LIVING AND FAMILY ROOMS

| Article | Cube Feet Per Piece |
|---|---|
| Bar, Portable | 16 |
| Bench, Fireside or Piano | 5 |
| Bookcase | 20 |
| Bookshelves, Sectional | 5 |
| Chair, Arm | 10 |
| Chair, Occasional | 15 |
| Chair, Overstuffed | 25 |
| Chair, Rocker | 12 |
| Chair, Straight | 5 |
| Clock, Grandfather | 20 |
| Day Bed | 30 |
| Desk, Small or Winthrop | 22 |
| Desk, Secretary | 35 |
| Fireplace Equipment | 5 |
| Foot Stool | 2 |
| Lamp, Floor or Pole | 3 |
| Magazine Rack | 2 |
| Music Cabinet | 10 |
| Piano, Baby, Gr. or Upr. | 70 |
| Piano, Parlor Grand | 100 |
| Piano, Spinet | 60 |
| Radio, Table | 2 |
| Record Player, Port. | 2 |
| Rugs, Large Roll or Pad | 10 |
| Rugs, Small Roll or Pad | 3 |
| Sofa, 2 Cushions | 35 |
| Sofa, 3 Cushions | 50 |
| Sofa, 4 Cushions | 60 |
| Sofa, Sectional per Sect. | 30 |
| Stereo Component | 8 |
| Stereo | 20 |
| Stud, Couch or Hideabed | 50 |
| Tables, Drop'd'Occas. | 12 |
| Tables, Coffee, End or Nest. | 5 |
| Telephone Stand & Chair | 5 |
| Television, Bigscreen | 40 |
| Television, Combination | 25 |
| TV or Radio Console | 15 |
| Television Table Model | 10 |

## DINING ROOM

| Article | Cube Feet Per Piece |
|---|---|
| Bench, Harvest | 10 |
| Buffet | 30 |
| Cabinet, Corner | 20 |
| Cabinet, China | 25 |
| Chair, Dining | 5 |
| Server | 15 |
| Table, Dining | 30 |
| Tea Cart | 10 |
| Rugs, Large or Pad | 10 |
| Rugs, Small or Pad | 3 |

## BEDROOM

| Article | Cube Feet Per Piece |
|---|---|
| Bed Incl. Spring & Mattress: | |
| Bed, Double | 60 |
| Bed, King Size | 70 |
| Bed, Single or Hollywood | 40 |
| Bed, Rollaway | 20 |
| Bed, Bunk (Set of 2) | 70 |
| Bookshelves, Sectional | 5 |
| Bureau, Dresser, Chest of | |
| Drw'rs, Chifro. or Chifor. | 25 |
| Cedar Chest | 15 |
| Chair, Boudoir | 10 |
| Chair, Straight or Rocker | 5 |
| Chaise Lounge | 25 |
| Desk, Small or Winthrop | 22 |
| Dresser or Vanity Bench | 3 |
| Dresser Dbl (Mr. & Mrs.) | 50 |
| Night Table | 5 |
| Rug, Large or Pad | 10 |
| Rug, Small or Pad | 3 |
| Vanity Dresser | 20 |
| Wardrobe, Small | 20 |
| Wardrobe, Large | 40 |

## NURSERY

| Article | Cube Feet Per Piece |
|---|---|
| Bathinette | 5 |
| Bed, Youth | 30 |
| Chair, Child's | 3 |
| Sub-Total Col. 1 | |

## NURSERY (cont.)

| Article | Cube Feet Per Piece |
|---|---|
| Chair, High | 5 |
| Chest | 12 |
| Chest, Toy | 5 |
| Crib, Baby | 10 |
| Table, Child | 5 |
| Playpen | 10 |
| Rug, Large or Pad | 10 |
| Rug, Small or Pad | 3 |

## KITCHEN

| Article | Cube Feet Per Piece |
|---|---|
| Breakfast, Suite Chairs | 5 |
| Breakfast Table | 10 |
| Chair, High | 5 |
| Ironing Board | 2 |
| Kitchen Cabinet | 20 |
| Roaster | 5 |
| Microwave Oven | 10 |
| Serving Cart | 5 |
| Stool | 3 |
| Table | 10 |
| Utility Cabinet | 10 |
| Vegetable Bin | 3 |

