UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANICE CAMILLO, | ) |
| Plaintiff, | ) DOCKET NO.: 05-11721-MLW |
| -v- | ) |
| ALL PRO MOVING & STORAGE, INC., | ) |
| Defendant. | ) |

**PLAINTIFF'S MOTION TO AMEND COMPLAINT**

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, plaintiff, Janice Camillo, respectfully moves that she be allowed to amend her Complaint in the above-entitled action.

In support of the foregoing, plaintiff states that the initial Complaint sought injunctive relief which was denied by the Court (Wolf, J.) on September 26, 2005.

Plaintiff now seeks to file a Complaint based on, *inter alia*, breach of contract, negligence, conversion and violations of M.G.L. c. 93A.

WHEREFORE, plaintiff seeks to file the attached *Amended Complaint and Demand for Jury Trial.*

          JANICE CAMILLO, Plaintiff,
          By her Attorneys,

          **LAW OFFICES OF JOHN H. MOLLOY**

          _____
          John H. Molloy    BBO #600778
          Sean F. Donahue   BBO #558058
          379 Salem Street
          Medford, Massachusetts 02155
          (781) 395-3569

**CERTIFICATE OF SERVICE**

I, Sean F. Donahue, Esquire, counsel for the within-named plaintiff, certify that I have this 11th day of October 2005 served a copy of the foregoing *Plaintiff's Motion to Amend Complaint* upon defendant by causing same to be mailed, postage prepaid, to its counsel-of-record:

Wesley S. Chused, Esquire
Looney & Grossman, LLP
101 Arch Street
Boston, Massachusetts 02110-1112

_____
Sean F. Donahue

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JANICE CAMILLO, | ) |
|  | ) |
| Plaintiff, | ) DOCKET NO.: 05-11721-MLW |
|  | ) |
| -v- | ) |
|  | ) |
| ALL PRO MOVING & STORAGE, INC., | ) |
|  | ) |
| Defendant. | ) |

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

### *Introduction*

Plaintiff Janice Camillo (hereinafter "Mrs. Camillo") seeks, *inter alia*, a preliminary injunction enjoining defendant *All Pro Moving & Storage, Inc.* (hereinafter "All Pro") from selling, conveying, transferring or in any way disposing of or causing damage to Mrs. Camillo's items of personal property, furniture, jewelry, clothing, musical equipment, electronics, and other personal and family items which defendant contracted to move from 31 Wellington Hill Street-#3 in Boston, Suffolk County ("the Boston property"), Massachusetts to Atlanta, Georgia ("the Atlanta property").

### *Parties*

1. At all times material to this Complaint, plaintiff Janice Camillo (hereinafter "Mrs. Camillo") was a resident of Boston, Suffolk County, Massachusetts. She presently is a resident of Georgia.

2. Defendant All Pro Moving & Storage, Inc. ("All Pro") is a Massachusetts corporation duly-organized with a principal place of business at 47 Rockland Road,

Auburn, Worcester County, Massachusetts 01501.

3.　　At all times material hereto, All Pro is a corporation engaged as a common carrier of goods for hire. It is in the business of moving and storage of home furnishings and related items. *See* All Pro's *Verizon* advertisement attached hereto and incorporated herein as *Exhibit 1*.

### *Jurisdiction*

4.　　This action is brought under 49 USC § 14706. Jurisdiction is based on diversity of citizenship with an amount in controversy in excess of $50,000. Additionally, this matter may also involve a federal question.

5.　　Venue is based upon 28 USC § 1337.

### *Statement of Facts*

6.　　On or about June 30, 2005, a member of the Camillo family telephoned All Pro to inquire about the cost of the move to from Boston to Atlanta and to schedule a time for an estimator to view the belongings on July 5, 2005.

7.　　On or about July 5, 2005, All Pro estimator Mark Kariban came to the Boston property. The Boston property contained seven rooms and a full basement of furniture, clothing, jewelry, musical equipment, varied personal belongings as well as irreplaceable photographs and treasured items and mementoes belonging to the Camillo family. Mr. Kariban provided an estimate to ship the furnishings to the Atlanta property at 14,300 pounds for $7,249.11. A copy of the estimate is attached hereto and incorporated herein as *Exhibit 2*.

8.　　On or about July 8, 2005, an All Pro moving crew headed by All Pro owner, Elijia Bowles, III, arrived at the Boston property and began loading Mrs. Camillo's

property onto a moving truck. Mrs. Camillo was informed by Mr. Bowles that the estimate for 14,300 pounds, which she had previously received from Mark, was incorrect, and that an additional fee of $2,500 or more would be required. All Pro alleged that the weight was 18,000 pounds. Consequently, a dispute arose concerning the costs of All Pro's services. All Pro personnel unloaded the truck, returned Mrs. Camillo's possessions to the Boston property and abruptly left the scene. Mrs. Camillo reported the dispute to the Massachusetts Attorney General's Office, which intervened on her behalf.

