UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JANICE CAMILLO, | ) | |
| *Plaintiff,* | ) ) ) | |
| v. | ) ) | CIVIL ACTION |
| ALL PRO MOVING & STORAGE, INC., | ) ) | NO. 05-11721-MLW |
| *Defendant.* | ) ) | |

**DEFENDANT'S OPPOSITION TO**
**PLAINTIFF'S MOTION TO AMEND COMPLAINT**

Defendant All Pro Van Lines, Inc. ("All Pro") opposes Plaintiff's Motion to Amend Complaint ("Motion to Amend"), filed October 11, 2005, on the grounds that the proposed Amended Complaint fails to state a claim upon which relief can be granted because all of Plaintiff's proposed new claims are preempted as a matter of law by the Carmack Amendment to the ICC Termination Act of 1995, 49 U.S.C. § 14706. Hence, the amendment would be futile, and the Motion to Amend, therefore, should be denied, for the reasons described in more detail below.

**Amended Complaint - Factual Allegations.**

Plaintiff, Janice Camillo, by her proposed Amended Complaint, asserts nine common law and statutory claims against Defendant All Pro, all of which arise out of All Pro's transportation of Plaintiff's household goods shipment in interstate commerce from Boston, Massachusetts to Atlanta, Georgia. <u>Amended Complaint</u>, "Introduction" par. The fact allegations in the proposed

L:\12771\014\Pld\16.doc

Amended Complaint are essentially the same as those in Plaintiff's original Complaint. For purposes of this Opposition, however, Plaintiff's allegations of fact can be summarized as follows: Beginning on or about June 30, 2005, Plaintiff negotiated with and hired Defendant All Pro to transport Plaintiff's household goods by truck from Boston to Atlanta, and during the course of the move, a dispute developed over the weight of Plaintiff's shipment and the amount of transportation charges due All Pro. Amended Complaint, ¶¶ 6-19. As a result, All Pro has refused to deliver Plaintiff's shipment unless it is paid its charges. *Id.*, ¶ 19.[1] Plaintiff further alleges that she "has been forced to live in her new home in Atlanta without her furnishings and personal belongings; the personal belongings valued at approximately $100,000 have been unlawfully confiscated by Defendant." *Id.*, ¶ 20.

**Claims Asserted in Proposed Amended Complaint.**

The nine common law and state statutory causes of action alleged in the proposed Amended Complaint are as follows: **Count I**, for breach of contract; **Count II** for conversion; **Count III** for breach of good faith and fair dealing; **Count IV** for misrepresentation; Count V for deceit and tortious interference with contract rights; **Count VI** in negligence; **Count VII** for an unjust enrichment; **Count VIII** for violations of Mass. Gen. Laws c. 93A; and **Count IX** for emotional distress.

**Futility of Proposed Amended Complaint.**

Defendant All Pro is aware that under Fed. R. Civ. P. 15, as well as United States Supreme Court precedent, ordinarily leave to amend is "freely given when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182, 83S, Ct. 227, 9 L. Ed. 2d 222 (1962). However, this liberal

---

[1] As of this date, Plaintiff still has not paid anything to Defendant for its transportation charges, even the lowest (though disputed) estimated sum of $7,200, in exchange for which Defendant has offered to deliver Plaintiff's shipment. Hence, the shipment remains in storage accruing storage charges.

treatment of amended pleadings nonetheless has certain limitations.  One of those limitations is that a proposed amended pleading may be denied when the amendment is futile.  *Hatch v. Department for Children, Youth &  Their Families,* 274 F. 3d 12, 19 (1st Cir. 2001), citing *Correa-Martinez v. Arrillaga-Belendez*, 903 F. 2d 49, 59 (1st Cir. 1990) ("Where an amendment would be futile or would serve no legitimate purpose, the district court should not needlessly prolong matters.").

Here, as in *Hatch* and *Correa-Martinez*, Plaintiff's proposed Amended Complaint would be futile because the Carmack Amendment to the ICC Termination Act of 1995, 49 U.S.C. § 14706, preempts all the claims alleged therein.  *Rini v. United Van Lines, Inc.,* 104 F. 3d, 502 (1st Cir. 1997), *cert. denied*  522, U.S. 809, 118 S. Ct. 51 (1997) (reversing a district court award of damages under Mass. Gen. Laws c. 93A and holding such claims, as well as common law claims arising from the interstate bill of lading and shipment, are preempted by the Carmack Amendment).  Whatever rights or remedies Plaintiff may have against Defendant arising out of the transportation of her goods in interstate commerce, they are governed exclusively by the bill of lading contract, the Carmack Amendment, which governs the rights and liabilities of shippers and carriers under interstate bills of lading, and the Federal regulations that compliment the Carmack Amendment.  *Rini* at 505; 49 U.S.C. § 14706.  Preempted state law claims include all liability stemming from or related to the shipment.  *Rini* at 506.  This preemption issue was already argued at length on September 26, 2005 during the hearing on Plaintiff's motion for preliminary injunctive relief, which the Court denied.

Now, in her proposed Amended Complaint, in apparent disregard of the preemption issue previously addressed by the Court, Plaintiff again proposes a constellation of state common law and statutory claims, all of which are directly related to Defendant's transportation of Plaintiff's

shipment in interstate commerce and all of which are legally defective because they are likewise preempted as a matter of law by the Carmack Amendment. In short, there is no legal basis for Plaintiff's nine proposed claims. Allowance of the proposed Amended Complaint clearly would be futile and a waste of this Court's and Defendant's time and efforts to litigate.

For the foregoing reasons, Defendant All Pro Van Lines, Inc. prays that Plaintiff's Motion to Amend Complaint be denied.

ALL PRO VAN LINES, INC.
By its attorney,

October 25, 2005

*/s/ Wesley S. Chused*
Wesley S. Chused (BBO #083520)
LOONEY & GROSSMAN LLP
101 Arch Street
Boston, MA 02110
(617) 951-2800

## CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2005 I served a copy of the foregoing pleading upon all parties hereto by hand, electronically, facsimile or by mailing copies thereof via first-class mail, postage prepaid, properly addressed to:

John H. Molloy, Esq.
Sean F. Donahue, Esq.
379 Salem Street
Medford, Massachusetts 02155

*/s/ Wesley S. Chused*
Wesley S. Chused