UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JANICE CAMILLO, | ) | |
| *Plaintiff,* | ) | |
| v. | ) | |
| | ) | CIVIL ACTION |
| ALL PRO MOVING & STORAGE, INC., | ) | NO. 05-11721-MLW |
| *Defendant.* | ) | |

## DEFENDANT'S MOTION FOR SANCTIONS
### (Fed. R. Civ. P. 37(d))

Pursuant to Fed. R. Civ. P. 37(d), Defendant All Pro Van Lines, Inc. ("All Pro") moves that the Court enter an order imposing sanctions against the Plaintiff, Janice Camillo, due to her failure to attend her deposition, ordering, *inter alia,* (1) that Plaintiff's Complaint be dismissed with prejudice, (2) that judgment be entered for Defendant All Pro on its Counterclaim against Plaintiff and (3) that Defendant be awarded costs of $500 in connection with this Motion. As grounds for this Motion, Defendant All Pro states that Plaintiff failed to attend her deposition after being served with proper notice, all as more specifically set forth in the Affidavit of Defendant's counsel, Wesley S. Chused, filed concurrently herewith.

A proposed Order is attached to this Motion.

**Local Rule 7.1(A)(2) Certification**

Pursuant to Local Rule 7.1(A)(2), I hereby certify that on November 16, 2005, I conferred with Plaintiff's counsel, Sean F. Donahue, in a good faith attempt to resolve or narrow the issue herein.

WHEREFORE, Defendant All Pro Van Lines, Inc. prays that the Court grant this Motion, enter the proposed Order attached hereto, and order such further relief as it deems appropriate in the circumstances.

|  |  |
|---|---|
|  | ALL PRO VAN LINES, INC.<br>By its attorney, |
| November 23, 2005 | */s/ Wesley S. Chused*<br>Wesley S. Chused (BBO #083520)<br>LOONEY & GROSSMAN LLP<br>101 Arch Street<br>Boston, MA  02110<br>(617) 951-2800 |

**CERTIFICATE OF SERVICE**

I hereby certify that on November 23, 2005 I served a copy of the foregoing pleading upon all parties hereto by hand, electronically, facsimile or by mailing copies thereof via first-class mail, postage prepaid, properly addressed to:

> John H. Molloy, Esq.
> Sean F. Donahue, Esq.
> 379 Salem Street
> Medford, Massachusetts 02155

*/s/ Wesley S. Chused*
Wesley S. Chused

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JANICE CAMILLO,  )<br>  )<br>   *Plaintiff,*  )<br>  )<br>vi.  )<br>  )<br>ALL PRO MOVING & STORAGE, INC.,  )<br>  )<br>   *Defendant.*  )<br>  ) | CIVIL ACTION<br>NO. 05-11721-MLW |

**[Proposed]**
**ORDER GRANTING**
**DEFENDANT'S MOTION FOR SANCTIONS**
**(Fed. R. Civ. P. 37(d))**

This matter having come before this Court upon the Motion of Defendant All Pro Van Lines, Inc. for Sanctions under Fed. R. Civ. P. 37(d) due to the failure of Plaintiff, Janice Camillo, to attend her deposition; and the Court having determined that Plaintiff's deposition was properly noticed, that her failure to appear for her deposition is in violation of Rule 37(d) and that Defendant has otherwise complied with Rule 37(d), it is now

ORDERED,

1. that judgment is hereby entered for the Defendant, All Pro Van Lines, Inc., on all claims alleged in the Complaint of the Plaintiff, Janice Camillo;

2. that judgment is hereby entered for the Defendant, All Pro Van Lines, Inc., on its Counterclaim against the Plaintiff in the sum of $19,632.06 (original transportation and storage charges of $14,235.41 plus storage charges of $5,396.65 through November 23, 2005) plus storage charges of $63.49 per day on and after November 24, 2005, plus redelivery charges, if any, in accordance with All Pro's tariff.

3.     that post-judgment interest be awarded on the above Judgment for Defendant;

4.     that Defendant All Pro Van Lines, Inc. be awarded attorney's fees of $500.00 in conjunction with this motion;

5.     that Defendant All Pro Van Lines, Inc. be and is hereby authorized to conduct an auction or other commercially reasonable sale of Plaintiff's household goods shipment, which Defendant is presently holding in storage, with all proceeds of such sale to be applied to satisfy Defendant's above Judgment, and any excess sale proceeds are to be remitted to Janice Camillo; and

6.     that all claims in this action are otherwise dismissed with prejudice.

By the Court,

_____
Mark L. Wolf, United States District Judge

Date: _____