UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

JANICE CAMILLO,

    *Plaintiff,*

v.

ALL PRO MOVING & STORAGE, INC.,

    *Defendant.*

CIVIL ACTION
NO. 05-11721-MLW

**AFFIDAVIT OF WESLEY S. CHUSED
IN SUPPORT OF DEFENDANT'S MOTION FOR SANCTIONS
(Fed. R. Civ. P. 37(d))**

Commonwealth of Massachusetts }
County of Suffolk                } ss.

Wesley S. Chused, upon oath, deposes and states as follows:

1. My name is Wesley Chused and I am a member of the law firm of Looney & Grossman LLP, 101 Arch Street, 9th Floor, Boston, MA 02110.

2. I am counsel of record for the Defendant in this lawsuit, All Pro Van Lines, Inc.[1] ("All Pro").

3. This Affidavit is submitted on behalf of All Pro in support of its Motion for Sanctions against the Plaintiff pursuant to Fed. R. Civ. P. 37 (d).

---

[1] Plaintiff has misnamed Defendant "All Pro Moving & Storage, Inc." in her Complaint this action.

4.   On September 26, 2005, I appeared in this Court on behalf of All Pro for a hearing on Plaintiff's Motion for Preliminary Injunction.

5.   After denying Plaintiff's motion for injunctive relief, the Court entered a Scheduling Order setting the following deadlines, as relevant hereto:

(a)   **October 3, 2005** deadline for counsel for parties to meet at least once to explore the possibility of settlement;

(b)   **October 10, 2005**, deadline for filing any motion to amend pleadings;

(c)   **October 17, 2005**, deadline for serving automatic disclosures required by Local Rule 26.2(A);

(d)   **October 17, 2005** deadline for disclosures authorized by Local Rule 26.1(B)(1)(2); and

(e)   **November 30, 2005** deadline for completion of all discovery.

6.   In compliance with that Scheduling Order, I did speak with Plaintiff's counsel, Sean Donahue, Esq., on September 29, 2005 in an attempt to reach a settlement of this lawsuit. Although no settlement agreement was reached in that discussion, I again told Mr. Donahue that All Pro would release Ms. Camillo's household goods shipment to her upon payment of $7,200.00, as represented to this Court at the preliminary injunction hearing of September 26. I told Mr. Donahue that All Pro wanted to release the shipment, but needed to collect at least the $7,200 (the lowest of the quoted transportation charges in dispute), so as to stop the continued accrual of storage charges of $63.49 per day. No settlement or agreement to release Ms. Camillo's shipment was reached in that discussion.

7.   On October 14, 2005, I again spoke with Mr. Donahue, again told him that my client was anxious to release Ms. Camillo's shipment for $7,200 so as to stop the accrual of storage

charges, or settle this case in its entirety if possible, and again asked him when Ms. Camillo would be able to pay the $7,200. He said that he would speak to his client and get back to me.

8. On October 17, 2005, pursuant to this Court's Scheduling Order, I served Defendant's Initial Disclosure, **Exhibit A** hereto.

9. As of this date, I have not received an initial disclosure served by Plaintiff, even though the deadline has long passed.

10. On October 18, 2005, I served a Notice of Plaintiff's Deposition, **Exhibit B** hereto, on Mr. Donahue. That Notice called for Ms. Camillo's deposition to be held on November 11, 2005.

11. On November 9, 2005, two days before Ms. Camillo's scheduled deposition, I received a letter from Mr. Donahue, **Exhibit C** hereto, in which he advised me "that [Ms. Camillo] will not be able to appear for the deposition, which is currently scheduled for Friday, November 11." No explanation or reason was given for this cancellation.

12. By letter dated November 11, 2005, **Exhibit D** hereto, which I faxed and mailed to Mr. Donahue, I questioned the reasons for Ms. Camillo's cancellation and I proposed four new dates to reschedule her deposition before the November 30 deadline. In the same letter, I repeated All Pro's prior settlement proposal and added that if Ms. Camillo did not pay All Pro at least the $7,200 for the release of her household goods shipment, as I had represented to this Court, All Pro would seek to exercise its carrier's lien and conduct an auction of the shipment. *See* Exhibit D.

