UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

2005 NOV 30 P 3:23

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| Janice Camillo,<br>    *Plaintiff*<br><br>v.<br><br>All Pro Moving & Storage, Inc.,<br>    *Defendant* | CIVIL ACTION<br>NO.: 05-11721-MLW |

**PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME**

Pursuant to Fed. R. Civ. P. 6(b) Plaintiff Janice Camillo ("Camillo") moves that the Court enlarge the following periods of time in the Scheduling Order dated September 26, 2005. The periods of time, as quoted from the relevant sections of the said Order, are as follows:

2. The parties shall by October 17, 2005 make the automatic document disclosure required by Local Rule 26.2 (A) and, if applicable, disclose the information required by Local Rule 35.1

3. The parties shall by October 17, 2005 make the disclosure authorized by Local Rule 26.1 (B)(1) and (2).

5. All discovery shall be complete by November 30, 2005.

8. A final pretrial conference will be held on January 4, 2006, at 4:00 p.m., and must be attended by trial counsel with full settlement authority or with their client. Counsel shall be prepared to commence trial as of the date of the final pretrial conference.

9. Trial shall commence on January 9, 2005.

As grounds therefor, Plaintiff Camillo states that,

1. Over the past several weeks, she has made diligent efforts to obtain $7,200 for delivery of her property, which was transported from Boston, Massachusetts to Atlanta, Georgia by the Defendant All Pro Moving & Storage, Inc.("All Pro"), and which remains in storage today over a dispute involving interstate transportation charges. Yet, despite Plaintiff Camillo's efforts to obtain $7,200, she has been unsuccessful to date and is now neither able to recover her household goods nor resolve this matter with Defendant All Pro.

2. There has been a breakdown in communication between Plaintiff Camillo and her attorney, which has been facilitated, in part, due to her inability to regularly communicate with her attorney and her attorney's inability to regularly communicate with her. Plaintiff Camillo resides in Georgia and her attorney practices in Massachusetts.

3. Plaintiff Camillo was neither able to gather funds to get to the Boston area by the date of the deposition, nor secure money for transportation costs and travel expenses before the November 30th discovery deadline.

4. As the request for enlargement is minimal in terms of time, there is no danger of prejudice to Defendant All Pro.

In addition to Defendant All Pro's deposition of Plaintiff Camillo, Plaintiff Camillo may depose individuals having discoverable information relative to All Pro's defenses and counterclaims in this action. Plaintiff Camillo believes that the discovery which remains to be taken will be completed by no later than

January 15, 2005, and that the said discovery disclosures will be filed by no later than December 9, 2005.

Plaintiff Camillo proposes that a final pretrial conference and trial be held in or about mid-February 2006. And, for the sake of clarification, Plaintiff Camillo is not seeking to enlarge time in sections 6 and 7 of the said Order.

An affidavit in support of this motion is attached hereto.

### Local Rule 7.1 (A)(2) Certification

Pursuant to Local Rule 7.1 (A)(2), I hereby certify that on November 28, 2005, I conferred with Plaintiff's counsel, Wesley S. Chused, in a good faith attempt to resolve or narrow the issue herein.

WHEREFORE, Plaintiff Janice Camillo prays that the Court grant this Motion, and modify the Scheduling Order dated September 26, 2005, as requested herein.

FOR THE PLAINTIFF,
JANICE CAMILLO

By her attorney:

Sean F. Donahue
Law Offices of John H. Molloy
379 Salem Street
Medford, MA 02155

3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| Janice Camillo,<br>    *Plaintiff*<br><br>v.<br><br>All Pro Moving & Storage, Inc.,<br><br>    *Defendant* | CIVIL ACTION<br>NO.: 05-11721-MLW |

**AFFIDAVIT OF SEAN F. DONAHUE IN SUPPORT OF
PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME**
*(Fed. R. Civ. P. 6 [b])*

I, Sean F. Donahue, do hereby depose and state the following:

1. I am an attorney at the Law Offices of John H. Molloy, 379 Salem Street, Medford, Massachusetts 02155.

2. This affidavit is submitted in behalf of Plaintiff Janice Camillo ("Camillo") in support of her Motion For Enlargement of Time pursuant to Fed. R. Civ. P. 6 (b);

3. On September 26, 2005, I appeared before the Court for hearing on Plaintiff's Motion For Preliminary Injunction; Plaintiff's Emergency Motion For Order Compelling Defendant to Deliver Furnishings to Atlanta or, Alternatively, to Permit Plaintiff to Arrange Alternative Transportation; and Plaintiff's Emergency Motion For Order Compelling Defendant to Reveal Location of Furnishings and Allow Inspection, all of which were *denied*.

4. Plaintiff's Motion For Preliminary Injunction was *denied*, in part, on Defendant All Pro Moving & Storage, Inc.'s (in-court) representation that it will promptly

deliver the goods at issue upon receipt of a certified check for $7,200, which will be held in escrow until delivery is made.

5. There has been a breakdown in communication between Plaintiff Camillo and this office over the past several weeks, which has impeded our ability to prosecute this case.

6. I believe that the breakdown in communication resulted, in part, from Plaintiff Camillo's inability to secure $7,200 for delivery of her property, which was transported from Boston, Massachusetts to Atlanta, Georgia by the Defendant All Pro Moving & Storage, Inc. ("All Pro"), and which remains in storage today over a dispute involving interstate transportation charges.

7. I also believe that the breakdown in communication resulted, in part, from Plaintiff Camillo's inability to recover her household goods.

8. I further believe that the breakdown in communication resulted, in part, from this Court's unfavorable ruling on Plaintiff Camillo's Motion For Preliminary Injunction and her inability to accept and appropriately respond to that ruling.

9. The significant distance between the Plaintiff's residence, in Georgia, and her attorney's office, in Massachusetts, has made it difficult, if not impossible, to meet together from time to time and, in my opinion, is an underlying reason for the breakdown in communication.

10. Upon information and belief, Plaintiff Camillo did not have money for transportation costs and travel expenses to attend the November 11th deposition.

11. I have a good faith reason to believe that Plaintiff Camillo may be indigent at this time, which is making transportation costs and travel expenses to the Boston area prohibitive for Plaintiff Camillo.

Signed under the pains and penalties of perjury, this 29th day of November, 2005.

_____
Sean F. Donahue

## Certificate of Service

I hereby certify that on November 30, 2005, I served a copy of the foregoing Motion For Enlargement of Time upon all parties hereto by facsimile and by mailing copies thereof via first-class mail, postage prepaid, and properly addressed to:

>Wesley S. Chused
>Looney & Grossman, LLP
>101 Arch Street
>Boston, MA  02110

Sean F. Donahue