```
                     UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

JANICE CAMILLO,              )
     Plaintiff,              )
                             )
     v.                      )    C.A. No. 05-11721-MLW
                             )
ALL PRO MOVING AND           )
STORAGE, INC.,               )
     Defendant.              )
```

ORDER

WOLF, D.J.                                        December 9, 2005

On November 23, 2005, defendant All Pro Moving & Storage, Inc. moved for sanctions, pursuant to Federal Rule of Civil Procedure 37(d), for plaintiff's general failure to obey her discovery obligations and, particularly, for her failure to appear for her November 11, 2005 disposition. Plaintiff Janice Camillo has not responded to this motion. Rather, her counsel has filed a motion for enlargement of time and a supporting affidavit stating that plaintiff did not have $7200, which is the minimum that she owes defendant for the shipment of her goods, or the money necessary to travel to Massachusetts for her disposition.

There is no indication that requested modification of the Scheduling Order will result in anything but the accrual of additional storage charges which plaintiff will be unable to pay. Plaintiff's motion for a preliminary injunction was denied in part because it appears that plaintiff's claims are preempted by federal law. See, e.g., Rini v. United Van Lines, 104 F.3d 502, 506 (1st Cir. 1997). Moreover, dismissal of this case and entry of judgment

for defendant may be an appropriate sanction for plaintiff's failure to satisfy her discovery obligations. See, e.g., Damiani v. Rhode Island Hospital, 704 F.2d 12, 13 (1st Cir. 1983); Sloane v. Thompson, 128 F.R.D. 13 (D. Mass. 1989).

    Accordingly, it is hereby ORDERED that:

    1.  Plaintiff's Motion for Enlargement of Time (Docket No. 29) is DENIED.

    2.  The court previously granted the plaintiff's assented to motion to extend to December 9, 2005 the time for her to file a response to the preemption arguments defendant raised in opposition to her motion to amend the complaint. As stated in the November 28, 2005 Order, this issue will be addressed at the December 14, 2005 conference.

    3.  Plaintiff shall, by 12:00 noon on December 13, 2005, file a memorandum, citing case law, if she opposes the imposition of sanctions, under Federal Rules of Civil Procedure 37(d) and 16(f), for her failure to obey the September 27, 2005 Scheduling Order and to appear for her deposition.

                                        /s/ MARK L. WOLF
                                      UNITED STATES DISTRICT JUDGE