FILED
UNITED STATES DISTRICT COURT IN CLERKS OFFICE
FOR THE DISTRICT OF MASSACHUSETTS

2005 DEC 13  A 10: 03

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| Janice Camillo,<br>*Plaintiff*<br><br>v.<br><br>All Pro Moving & Storage, Inc.,<br><br>*Defendant* | CIVIL ACTION<br>NO.: 05-11721-MLW |

**PLAINTIFF'S OPPOSITION TO THE IMPOSITION OF SANCTIONS,
UNDER FED. R. CIV. P. 37 (D) AND 16 (F)**

Plaintiff Janice Camillo ("Camillo") opposes the imposition of sanctions, under Federal Rules of Civil Procedure 37 (d) and 16 (f) for her failure to obey the September 27, 2005 Scheduling Order and to appear for her deposition.

On or about November 23, 2005, Defendant All Pro Moving & Storage, Inc. ("All Pro") filed a Motion For Sanctions pursuant to Fed. R. Civ. P. 37 (d) against Plaintiff Camillo due to her failure to attend her deposition after being served with proper notice.

**ARGUMENTS:**

1. **DISMISSAL UNDER FED. R. CIV. P. 37 IS A DRASTIC PENALTY WHICH SHOULD BE IMPOSED ONLY IN EXTREME CIRCUMSTANCES.**

Pursuant to Fed. R. Civ. P. 37(d), a party may seek sanctions against a party for failing to attend his or her deposition. Collins v. Jackson County, 2004 U.S. Dist. LEXIS 10462

(D. Or. 2004). Dismissal of an action [or defaulting a party] for failure to cooperate in discovery is a sanction of last resort that may be imposed only if the court concludes that a party's failure to cooperate is due to willfulness, bad faith, or fault. Jackson v. Nissan Motor Corp., 888 F.2d 1391 (6th Cir. 1989). Because of the harshness of dismissal, considerations of due process require that violation of the discovery rules is a sufficient ground only when it is a result of willfulness, bad faith, or some fault of petitioner rather than inability to comply. A willful failure is any intentional failure as distinguished from involuntary noncompliance. No wrongful intent need be shown. Toma v. Weatherford, 846 F.2d 58 (10th Cir. 1988).

It is well settled law in this Circuit that "dismissal under Fed. R. Civ. P. 37 is a drastic penalty which should be imposed only in extreme circumstances." Israel Aircraft, 559 F.2d at 208. The sanction of dismissal should not be imposed under Rule 37 unless the failure to comply with a pretrial production order is due to "willfulness, bad faith, or any fault" of the deponent. See Societe Internationale Pour Participations Industrielles et Commerciales v. Rogers, 357 U.S. 197, 212, 2 L. Ed. 2d 1255, 78 S. Ct. 1087 (1958). [**13] See also, National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639, 643, 49 L. Ed. 2d 747, 96 S. Ct. 2778 (1976) (*per curiam*) (dismissal under Rule 37 justified where there is "'flagrant bad faith'" and counsel displayed "'callous disregard' of their responsibilities"); Cine Forty-Second St. Theatre v. Allied Artists, 602 F.2d 1062, 1066-68 (2d Cir. 1979). Salahuddin v. Harris, 782 F.2d 1127, 1132 (2d Cir. 1986)

2

Before exercising its discretion to impose the drastic sanction of dismissal pursuant to Fed. R. Civ. P. 37, a court must weigh five factors: (1) the public's interest in expeditious resolution of the litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of lesser sanctions. The first two factors support sanctions while the fourth factor cuts against a dismissal sanction. Thus, the key factors for the court to consider are prejudice and the availability of lesser sanctions. A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case. Collins v. Jackson County, 2004 U.S. Dist. LEXIS 10462 (D. Or. 2004); Gallegos v. F. W. Woolworth Co., 1992 U.S. App. LEXIS 32631 (9th Cir. 1992).

