UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
JANICE CAMILLO,                )
      Plaintiff,               )
                               )
                               )
      v.                       )    C.A. No. 05-11721-MLW
                               )
ALL PRO MOVING,                )
& STORAGE, INC.,               )
      Defendant.               )
```

<u>ORDER</u>

WOLF, D.J.                                    December 15, 2005

For the reasons described in detail in court on December 14, 2005, it is hereby ORDERED that:

1.  Plaintiff Janice Camillo's Motion to Amend Complaint (Docket No. 24) is ALLOWED in part and DENIED in part.  More specifically, it is denied with regard to each of the state law claims plaintiff seeks to assert except for the claim of intentional infliction of emotional distress because such claims are preempted by the "Carmack Amendment."  <u>Rini v. United Van Lines</u>, 104 F.3d 502, 505-06 (1st Cir. 1997); <u>Gordon v. United Van Lines</u>, 130 F.3d 282, 289 (7th Cir. 1997).  The Amended Complaint, therefore, includes only a state law claim for intentional infliction of emotional distress.  As plaintiff's counsel repeatedly represented at the December 14, 2005 hearing, she is not seeking relief pursuant to 49 U.S.C. §14706 or any other federal law.

1

2.  Defendant All Pro Moving & Storage, Inc. shall, by January 6, 2006, file an answer to the one remaining count of the Amended Complaint.

3.  Defendant's Motion for Sanctions (Docket No. 27) is DENIED without prejudice.  The events on which it is based may provide grounds for relief if plaintiff does not satisfy her discovery obligations in the future.  Such relief may include, but not be limited to, dismissal of her claim.  See Damiani v. Rhode Island Hospital, 704 F.2d 12 (1st Cir. 1983); Young v. Gordon, 330 F.3d 76 (1st Cir. 2003); Ortiz-Lopez v. Sociedad Espanola, 248 F.3d 29 (1st Cir. 2001); Sloane v. Thompson, 128 F.R.D. 13 (D. Mass. 1989). Sanctions may also include recognition of the right to auction some or all of plaintiff's goods to pay appropriate costs, which defendant claims to have under the bill of lading.

4.  Plaintiff's counsel shall, by December 19, 2005, inform defendant's counsel of the date prior to January 13, 2006 on which plaintiff plans to be in Boston, Massachusetts to see her doctor(s).

5.  Defendant shall, by January 13, 2006, conduct plaintiff's deposition in Boston.  It shall be conducted shortly before or after her appointment(s) if she comes to Boston to see her doctor(s) and, if not, on a date selected by defendant between January 3 and 13, 2006.

6.  The plaintiff shall, by December 22, 2005, make the

2

initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) and Local Rules 26.1(B)(1) and (2), 26.2(A), and 35.1.

7.  The parties shall, by December 22, 2005, confer and report regarding settlement.

8.  If the case has not been previously settled, the parties shall, by January 20, 2006, confer and file a report as to the prospects for settlement and whether either party feels there is a proper basis for filing a motion for summary judgment.

9.  A scheduling conference will be held on January 24, 2006, at 4:00 p.m., and must be attended by trial counsel with full settlement authority or with their clients.  Upon request, the court may authorize plaintiff to participate by telephone.  If appropriate, a schedule for the filing of motions for summary judgment will be established at the conference.

10.  If there is not a motion for summary judgment, the trial shall begin on February 6, 2006.

_____
UNITED STATES DISTRICT JUDGE