## APPLIANCES

| Article | Cube Feet Per Piece |
|---|---|
| Air Conditioner, Window | 30 |
| Dehumidifier | 10 |
| Dishwasher | 20 |
| Dryer, Electric or Gas | 25 |
| Freezer: (Cu. Capacity) | |
| 10 or Less | 30 |
| 11 to 15 | 45 |
| 16 and over | 60 |
| Ironer or Mangle | 12 |
| Range, Electric or Gas | 30 |
| Refrigerator (Cu. Capacity) | |
| 8 or less | 30 |
| 7 to 10 cu.ft. | 45 |
| 11 cu.ft. and over | 60 |
| Vacuum Cleaner | 5 |
| Washing Machine | 25 |

## PORCH, OUTDOOR FURNITURE & EQUIPMENT

| Article | Cube Feet Per Piece |
|---|---|
| Barbecue or Port. Grill | 10 |
| Bath, Bird | 5 |
| Chairs, Lawn | 5 |
| Chairs, Porch | 10 |
| Clothes Line | 5 |
| Clothes Dryer Rack | 10 |
| Garden Hose and Tools | 10 |
| Glider or Settee | 20 |
| Ladder, Extension | 10 |
| Lawn Mower (Hand) | 5 |
| Lawn Mower (Power) | 15 |
| Lawn Mower (Riding) | 35 |
| Leaf Sweeper | 5 |
| Outdoor Child's Slide | 10 |
| Outdoor Child's Gym | 20 |
| Outdoor Drying Racks | 5 |
| Outdoor Swings | 30 |
| Picnic Table | 20 |
| Picnic Bench | 5 |
| Porch Chair | 5 |
| Rocker, Swing | 15 |
| Roller, Lawn | 15 |
| Rug, Large | 7 |
| Rug, Small | 3 |
| Sand Box | 10 |
| Spreader | 1 |
| Table | 10 |
| Umbrella | 5 |
| Wheelbarrow | 8 |

## MISCELLANEOUS

| Article | Cube Feet Per Piece |
|---|---|
| Ash or Trash Can | 5 |
| Basket (Clothes) | 5 |
| Bicycle | 10 |
| Bird Cage & Stand | 5 |
| Card Table | 1 |
| Cabinet, Filing | 20 |

## MISCELLANEOUS

| Article | Cube Feet Per Piece |
|---|---|
| Carriage, Baby | 20 |
| Chairs, Folding | 1 |
| Clothes, Hamper | 5 |
| Cot, Folding | 10 |
| Desk, Office | 30 |
| Fan | 5 |
| Fernery or Plant Stands | 10 |
| Foot Lockers | 5 |
| Garbage Cane | 7 |
| Golf Bag | 2 |
| Heater, Gas or Electric | 5 |
| Metal Shelves | 5 |
| Personal Computer | 4 |
| Monitor | 4 |
| Printer | 3 |
| Ping Pong Table | 20 |
| Pool Table | 40 |
| Power Tools | 20 |
| Sewing Machine | 10 |
| Sled | 5 |
| Step Ladder | 5 |
| Suitcase | 5 |
| Table, Utility | 5 |
| Tackle Box | |
| Tool Box | 10 |
| Tricycle | 5 |
| Wagon, Child's | 5 |
| Waste-Paper Basket | 2 |
| Work-Bench | 20 |

## OTHER ITEMS (Specify)

## CONTAINERS (To Be Packed by Shipper)

| Article | Cube Feet Per Piece |
|---|---|
| Barrels | 10 |
| Boxes, Wooden | 9 |
| Boxes, Wooden | 6 |
| Boxes, Wooden | 10 |
| Boxes, Wooden | 15 |
| Boxes, Wooden | 20 |
| Carton | |
| Less than 1 1/2 cu. ft. | |
| 1 1/2 cu. ft. | |
| 3 cu. ft. | |
| 4 1/2 cu. ft. | |
| 6 cu. ft. | |
| 6 1/2 cu. ft. | |
| Wardrobe Furnished | |
| by carrier | 16 |