9. On or about July 9, 2005, All Pro owner, Elijah Bowles, III, contacted Mrs. Camillo and apologized for the situation and assured Mrs. Camillo that All Pro would complete the move for a flat rate of $7,200.00, which had been given to her initially by estimator Mark Kariban. Mrs. Camillo requested that All Pro set forth the agreement in written form and Mrs. Camillo apprised the Attorney General's Office that All Pro had agreed to honor the binding estimate price for the job, as referenced in ¶ 5, above.

10. On or about July 12, 2005, All Pro's crew returned to the Boston property, once again. Mrs. Camillo requested confirmation of the flat rate of $7,200.00. Instead, documents were provided that showed the sum of $9,785.01 for the moving job. By telephone, All Pro owner, Elijah Bowles, III, instructed his work crew to cross out the higher amount and replace it with the $7,200.00 flat rate price, which was performed in Mrs. Camillo's presence. A copy of the document showing the crossed out fee is attached hereto as *Exhibit 3*.

11. On or about July 12, 2005, the All Pro work crew completed packing two trucks on a single day between 11:00 a.m. and 10:30 p.m. The work crew informed Mrs. Camillo that they would return that following day. A full inventory was requested. All Pro

refused to provide documents, stating that they were in the possession of the drivers who would give Mrs. Camillo a copy the following day when they were to return to pick-up the remaining items. The partial inventory is attached hereto as *Exhibit 4.*

12. Not until 5:30 p.m. on July 13, 2005 did the All Pro work crew return to the Boston residence. Mrs. Camillo's daughter was informed by the work crew that all paper work from that previous day had been lost and that Mrs. Camillo's daughter would have to sign replacement documents before anything would be moved or transported. At that time, All Pro demanded an additional $2,500.00 to move the items. All Pro accused Mrs. Camillo of adding more furnishings to the job than had originally been designated. All Pro owner, Elijah Bowles, III, apprised plaintiff that the shipping weight was now 20,000 pounds and that the total price was increased to $9,700.00.

13. Mrs. Camillo was provided with an inventory which did not list all items in All Pro's possession. Mrs. Camillo was apprised by All Pro owner, Elijah Bowles, III, that all documentation would be provided once the trucks reached Atlanta, Georgia.

14. On or about July 14, 2005, Mrs. Camillo was informed by All Pro that the new price would be $9,400.00, including additional insurance (at a cost of $290.00), plus all taxes. Mrs. Camillo did not agree to the price and did not sign any documents to that effect.

15. On or about July 20, 2005, Mrs. Camillo arrived in Atlanta, Georgia. Several dates were scheduled for delivery and then cancelled.

16. On or about July 25, 2005, Mrs. Camillo met with two members of All Pro personnel at a weigh station in Georgia. At that time, the two All Pro workers apprised plaintiff that one truck load of her belongings had been put into storage because that truck

had to be returned to Boston. They intended to unload the remaining truck and obtain the other furnishings from storage using the same truck and deliver the property to the new home in Georgia. At no time did Mrs. Camillo provide her consent to this arrangement.

17. On or about July 25, 2005, the remaining truck load of items was weighed. Upon arriving at the Atlanta property, Mrs. Camillo was apprised by All Pro that they would not unload the items until they were paid in advance the full amount of $9,700.00 and further that no paperwork would be provided. After being denied proof of storage of the other truck load of furnishings, Mrs. Camillo refused to pay based on the fact that the second truck load of furnishings was not at the Atlanta property; All Pro would not reveal the location of the furnishings; proper paperwork had not been provided; and an exorbitant amount was being demanded, rather than the $7,200 binding cost agreed upon by the parties.

18. On July 25, 2005, Mrs. Camillo was informed by All Pro owner, Elijia Bowles, III, that his workers would not unload the truck until they were paid in advance the full amount of $9,700.00; once paid, they would retrieve the other items from storage, weigh them and deliver them to the Atlanta property.

19. On July 25, 2005, All Pro stated that the furnishings would not be delivered to the Atlanta property and further that the items would be auctioned. Alternatively, All Pro demanded payment of $9,700 in exchange for keys to a storage bin. All Pro requested a meeting with Mrs. Camillo *at the side of the road* in order to make the exchange of money for the keys. Based upon defendant's erratic, unorthodox and unethical business transactions, Mrs. Camillo refused to pay the defendant.

20. Due to defendant's actions and inactions as aforesaid, Mrs. Camillo has been forced to live in her new home in Atlanta without her furnishings and personal belongings; the personal belongings valued at approximately $100,000 have been unlawfully confiscated by defendant. Mrs. Camillo has incurred substantial cost in attorney's fees and related costs in attempting to resolve this matter.