13. I received no response to my November 11, 2005 letter from Mr. Donahue.

14. On November 14, 2005, I then called Mr. Donahue and left a message for him to call me back concerning a new deposition date for Plaintiff.

15. On November 16, 2005, Mr. Donahue called me back, apologized for not having called me sooner, told me that he had been unsuccessful in his attempts to reach Ms. Camillo and apologized for not being able to discuss settlement and to commit to a new date for his client's deposition. In that conversation, I told him that I had no alternative but to file a motion for sanctions under Rule 37.

15. My client and I have done everything we can do, both to try to settle this lawsuit and to complete discovery on the scheduled as ordered by this Court, all to no avail.

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 23, 2005.

*Wesley S. Chused*

### CERTIFICATE OF SERVICE

I hereby certify that on November 23, 2005 I served a copy of the foregoing pleading upon all parties hereto by hand, electronically, facsimile or by mailing copies thereof via first-class mail, postage prepaid, properly addressed to:

> John H. Molloy, Esq.
> Sean F. Donahue, Esq.
> 379 Salem Street
> Medford, Massachusetts 02155

*Wesley S. Chused*

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANICE CAMILLO,<br><br>   *Plaintiff,*<br><br>v.<br><br>ALL PRO MOVING & STORAGE, INC.,<br><br>   *Defendant.* | CIVIL ACTION<br>NO. 05-11721-MLW |

### DEFENDANT'S INITIAL DISCLOSURE
### PURSUANT TO FED. R. CIV. P. 26 AND LOCAL RULE 26.2(A)

Defendant, All Pro Vans Line, Inc. ("All Pro"), provides the following automatic disclosure of information pursuant to Fed. R. Civ. P. 26(a)(1) and Local Rule 26.2(A). The following disclosures are made based upon the facts known to Defendant at this time, and Defendant reserves the right to supplement or amend this Disclosure, if necessary, as additional facts are discovered. Defendant further reserves the right to object to the admissibility of any facts or documents disclosed herein at the time of trial in accordance with the Federal Rules of Evidence.

A. **Fed.R.Civ.P. 26(a)(1)(A): Individuals with Discoverable Information Relevant to Disputed Facts:**

The following individuals may have discoverable information relative to All Pro's defenses and counterclaims in this action:

  1. <u>Elijah Bowles</u>, President, All Pro Van Lines, Inc., 47 Rockland Road, Auburn, Massachusetts; knowledge concerning All Pro's operations as an interstate motor carrier of household goods, All Pro's estimate to Plaintiff, its rates and charges

applicable to Plaintiff's shipment, facts relevant to All Pro's defenses to Plaintiff's claims and All Pro's counterclaims for interstate transportation charges.

2. <u>Mark Karibian</u>, former salesman of All Pro; former work address: 47 Rockland Road, Auburn, Massachusetts; knowledge concerning original estimate All Pro gave Plaintiff and household goods originally shown by Plaintiff to All Pro for transportation.

3. <u>Janice Camillo</u>, 5020 Duford Drive, Smyrna, GA 30082; knowledge concerning factual basis for her claims against All Pro; household goods estimated and those shipped, and basis for her refusal to pay All Pro.

4. <u>Additional Persons</u>, identities unknown, who owned and shipped household goods items with Plaintiff's household goods shipment.