Although Rule 37(d) in terms provides for only three sanctions, all rather severe, the courts have interpreted it as permitting softer sanctions than those which it sets forth. E.g., Gill v Stolow, 240 F2d 669 (2d Cir 1957); Saltzman v Birrell, 156 F Supp 538 (SDNY 1957); 2A *Barron & Holtzoff,* Federal Practice and Procedure 554-557 (Wright ed. 1961). The rule is changed to provide the greater flexibility as sanctions which the cases show is needed. *Notes of Advisory Committee,* USCS Fed Rules Civ Proc R 37.   The resulting flexibility as to sanctions eliminates any need to retain the requirement that the failure to appear or respond be 'wilful' .... [Yet,] '[w]ilfulness' continues to play a role, along with various other factors, in the choice of sanctions. *Id.*

In the context of Fed. R. Civ. P. 37, the availability of lesser sanctions requires a district court to (1) consider the feasibility of lesser sanctions and explain why alternative

3

sanctions would not be appropriate; (2) implement alternative sanctions before ordering dismissal; and (3) warn the disobedient party of the possibility of dismissal before actually ordering it. An explicit discussion of alternatives is unnecessary if the district court actually tries alternatives before employing the ultimate sanction of dismissal. Collins v. Jackson County, 2004 U.S. Dist. LEXIS 10462 (D. Or. 2004).

Counsel seeking an award of fees under Fed. R. Civ. P. 37 must show that the request is reasonable. An award of attorney's fees may be made based upon the affidavits of counsel so long as those affidavits are detailed enough to allow the court to consider all the factors necessary to set the fee. The affidavits must provide sufficient information to enable the court to clearly establish for the record that the fees demanded are caused by the noncomplying conduct and that they are reasonable. Counsel's affidavits should include the nature of the services rendered, the prevailing rate, and the hours of attorney time. *Id.*

Dismissal is generally appropriate only in extreme circumstances, and upon a showing that the failure to attend the deposition was due to willfulness, bad faith, or fault on the part of the party against whom the dismissal is sought. Disobedient conduct not shown to be outside the control of a litigant is sufficient to demonstrate willfulness, bad faith, or fault. Baraz v. United States, 181 F.R.D. 449 (D. Cal. 1998). Only unreasonable delay will support a dismissal for lack of prosecution, and unreasonable is not inherent in every lapse of time. *Id.*

In the case at bar, Plaintiff Camillo's failure to attend her deposition was neither the result of willfulness, bad faith, or any fault of her own. She is a single mother with young adolescent and adult children who recently moved to, and presently resides in, the Atlanta, Georgia area. She is currently suffering from severe financial hardship resulting from her recent dealings with Defendant All Pro who transported her household goods from Boston, Massachusetts, to the Atlanta area.

Since the time of her move in July 2005, All Pro has maintained custody of her property over a dispute that was initiated, amongst others, by All Pro's fraudulent misrepresentations to Camillo about the quality of their services, their interaction and contemptible treatment of her, and excessive interstate transportation costs, which are now much greater than originally quoted by All Pro. As a result of the continuing dispute, All Pro still maintains possession of Camillo's household goods until she makes an initial payment to them in the sum of $7,200, which will result in delivery of Camillo's belongings assuming, of course, that they still exist and in good condition. Despite the dispute over transportation costs, Camillo contends that All Pro failed to deliver her belongings to her Atlanta residence when only one of the two trucks that were transporting her belongings arrived outside the dwelling. Camillo refused to make payment at that time since one of the trucks was missing somewhere between Boston and Atlanta, and in light of her tumultuous dealings with All Pro, did not believe that the second truck would ever arrive. She agreed to make payment when both trucks arrived at her residence with her belongings. The truck never arrived and over the next several

weeks, All Pro demanded payment from Camillo that far exceeded the flat rate cost it had quoted to Camillo before the move.

### 2. PURSUANT TO FED. R. CIV. P. 37, THIS COURT MAY IMPLEMENT ALTERNATIVE SANCTIONS BEFORE ORDERING DISMISSAL.

A new arrival in the Atlanta, Georgia, area without any household goods or personnel effects for herself and her daughters, Camillo purchased other household goods and personnel effects for herself and daughters out of necessity. She exhausted much of the money she intended to use to hire a moving company to transport her belongings for her. Camillo and her daughters are seeking to get back on their feet, financially, which they will likely accomplish over time. However, with very limited financial resources available to her, Camillo was unable to attend her deposition on November 11th. However, she remains confident that with the help of many of her family and friends, she and her daughters will soon get back on their feet, financially.

In the circumstances, it may be reasonable to assume that issuance of a court order for Camillo to attend her deposition by a date certain, which shall be set no later than January 6, 2006, with the caveat that if she fails to attend by that date then the case shall be dismissed, may be an appropriate and reasonable sanction for Camillo failing to attend her deposition.