## CONTAINERS (To Be Packed By Carrier)

| Article | Cube Feet Per Piece |
|---|---|
| Barrels | 3 |
| Boxes, Wooden | 3 |
| Boxes, Wooden | 6 |
| Boxes, Wooden | 10 |
| Boxes, Wooden | 15 |
| Boxes, Wooden | 20 |
| Carton | |
| Less than 1 1/2 cu. ft. | |
| 1 1/2 cu. ft. | |
| 3 cu. ft. | |
| 4 1/2 cu. ft. | |
| 6 cu. ft. | |
| 6 1/2 cu. ft. | |
| Wardrobe Furnished | |
| by carrier | 15 |

## TOTALS

| | |
|---|---|
| Sub-Total Col. 1 | |
| Total Col. 1 | |
| Total Col. 2 | |
| Total Col. 3 | |

## GRAND TOTAL

Estimated Total Weight _____ lbs.

# EXHIBIT 2

LEXSTAT 49 C.F.R. 375.217

LEXIS PUBLISHING'S CODE OF FEDERAL REGULATIONS
Copyright © 2005, LEXIS Publishing

*** THIS SECTION IS CURRENT THROUGH THE AUGUST 18, 2005 ISSUE OF ***
*** THE FEDERAL REGISTER ***

TITLE 49 -- TRANSPORTATION
SUBTITLE B -- OTHER REGULATIONS RELATING TO TRANSPORTATION
CHAPTER III -- FEDERAL MOTOR CARRIER SAFETY ADMINISTRATION, DEPARTMENT OF
TRANSPORTATION
SUBCHAPTER B -- FEDERAL MOTOR CARRIER SAFETY REGULATIONS
PART 375 -- TRANSPORTATION OF HOUSEHOLD GOODS IN INTERSTATE COMMERCE; CONSUMER
PROTECTION REGULATIONS
SUBPART B -- BEFORE OFFERING SERVICES TO MY CUSTOMERS
COLLECTING TRANSPORTATION CHARGES

**Go to the CFR Archive Directory**

*49 CFR 375.217*

§ 375.217 How must I collect charges upon delivery?

(a) You must specify the form of payment when you prepare the estimate. You and your agents must honor the form of payment at delivery, except when a shipper agrees to a change in writing.

(b) You must specify the same form of payment provided in paragraph (a) of this section when you prepare the order for service and the bill of lading.

(c) Charge or credit card payments:

(1) If you agree to accept payment by charge or credit card, you must arrange with the individual shipper for the delivery only at a time when you can obtain authorization for the shipper's credit card transaction.

(2) Paragraph (c)(1) of this section does not apply to you when you have equipped your motor vehicle(s) to process card transactions.

(d) You may maintain a tariff setting forth nondiscriminatory rules governing collect-on-delivery service and the collection of collect-on-delivery funds.

(e) If an individual shipper pays you at least 110 percent of the approximate costs of a non-binding estimate on a collect-on-delivery shipment, you must relinquish possession of the shipment at the time of delivery.

**HISTORY:** *[68 FR 35064, 35094,* June 11, 2003, as confirmed at *70 FR 39949,* July 12, 2005; *68 FR 56208,* Sept. 30, 2003; *69 FR 10570, 10575,* Mar. 5, 2004, as confirmed at *70 FR 39949,* July 12, 2005; *69 FR 17313,* Apr. 2, 2004, as confirmed at *70 FR 39949,* July 12, 2005]

**AUTHORITY:** AUTHORITY NOTE APPLICABLE TO ENTIRE PART:
*5 U.S.C. 553; 49 U.S.C. 13301,* 13704, 13707, 14104, 14706; and *49 CFR 1.73.*

**NOTES:** [EFFECTIVE DATE NOTE: *68 FR 35064, 35094,* June 11, 2003, added this section as part of the revision of Part 375, effective Sept. 9, 2003; *69 FR 10570, 10575,* Mar. 5, 2004, revised paragraph (c)(1), effective Apr. 5, 2004.]

49 CFR 375.217

[PUBLISHER'S NOTE: For Compliance Date information, see: *68 FR 35064,* June 11, 2003; *68 FR 56208,* Sept. 30, 2003; *69 FR 10570,* Mar. 5, 2004; *69 FR 17313,* Apr. 2, 2004.]