21. Plaintiff has been damaged thereby.

## COUNT ONE
### Breach of Contract

22. Plaintiff realleges and incorporates by reference as if fully set forth herein ¶¶ 1-21 of plaintiff's ~~Verified~~ Amended Complaint.

23. By its actions and inactions aforesaid, defendant All Pro is in breach of the contract between the parties.

24. Plaintiff has been damaged thereby.

WHEREFORE, plaintiff Janice Camillo demands judgment against defendant All Pro Moving & Storage, Inc.; that damages be established and that plaintiff be awarded same, along with costs, interest and reasonable attorney's fees and for such other and further relief as this Honorable Court deems just and proper.

## COUNT TWO
### Conversion

25. Plaintiff realleges and incorporates by reference as if fully set forth herein ¶¶ 1-24 of plaintiff's ~~Verified~~ Amended Complaint.

26. Plaintiff has demanded from defendant All Pro to know the location of her furnishings as well as the return of her furnishings. All Pro has refused to provide either

-6-

the location or return the items.

27. Defendant has converted said ~~funds~~ *items* to its own use.

28. Plaintiff has been damaged thereby.

WHEREFORE, plaintiff Janice Camillo demands judgment against defendant All Pro Moving & Storage, Inc.; that damages be established and that plaintiff be awarded same, along with costs, interest and reasonable attorney's fees and for such other and further relief as this Honorable Court deems just and proper.

## COUNT THREE
### Breach of Good Faith and Fair Dealing

29. Plaintiff realleges and incorporates by reference as if fully set forth herein ¶¶ 1-28 of plaintiff's ~~Verified~~ *Amended* Complaint.

30. By its actions and inactions as aforesaid, defendant All Pro Storage & Moving, Inc. has breached its duty of good faith and fair dealing implied in every contract.

31. Plaintiff has been damaged thereby.

WHEREFORE, plaintiff Janice Camillo demands judgment against defendant All Pro Storage & Moving, Inc.; that damages be established and that plaintiff be awarded same, along with costs, interest and reasonable attorney's fees and for such other and further relief as this Honorable Court deems just and proper.

## COUNT FOUR
### Misrepresentation

32. Plaintiff realleges and incorporates by reference as if fully set forth herein ¶¶ 1-31 of plaintiff's ~~Verified~~ *Amended* Complaint.

33. By its actions and inactions as aforesaid, defendant All Pro Moving & Storage Co., Inc. made material misrepresentations to plaintiff. Plaintiff relied upon the misrepresentations, deliberate actions and inactions to her detriment.

34. Plaintiff has been damaged thereby.

WHEREFORE, plaintiff Janice Camillo demands judgment against defendant All Pro Moving & Storage Co., Inc.; that damages be established and that plaintiff be awarded same, along with costs, interest and reasonable attorney's fees and for such other and further relief as this Honorable Court deems just and proper.

## COUNT FIVE
### *Deceit and Tortious Interference with Contract Rights*

35. Plaintiff realleges and incorporates by reference as if fully set forth herein ¶¶ 1-34 of plaintiff's ~~Verified~~ *Amended* Complaint.

36. By its actions and inactions aforesaid, defendant has committed deceit and tortious interference with the contractual rights of plaintiff.

37. Plaintiff has been damaged thereby.

WHEREFORE, plaintiff Janice Camillo demands judgment against defendant All Pro Moving & Storage, Inc.; that damages be established and that plaintiff be awarded same, along with costs, interest and reasonable attorney's fees and for such other and further relief as this Honorable Court deems just and proper.

## COUNT SIX
### *Negligence*

38. Plaintiff realleges and incorporates by reference as if fully set forth herein ¶¶ 1-37 of plaintiff's ~~Verified~~ *Amended* Complaint.

39. Defendant All Pro Moving & Storage, Inc. has been negligent in, *inter alia*, failing to inform plaintiff of the whereabouts of her belongings; failing to deliver her furnishings to her home in Georgia; unilaterally storing plaintiff's belongings; and failing to honor its agreement to accept the sum of $7,249.11 for the actual delivery.

40. Defendant All Pro Moving & Storage, Inc. has been negligent in, *inter alia*, because it took unconscionable advantage of Mrs. Camillo, who had no experience or expertise in the area, and used its superior knowledge and experience to lead Mrs. Camillo to believe that the property would be delivered to Mrs. Camillo's home in Georgia in good condition for the originally agreed upon binding estimate.

41. All Pro was negligent in the hiring of employees, when it knew or by the exercise of reasonable care, should have known that said employees were not to be entrusted with the care, custody and control of goods and property owned by customers of All Pro, including Mrs. Camillo.

42. All Pro was negligent in the subsequent handling of plaintiff's claim and ultimate denial of same.

43. As a direct and proximate result of the aforesaid negligence, Mrs. Camillo suffered a total loss of the aforesaid property, together with great mental and emotional distress and said damages are continuing or permanent in nature.