B. **Fed.R.Civ.P. 26(a)(1)(B): Documents and Tangible Things in Defendant's Possession, Custody or Control Relevant To Disputed Facts:**

Documents and things relevant to plaintiff's claims and defendant's counterclaims in this action are as follows:

1. All Pro's estimate dated July 5, 2005 to plaintiff.

2. All Pro's order for service dated July 12, 2005 with attached bill of lading.

3. All Pro's order for service dated July 13, 2005 with attached bill of lading.

4. Weight slips for Plaintiff's shipment.

5. Household Goods Descriptive Inventory dated July 13, 2005 for Plaintiff's shipment.

6. Federal Motor Carrier Safety Administration regulations at 49 C.F.R. §§375.101, *et seq.*

7. All Pro's tariff, STB HGB 400-N.

8. All Pro Invoice No. 367 to Plaintiff, dated August 29, 2005.

9. Demand letter dated October 3, 2005 from Sean F. Donahue, Esq., Plaintiff's counsel to Wesley S. Chused, Esq., Defendant's counsel.

10. Correspondence dated October 6, 2005 from Wesley S. Chused, Esq. to Sean F. Donahue, Esq.

Copies of the above-disclosed documents are available for inspection and copying at the offices of All Pro's counsel at any convenient time.

C. **Fed.R.Civ.P. 26(a)(1)(C): Computation of Damages:**

1. As to Plaintiff's claims against Defendant: None

2. As to Defendant's counterclaims against Plaintiff: For transportation and storage charges due through August 29, 2005, $19,121.43 (which includes redelivery charges of $5,013.00), plus storage charges at the rate of $63.49 per day after August 29, 2005. *See* Affidavit of Elijah Bowles dated September 20, 2005 and documents attached thereto submitted in opposition to Plaintiff's motions for preliminary injunctive relief for detailed breakdown and basis for computation of Defendant's counterclaims.

D. **Available Insurance Agreements:**

None.

                                        ALL PRO VAN LINES, INC.
                                        By its attorney,

October 17, 2005                        /s/ Wesley S. Chused
                                        Wesley S. Chused (BBO #083520)
                                        LOONEY & GROSSMAN LLP
                                        101 Arch Street
                                        Boston, MA 02110
                                        (617) 951-2800

## CERTIFICATE OF SERVICE

     I hereby certify that on October 17, 2005 I served a copy of the foregoing pleading upon all parties hereto by hand, electronically, facsimile or by mailing copies thereof via first-class mail, postage prepaid, properly addressed to:

          John H. Molloy, Esq.
          Sean F. Donahue, Esq.
          379 Salem Street
          Medford, Massachusetts 02155

                                        Wesley S. Chused

# EXHIBIT B

# Looney & Grossman LLP
## Attorneys at Law

Wesley S. Chused
Voicemail: Ext 551
Email: wchused@lgllp.com

101 Arch Street
Boston, Massachusetts 02110-1112
Telephone (617) 951-2800
Telecopier (617) 951-2819
www.lgllp.com

October 18, 2005

<u>VIA FACSIMILE, (781) 395-4165, AND MAIL</u>
Sean F. Donahue, Esq.
Law Offices of John H. Molloy
379 Salem Street
Medford, MA 02155

Re:  **Janice Camillo v. All Pro Moving & Storage, Inc.**
     **Our File No. 12771.014**

Dear Mr. Donahue:

Enclosed is a Notice of Deposition for Plaintiff, Janice Camillo, for Friday, November 11, 2005 at 10:00 a.m. at this office.

Very truly yours,

Wesley S. Chused

WSC/dml
Enclosure
cc:  Elijah Bowles, President
     G&M Court Reporters

L:\12771\014\Ltr\006 (Donahue).doc

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANICE CAMILLO, )<br>)<br>    *Plaintiff*, )<br>)<br>v. )<br>)<br>ALL PRO MOVING & STORAGE, INC., )<br>)<br>    *Defendant*. )<br>) | CIVIL ACTION<br>NO. 05-11721-MLW |

### NOTICE OF DEPOSITION

Please take notice, pursuant to Fed. R. Civ. P. 30, that at 10:00 a.m. on Friday, November 11, 2005, at the offices of Looney & Grossman LLP, 101 Arch Street, 9th Floor, Boston, Massachusetts 02110, the defendant in this action, All Pro Van Lines, Inc., by its attorney, will take the deposition upon oral examination of the plaintiff, Janice Camillo. The deposition will be conducted before a notary public in and for the Commonwealth of Massachusetts or before some other officer authorized by law to administer oaths. The oral examination will continue from day to day until completed.