### 3. DISMISSAL IS NOT JUSTIFIED BY COUNSEL'S IGNORANCE OF FEDERAL PRACTICE.

Rule 16(f) incorporates portions of Rule 37(b)(2), which prescribes sanctions for failing to make discovery. As is true under Rule 37(b)(2), the imposition of sanctions may be sought by either the court or a party. In addition, the court has discretion to

6

impose whichever sanction it feels is appropriate under the circumstances. Its action is reviewable under the abuse-of-discretion standard. See, National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639 [49 L. Ed. 2d 747] (1976). *Notes of Advisory Committee*, USCS Fed Rules Civ Proc R 16.

In addition to Plaintiff Camillo's failure to attend her deposition, Defendant All Pro states that it has not received an initial disclosure from Plaintiff Camillo.

Plaintiff Camillo states that since August 2005, she has furnished Defendant All Pro with several different pleadings including a Verified Complaint, which was initially filed in the Suffolk Superior Court, a Verified Complaint For Preliminary Injunction, an Amended Complaint and Demand For Jury Trial, Plaintiff's Answers to Defendant's Counterclaim, some, if not most, of which were accompanied by various documents that were attached thereto and marked as exhibits to each of the various pleadings. Plaintiff Camillo has also furnished Defendant All Pro with a Demand Letter, which upon information and belief, may have also been accompanied by one or more documents attached thereto and marked, accordingly. Based upon the disclosures made in the various pleadings, attachments, and demand letter, Plaintiff Camillo believed that she had satisfied the requirements of Fed. R. Civ. P. 26 (a)(1)(A), Fed. R. Civ. P. 26 (a)(1)(B), and Fed. R. Civ. P. 26 (a)(1)(C). "If default is caused by counsel's ignorance of Federal practice, cf. Dunn. v Pa RR., 96 F Supp 597 (N.D. Ohio 1951), or by his preoccupation with another aspect of the case, cf. Maurer-Neuer, Inc. v United Packinghouse Workers, 26 FRD 139 (D Kans 1960), dismissal of the action and default judgment are not justified,

7

but the imposition of expenses and fees may well be." *Notes of Advisory Committee*, USCS Fed Rules Civ. Proc R 37.

### 4. DEFENDANT ALL PRO'S REQUEST FOR AWARD OF FEES UNDER FED. R.CIV. P. 37 FAILS TO DEMONSTRATE THAT THE FEES DEMANDED ARE REASONABLE.

"Counsel seeking an award of fees must show that the request is reasonable. Toth v. Trans World Airlines, Inc., 862 F.2d 1381, 1386. An award of attorney's fees may be made based upon the affidavits of counsel so long as those affidavits are detailed enough to allow the court to consider all the factors necessary to set the fee. Henry v. Gill Industries, Inc., 983 F.2d 943 (9th Cir. 1993), 983 F.2d at 946. The affidavits must provide sufficient information to enable the court to clearly establish for the record that the fees demanded are caused by the noncomplying conduct and that they are reasonable. Toth, 862 F.2d at 1386. Counsel's affidavits should include the nature of the services rendered, the prevailing rate, and the hours of attorney time. Henry, 983 F.2d at 946." Collins v. Jackson County, 2004 U.S. Dist. LEXIS 10462, 6-7 (D. Or. 2004).

In the instant case, counsel for Defendant All Pro fails to specify the prevailing rate for his services and the hours of his time utilized in drafting Defendant's Motion For Sanctions. However, if the Court is inclined to award costs in connection with Defendant's Motion for Sanctions, counsel for Plaintiff Camillo requests that such costs be assessed in an amount no greater

8

than $250.00 to Plaintiff Camillo and her attorney, jointly and severally.

WHEREFORE, Plaintiff Camillo prays that this Court deny the imposition of sanctions under Fed. R. Civ. P. 37 (D) and 16 (F) Sanctions *viz-a-viz* Defendant's Motion For Sanctions, allow Plaintiff Camillo additional time to attend her deposition, and order that the case shall be dismissed if Plaintiff Camillo fails to attend her deposition by a date certain.

> FOR THE PLAINTIFF,
> JANICE CAMILLO
>
> By her attorney:
>
> Sean F. Donahue
> Law Offices of John H. Molloy
> 379 Salem Street
> Medford, MA  02155

### Certificate of Service

I hereby certify that on December 13, 2005, I served a copy of the foregoing Plaintiff's Opposition To The Imposition of Sanctions Under Fed. R. Civ. P. 37 (D) and 16 (F) Sanctions upon all parties hereto by facsimile and by mailing copies thereof via first-class mail, postage prepaid, and properly addressed to:

> Wesley S. Chused
> Looney & Grossman, LLP
> 101 Arch Street
> Boston, MA  02110
>
> Sean F. Donahue