NOTES APPLICABLE TO ENTIRE CHAPTER:
[PUBLISHER'S NOTE: For interpretive guidance material for the Federal Motor Carrier Safety Regulations (FMCSRs), see *62 FR 16370,* Apr. 4, 1997.]

188 words

LEXSTAT 49 C.F.R. 375.407

LEXIS PUBLISHING'S CODE OF FEDERAL REGULATIONS
Copyright © 2005, LEXIS Publishing

*** THIS SECTION IS CURRENT THROUGH THE AUGUST 18, 2005 ISSUE OF ***
*** THE FEDERAL REGISTER ***

TITLE 49 -- TRANSPORTATION
SUBTITLE B -- OTHER REGULATIONS RELATING TO TRANSPORTATION
CHAPTER III -- FEDERAL MOTOR CARRIER SAFETY ADMINISTRATION, DEPARTMENT OF
TRANSPORTATION
SUBCHAPTER B -- FEDERAL MOTOR CARRIER SAFETY REGULATIONS
PART 375 -- TRANSPORTATION OF HOUSEHOLD GOODS IN INTERSTATE COMMERCE; CONSUMER
PROTECTION REGULATIONS
SUBPART D -- ESTIMATING CHARGES

**Go to the CFR Archive Directory**

*49 CFR 375.407*

§ 375.407 Under what circumstances must I relinquish possession of a collect-on-delivery shipment transported under a non-binding estimate?

(a) If an individual shipper pays you at least 110 percent of the approximate costs of a non-binding estimate on a collect-on-delivery shipment, you must relinquish possession of the shipment at the time of delivery. You must accept the form of payment agreed to at the time of estimate, unless the shipper agrees in writing to a change in the form of payment.

(b) Failure to relinquish possession of a shipment upon an individual shipper's offer to pay 110 percent of the estimated charges constitutes a failure to transport the shipment with "reasonable dispatch" and subjects you to cargo delay claims pursuant to part 370 of this chapter.

(c) You must defer billing for the payment of the balance of any remaining charges for a period of 30 days following the date of delivery. After this 30-day period, you may demand payment of the balance of any remaining charges, as explained in § 375.405.

**HISTORY:** [*68 FR 35064, 35096*, June 11, 2003, as confirmed at *70 FR 39949*, July 12, 2005; *68 FR 56208*, Sept. 30, 2003; *69 FR 10570*, Mar. 5, 2004, as confirmed at *70 FR 39949*, July 12, 2005; *69 FR 17313*, Apr. 2, 2004, as confirmed at *70 FR 39949*, July 12, 2005]

**AUTHORITY:** AUTHORITY NOTE APPLICABLE TO ENTIRE PART:
*5 U.S.C. 553; 49 U.S.C. 13301*, 13704, 13707, 14104, 14706; and *49 CFR 1.73*.

**NOTES:** [EFFECTIVE DATE NOTE: *68 FR 35064, 35096*, June 11, 2003, added this section as part of the revision of Part 375, effective Sept. 9, 2003.]
[PUBLISHER'S NOTE: For Compliance Date information, see: *68 FR 35064*, June 11, 2003; *68 FR 56208*, Sept. 30, 2003; *69 FR 10570*, Mar. 5, 2004; *69 FR 17313*, Apr. 2, 2004.]

NOTES APPLICABLE TO ENTIRE CHAPTER:

49 CFR 375.407

[PUBLISHER'S NOTE: For interpretive guidance material for the Federal Motor Carrier Safety Regulations (FMCSRs), see *62 FR 16370*, Apr. 4, 1997.]