44. Plaintiff has been damaged thereby.

WHEREFORE, plaintiff Janice Camillo demands judgment against defendant All Pro Moving & Storage, Inc.; that damages be established and that plaintiff be awarded same, along with costs, interest and reasonable attorney's fees and for such other and further relief as this Honorable Court deems just and proper.

## COUNT SEVEN
### Unjust Enrichment

45. Plaintiff realleges and incorporates by reference as if fully set forth herein ¶¶ 1-44 of plaintiff's ~~Verified~~ *Amended* Complaint.

46. By its actions and inactions aforesaid, an unjust benefit and enrichment has been conferred upon defendant by plaintiff.

47. Plaintiff has been damaged thereby.

WHEREFORE, plaintiff Janice Camillo demands judgment against defendant All Pro Moving & Storage, Inc.; that damages be established and that plaintiff be awarded same, along with costs, interest and reasonable attorney's fees and for such other and further relief as this Honorable Court deems just and proper.

## COUNT EIGHT
### Violations of M.G.L. c. 93A

48. Plaintiff realleges and incorporates by reference as if fully set forth herein ¶¶ 1-47 of plaintiff's ~~Verified~~ *Amended* Complaint.

49. All Pro has engaged in unfair and deceptive acts and practices in violation of Massachusetts General Laws, Chapter 93A, including, but not limited to:

    (a) making misrepresentations of material facts to induce Mrs. Camillo to enter the shipping contract with All Pro;

    (b) making misrepresentations of material facts regarding the cost to ship the goods;

    (c) failing to provide the services offered;

    (d) failure to deliver the goods;

(e) wrongfully retaining Mrs. Camillo's furnishings and belongings;

(f) wrongfully denying Mrs. Camillo access to her furnishings and belongings;

(g) failing to provide Mrs. Camillo with the location of her belongings and furnishings; and

(h) wrongfully denying plaintiff's claim for compensation.

50. On October 3, 2005, plaintiff, by her attorneys, forwarded to All Pro by certified mail a demand for relief identifying the claimant and reasonably describing the unlawful, unfair and deceptive acts and practices relied upon and the damages sustained as a result. *See*, copy of 93A demand letter attached as ***Exhibit 5*** and incorporated herein by reference.

51. Mrs. Camillo, by her attorney, received a response to the 93A demand letter dated October 6, 2005. *See*, copy of 93A response letter attached as ***Exhibit 6*** and incorporated herein by reference. Said response is inadequate and not responsive to M.G.L. c. 93A and should therefore be stricken.

52. Plaintiff has been damaged thereby.

WHEREFORE, plaintiff Janice Camillo demands judgment against defendant All Pro Moving & Storage, Inc. pursuant to M.G.L. c. 93A; that damages be established and that plaintiff be awarded same; that said damages be doubled or trebled; along with costs, interest and reasonable attorney's fees; and for such other and further relief as this Honorable Court deems just and proper.

## COUNT NINE
### Emotional Distress

53. Plaintiff realleges and incorporates by reference as if fully set forth herein ¶¶ 1-52 of plaintiff's ~~Verified~~ *Amended* Complaint.

54. The conduct of All Pro and/or its agents and employees caused Mrs. Camillo emotional distress.

55. Mrs. Camillo has been so upset and distraught over All Pro's handling process that she required medical attention.

56. All Pro and/or its agents and employees should have known that their conduct surrounding delivery of Mrs. Camillo's goods was likely to cause Mrs. Camillo emotional distress and these acts did, in fact, result in severe emotional distress.

57. The conduct of All Pro and/or its agents or employees relating to the delivery of the household goods and furnishings was extreme and outrageous.

58. Such conduct relating to delivery of the household goods and furnishings caused Mrs. Camillo severe emotional distress.

59. Mrs. Camillo has suffered severe mental pain, distress, anxiety and anguish as a direct consequence of All Pro's wrongful misrepresentations and conduct surrounding delivery of the household goods and furnishings.

60. Plaintiff has been damaged thereby.

WHEREFORE, plaintiff Janice Camillo demands judgment against defendant All Pro Moving & Storage, Inc.; that damages be established and that plaintiff be awarded same, along with costs, interest and reasonable attorney's fees and for such other and further relief as this Honorable Court deems just and proper.

*Demand for Jury Trial*

Plaintiff demands a trial by jury on all issues of material fact.

        JANICE CAMILLO, Plaintiff,
        By her Attorneys,
        **LAW OFFICES OF JOHN H. MOLLOY**

        */s/ John H. Molloy*

| | |
|---|---|
| John H. Molloy | BBO #600778 |
| Sean F. Donahue | BBO #558058 |

        379 Salem Street
        Medford, Massachusetts 02155
        (781) 395-3569