You are invited to attend and cross-examine.

ALL PRO VAN LINES, INC.
By its attorney,

October 18, 2005

Wesley S. Chused (BBO #083520)
LOONEY & GROSSMAN LLP
101 Arch Street
Boston, MA 02110
(617) 951-2800

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2005 I served a copy of the foregoing pleading upon all parties hereto by electronically, via facsimile or by mailing copies thereof via first-class mail, postage prepaid, properly addressed to:

> John H. Molloy, Esq.
> Sean F. Donahue, Esq.
> 379 Salem Street
> Medford, Massachusetts 02155

_____
Wesley S. Chused

# EXHIBIT C

# JOHN H. MOLLOY
### ATTORNEY AT LAW

Robert B. Burns, Esquire
Sean F. Donahue, Esquire
Sergio P. Vespa, Esquire (of counsel)

*Please direct all correspondence to the Medford Office

385 Broadway, Suite 402
Revere, Massachusetts 02151
Telephone: 781-284-9934
Facsimile:  781-284-5301

3353 Washington Street
Jamaica Plain, Massachusetts 02130
Telephone: 617-522-9701
Facsimile: 617-522-9703

379 Salem Street
Medford, Massachusetts 02155
Telephone: 781-395-3569
Facsimile: 781-395-4165

November 9, 2005

*VIA FAX (617-951-2819)*

Wesley S. Chused, Esquire
Looney & Grossman, LLP
101 Arch Street
Boston, Massachusetts 02110-1112

Re: Janice Camillo v. All Pro Moving & Storage, Inc.
    United States District Court (D.Mass.) Docket No.: 05-11721-MLW
    Your File No.: 12771.014

Dear Atty. Chused:

Kindly be advised that this office has not yet received a response from Janice Camillo regarding your proposed settlement. However, Janice Camillo has informed this office that she will not be able to appear for the deposition, which is currently scheduled for Friday, November 11th.

Please furnish me with a list of dates for purposes of re-scheduling the deposition.

Very truly yours,

Sean F. Donahue

SFD:mal
*Copy to:* Mrs. Janice Camillo    (VIA FAX: 770-801-9227)

# EXHIBIT D

# Looney & Grossman LLP
## Attorneys at Law

Wesley S. Chused
Voicemail: Ext 551
Email: wchused@lgllp.com

101 Arch Street
Boston, Massachusetts 02110-1112
Telephone (617) 951-2800
Telecopier (617) 951-2819
www.lgllp.com

November 11, 2005

**VIA FACSIMILE, (781) 395-4165, AND MAIL**
Sean F. Donahue, Esq.
Law Offices of John H. Molloy
379 Salem Street
Medford, MA 02155

Re:  **Janice Camillo v. All Pro Moving & Storage, Inc.**
     **Our File No. 12771.014**

Dear Mr. Donahue:

I acknowledge receipt of your letter of November 9, 2005, canceling Ms. Camillo's deposition that I had noticed for today. Frankly, I am at a loss as to why she did not appear for her deposition today, with no explanation, given the fact that her deposition notice was sent out on October 18, 2005, and that Judge Wolfe ordered discovery to be completed by November 30, 2005. Having said that, I can reschedule Ms. Camillo's deposition for November 15, 23, 29 or 30. Please call me immediately to confirm a new deposition date.

In addition, I am still waiting to hear back from you as to Ms. Camillo's response to All Pro's $10,000 settlement demand that we discussed earlier this week. It would be nice to settle this case in its entirety and stop the litigation expenses. If Ms. Camillo fails to pay All Pro at least the $7,200 for the release of her household goods shipment, All Pro will exercise its carrier's lien and conduct an auction of the shipment.

I look forward to hearing from you as soon as possible.

Very truly yours,

Wesley S. Chused

WSC/dml

cc:  Elijah Bowles, President

L:\12771\014\Ltr\006 (Donahue).doc