153 words

# EXHIBIT 3

08/29/2005 04:40 FAX 5087219101          ALL PRO MOVING & STORAGE          ☒004

### ALL PRO VAN LINES, INC.

**47 ROCKLAND RD.**
**P.O. BOX 385**
**AUBURN, MA 01501**

# Invoice

| Date | Invoice # |
|------|-----------|
| 8/29/2005 | 367 |

| Bill To |
|---------|
| JANICE CAMILLO<br>31 WELLINGTON HILL ST<br>MATTAPAN, MA 02126 |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| | MILEAGE FROM MATTAPAN, MA 02126 TO SMYRNA, GA 30082- 1051 MILES | | |
| | WEIGHT OF SHIPMENT 20,480 POUNDS | | |
| | FULL CHARGED LINE HAUL- $ 18,689.00 | | 0.00 |
| 18,689 | DISCOUNTED PERCENTAGE 55 PERCENT OF FULL LINE HAUL - 18,689.00 | 0.45 | 8,410.05 |
| 8,410.05 | FUEL SURCHARGE FOR MOVE FROM MA TO GA- 12 PERCENT OF LINE HAUL | 0.12 | 1,009.21 |
| | ORIGIN ATC FOR MA ($ 1.40 OF WEIGHT) | 286.72 | 286.72 |
| | DESTINATION ATC FOR GA ($0.90 OF WEIGHT) | 184.32 | 184.32 |
| | 1 FLIGHT OF STAIRS AT ORIGIN(MATTAPAN) - ($2.25 OF WEIGHT) | 460.80 | 460.80 |
| | VALUATION | 290.00 | 290.00 |
| | | | |
| | STORAGE CHARGES: | | |
| | DAY 1- ($6.70 OF THE WEIGHT - 20,480 POUNDS) | 1,372.16 | 1,372.16 |
| | DAY 2- ($.31 OF THE WEIGHT - 20,480 POUNDS) | 63.49 | 63.49 |
| | DAY 3- ($.31 OF THE WEIGHT - 20,480 POUNDS) | 63.49 | 63.49 |
| | DAY 4 - ($.31 OF THE WEIGHT - 20,480 POUNDS) | 63.49 | 63.49 |
| | DAY 5- ($.31 OF THE WEIGHT - 20,480 POUNDS) | 63.49 | 63.49 |
| | DAY 6- ($.31 OF THE WEIGHT - 20,480 POUNDS) | 63.49 | 63.49 |
| | DAY 7- ($.31 OF THE WEIGHT - 20,480 POUNDS) | 63.49 | 63.49 |
| | DAY 8- ($.31 OF THE WEIGHT - 20,480 POUNDS) | 63.49 | 63.49 |
| | DAY 9- ($.31 OF THE WEIGHT - 20,480 POUNDS) | 63.49 | 63.49 |
| | DAY 10- ($.31 OF THE WEIGHT - 20,480 POUNDS) | 63.49 | 63.49 |
| | DAY 11- ($.31 OF THE WEIGHT - 20,480 POUNDS) | 63.49 | 63.49 |
| | DAY 12- ($.31 OF THE WEIGHT - 20,480 POUNDS) | 63.49 | 63.49 |
| | DAY 13- ($.31 OF THE WEIGHT - 20,480 POUNDS) | 63.49 | 63.49 |
| | DAY 14- ($.31 OF THE WEIGHT - 20,480 POUNDS) | 63.49 | 63.49 |
| | DAY 15- ($.31 OF THE WEIGHT - 20,480 POUNDS) | 63.49 | 63.49 |
| | DAY 16- ($.31 OF THE WEIGHT - 20,480 POUNDS) | 63.49 | 63.49 |
| | DAY 17- ($.31 OF THE WEIGHT - 20,480 POUNDS) | 63.49 | 63.49 |
| | DAY 18- ($.31 OF THE WEIGHT - 20,480 POUNDS) | 63.49 | 63.49 |
| | DAY 19- ($.31 OF THE WEIGHT - 20,480 POUNDS) | 63.49 | 63.49 |
| | DAY 20- ($.31 OF THE WEIGHT - 20,480 POUNDS) | 63.49 | 63.49 |
| | DAY 21- ($.31 OF THE WEIGHT - 20,480 POUNDS) | 63.49 | 63.49 |
| | DAY 22- ($.31 OF THE WEIGHT - 20,480 POUNDS) | 63.49 | 63.49 |

**Total**

08/29/2005  04:40 FAX 5087219101          ALL PRO MOVING & STORAGE                    ☑003

**ALL PRO VAN LINES, INC.**

47 ROCKLAND RD.
P.O. BOX 385
AUBURN, MA 01501

# Invoice

| Date | Invoice # |
|------|-----------|
| 8/29/2005 | 367 |

| Bill To |
|---------|
| JANICE CAMILLO<br>31 WELLINGTON HILL ST<br>MATTAPAN, MA 02126 |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| | DAY 23- ($.31 OF THE WEIGHT - 20,480 POUNDS) | 63.49 | 63.49 |
| | DAY 24- ($.31 OF THE WEIGHT - 20,480 POUNDS) | 63.49 | 63.49 |
| | DAY 25- ($.31 OF THE WEIGHT - 20,480 POUNDS) | 63.49 | 63.49 |
| | DAY 26- ($.31 OF THE WEIGHT - 20,480 POUNDS) | 63.49 | 63.49 |
| | DAY 27- ($.31 OF THE WEIGHT - 20,480 POUNDS) | 63.49 | 63.49 |
| | DAY 28- ($.31 OF THE WEIGHT - 20,480 POUNDS) | 63.49 | 63.49 |
| | DAY 29- ($.31 OF THE WEIGHT - 20,480 POUNDS) | 63.49 | 63.49 |
| | DAY 30- ($.31 OF THE WEIGHT - 20,480 POUNDS) | 63.49 | 63.49 |
| | DAY 31- ($.31 OF THE WEIGHT - 20,480 POUNDS) | 63.49 | 63.49 |
| | DAY 32- ($.31 OF THE WEIGHT - 20,480 POUNDS) | 63.49 | 63.49 |
| | DAY 33- ($.31 OF THE WEIGHT - 20,480 POUNDS) | 63.49 | 63.49 |
| | DAY 34- ($.31 OF THE WEIGHT - 20,480 POUNDS) | 63.49 | 63.49 |
| | | | |
| | **STORAGE FOR 1ST 34 DAYS - $3,467.33** | | |
| | REDELIVERY FEE TO SMYRNA GA | 5,013.00 | 5,013.00 |

| | Total | $19,121.43 |
|---|-------|-----------|

08/29/2005 04:39 FAX 5087219101          ALL PRO MOVING & STORAGE                    ☑001

**ALL PRO VAN LINES, INC.**

47 ROCKLAND RD.
P.O. BOX 385
AUBURN, MA 01501

# Invoice

| Date | Invoice # |
|------|-----------|
| 8/29/2005 | 367 |

| Bill To |
|---------|
| JANICE CAMILLO<br>5020 DUFORD DR<br>SMYRNA, GA 30082 |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| | MILEAGE FROM MATTAPAN, MA 02126 TO SMYRNA, GA 30082- 1051 MILES | | |
| | WEIGHT OF SHIPMENT 20,480 POUNDS | | |
| | FULL CHARGED LINE HAUL- $ 18,689.00 | | 0.00 |
| 18,689 | DISCOUNTED PERCENTAGE 55 PERCENT OF FULL LINE HAUL - 18,689.00 | 0.45 | 8,410.05 |
| 8,410.05 | FUEL SURCHARGE FOR MOVE FROM MA TO GA- 12 PERCENT OF LINE HAUL | 0.12 | 1,009.21 |
| | ORIGIN ATC FOR MA ($ 1.40 OF WEIGHT) | 286.72 | 286.72 |
| | DESTINATION ATC FOR GA ($0.90 OF WEIGHT) | 184.32 | 184.32 |
| | 1 FLIGHT OF STAIRS AT ORIGIN(MATTAPAN) - ($2.25 OF WEIGHT) | 460.80 | 460.80 |
| | VALUATION | 290.00 | 290.00 |
| | | | |
| | STORAGE CHARGES: | | |
| | DAY 1- ($6.70 OF THE WEIGHT - 20,480 POUNDS | 1,372.16 | 1,372.16 |
| | DAY 2- ($.31 OF THE WEIGHT - 20,480 POUNDS) | 63.49 | 63.49 |
| | DAY 3- ($.31 OF THE WEIGHT - 20,480 POUNDS) | 63.49 | 63.49 |
| | DAY 4 - ($.31 OF THE WEIGHT - 20,480 POUNDS) | 63.49 | 63.49 |
| | DAY 5- ($.31 OF THE WEIGHT - 20,480 POUNDS) | 63.49 | 63.49 |
| | DAY 6- ($.31 OF THE WEIGHT - 20,480 POUNDS) | 63.49 | 63.49 |
| | DAY 7- ($.31 OF THE WEIGHT - 20,480 POUNDS) | 63.49 | 63.49 |
| | DAY 8- ($.31 OF THE WEIGHT - 20,480 POUNDS) | 63.49 | 63.49 |
| | DAY 9- ($.31 OF THE WEIGHT - 20,480 POUNDS) | 63.49 | 63.49 |
| | DAY 10- ($.31 OF THE WEIGHT - 20,480 POUNDS) | 63.49 | 63.49 |
| | DAY 11- ($.31 OF THE WEIGHT - 20,480 POUNDS) | 63.49 | 63.49 |
| | DAY 12- ($.31 OF THE WEIGHT - 20,480 POUNDS) | 63.49 | 63.49 |
| | DAY 13- ($.31 OF THE WEIGHT - 20,480 POUNDS) | 63.49 | 63.49 |
| | DAY 14- ($.31 OF THE WEIGHT - 20,480 POUNDS) | 63.49 | 63.49 |
| | DAY 15- ($.31 OF THE WEIGHT - 20,480 POUNDS) | 63.49 | 63.49 |
| | DAY 16- ($.31 OF THE WEIGHT - 20,480 POUNDS) | 63.49 | 63.49 |
| | DAY 17- ($.31 OF THE WEIGHT - 20,480 POUNDS) | 63.49 | 63.49 |
| | DAY 18- ($.31 OF THE WEIGHT - 20,480 POUNDS) | 63.49 | 63.49 |
| | DAY 19- ($.31 OF THE WEIGHT - 20,480 POUNDS) | 63.49 | 63.49 |
| | DAY 20- ($.31 OF THE WEIGHT - 20,480 POUNDS) | 63.49 | 63.49 |
| | DAY 21- ($.31 OF THE WEIGHT - 20,480 POUNDS) | 63.49 | 63.49 |
| | DAY 22- ($.31 OF THE WEIGHT - 20,480 POUNDS) | 63.49 | 63.49 |

**Total**

08/29/2005 04:40 FAX 5087219101          ALL PRO MOVING & STORAGE                    ☑002

**ALL PRO VAN LINES, INC.**

47 ROCKLAND RD.
P.O. BOX 385
AUBURN, MA 01501

# Invoice

| Date | Invoice # |
|------|-----------|
| 8/29/2005 | 367 |

| Bill To |
|---------|
| JANICE CAMILLO<br>5020 DUFORD DR<br>SMYRNA, GA 30082 |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| | DAY 23- ($.31 OF THE WEIGHT - 20,480 POUNDS) | 63.49 | 63.49 |
| | DAY 24- ($.31 OF THE WEIGHT - 20,480 POUNDS) | 63.49 | 63.49 |
| | DAY 25- ($.31 OF THE WEIGHT - 20,480 POUNDS) | 63.49 | 63.49 |
| | DAY 26- ($.31 OF THE WEIGHT - 20,480 POUNDS) | 63.49 | 63.49 |
| | DAY 27- ($.31 OF THE WEIGHT - 20,480 POUNDS) | 63.49 | 63.49 |
| | DAY 28- ($.31 OF THE WEIGHT - 20,480 POUNDS) | 63.49 | 63.49 |
| | DAY 29- ($.31 OF THE WEIGHT - 20,480 POUNDS) | 63.49 | 63.49 |
| | DAY 30- ($.31 OF THE WEIGHT - 20,480 POUNDS) | 63.49 | 63.49 |
| | DAY 31- ($.31 OF THE WEIGHT - 20,480 POUNDS) | 63.49 | 63.49 |
| | DAY 32- ($.31 OF THE WEIGHT - 20,480 POUNDS) | 63.49 | 63.49 |
| | DAY 33- ($.31 OF THE WEIGHT - 20,480 POUNDS) | 63.49 | 63.49 |
| | DAY 34- ($.31 OF THE WEIGHT - 20,480 POUNDS) | 63.49 | 63.49 |
| | | | |
| | **STORAGE FOR 1ST 34 DAYS - $3,467.33** | | |
| | REDELIVERY FEE TO SMYRNA GA | 5,013.00 | 5,013.00 |

| Total | $19,121.43 |
|-------|------------|