UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2005 DEC 22 P 4: 08

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| JANICE CAMILLO, ) | |
| ) | |
| Plaintiff, ) | DOCKET NO.: 05-11721-MLW |
| ) | |
| -v- ) | |
| ) | |
| ALL PRO MOVING & STORAGE, INC., ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S INITIAL DISCLOSURE
PURSUANT TO FED.R.CIV.P. 26, LOCAL RULE 26.2(A), LOCAL RULE 35.1
AND LOCAL RULE 26.1(B)(1) AND (2)**

Plaintiff, Janice Camillo ("Mrs. Camillo"), provides the following automatic disclosure of information pursuant to Fed.R.Civ.P. 26(a)(1), Local Rule 26.2(A), Local Rule 35.1 and Local Rule 26.1(B)(1) and (2) . The following disclosures are made based upon the facts known to plaintiff at this time. Plaintiff reserves the right to supplement or amend this Disclosure, if necessary, as additional facts are discovered. Plaintiff further reserves the right to object to the admissibility of any facts or documents disclosed herein at the time of trial in accordance with the Federal Rules of Evidence.

A.    **Fed.R.Civi.P. 26(a)(1)(A): Individuals With Discoverable
      Information Relevant to Disputed Facts:**

The following individuals may have discoverable information relative to plaintiff's claims and defenses to Counterclaims in this action:

(1)     Janice Camillo, 5020 Duford Drive, Smyrna, Georgia 30082:
        knowledge concerning the events leading up to signing of the
        purported contract; estimates quoted and final estimate quoted;
        packing and loading of the furnishings in dispute; knowledge of the
        delivery of one truckload of furnishings and the non-delivery and
        confiscation of Mrs. Camillos' furnishings; replacement of
        household goods; severe emotional distress and medical treatment
        required due to suffering caused by ongoing dispute and loss of
        household goods, memorabilia, family items, jewelry, heirlooms,
        etc.

(2)     Shalaye Camillo, 5020 Duford Drive, Smyrna, Georgia 30082. Mrs.
        Camillo's daughter. Similar knowledge.

(3)     Elijah Bowles, President, All Pro Van Lines, Inc., 47 Rockland
        Road, Auburn, MA: knowledge concerning All Pro's operations as
        an interstate motor carrier of household goods; All Pro's estimates
        to plaintiff; its rates and charges; the dispute that arose between the
        parties; non-delivery  and confiscation of the household goods;
        pending and prior complaints by All Pro customers.

(4)     Mark Karibian, former salesman of All Pro; former work address:
        47 Rockland Road, Auburn, MA: knowledge concerning estimates:
        packing and shipping and non-delivery of household goods.

(5)     Ricardo Gittens, Attorney General's Office, Consumer Protection
        Division:  knowledge concerning telephone calls from Ms. Camillo
        regarding dispute with All Pro over cost for moving household
        goods.

(6)     Police Officer D. Whitfield. Smyrna, Georgia Police Department:
        knowledge concerning dispute over non-deliver of household goods
        in Georgia.

Plaintiff reserves the right timely to supplement this information.

B.      **Fed.R.Civ.P. 26(a)(1)(B):  Documents And Tangible Things In
        Plaintiff's Possession, Custody Or Control Relevant To
        <u>Disputed Facts:</u>**

        Documents and things relevant to plaintiff's claims in this action are as
follows:

|  | All Pro Van Lines Verizon Advertisement (page 906) |
|---|---|
| June 16, 2005 | Gentle Movers Confirmation Letter to Ms. Janice Camillo |
| June 30, 2005 | All Pro Pick Up/Destination Information (received by plaintiff on 7/12/2005) |
| July 5, 2005 | All Pro's Estimated Cost of Services - with attached Table of Measurements |
| July 12, 2005 | All Pro's Order for Service with attached Uniform Household Goods Bill of Lading and Freight Bill. |
|  | All Pro Liability When Cartons are Packed by Owner |
| July 13, 2005 | All Pro's Order for Service with attached Bill of Lading. |
| July 13, 2005 | Household Goods Descriptive Inventory (6 pages) |
| July 13, 2005 | All Pro Contract Information Sheet |
| July 25, 2005 | Weight slips for shipment (2) |
| July 25, 2005 | Smyrna Police Department Miscellaneous Incident Report |
|  | Photographs of All Pro trucks and warehouse (9 photos) |
| August 29, 2005 | All Pro Invoice No. 367 |
|  | Response to plaintiff's demand letter from Atty. Wesley Chused. |
| November 2002- August 2005- | Complaints files with Better Business Bureau (56 pages) |

Plaintiff reserves the right timely to supplement the foregoing documents and things.

**C.    Fed.R.P. 26(a)(1):  Computation of Damages:**

(1)    As to plaintiff's claims against defendant:  plaintiff maintains that the value of her household goods and furnishings is estimated at $100,000; she replaced some of her household goods and furnishings at a cost of $14,000; and, if her household goods and furnishings are delivered, there may be damages arising out of the loss of, or damage to, her household goods and furnishings. Plaintiff further maintains that she has suffered severe mental pain, emotional distress, anxiety, and anguish as a direct consequence of All Pro's willful misrepresentations and conduct surrounding the non-delivery and confiscation of her household goods and furnishings. Plaintiff believes that a fact finder will assess damages in an amount exceeding $75,000 for defendant's conduct, which caused plaintiff to suffer severe mental pain, emotional distress, anxiety and anguish.

**D.    Available Insurance Agreements:**

Plaintiff claims that she purchased insurance from defendant at the time of the move, yet defendant has failed to furnish her with any documentation evidencing same, other than the notation  "$10,000 ins." written on the Bill of Lading dated July 13, 2005, which allegedly cost $290.00.

**Rule 35.1 <u>Disclosure of Medical Information In Personal Injury Cases</u>.**

(1)     Plaintiff is not yet in possession of any itemizations of medical expenses to provide to the defendant.    Plaintiff reserves the right to furnish defendant with such itemizations within a reasonable period of time.    Plaintiff states that efforts are currently being made to obtain that information.

(2)     Upon receipt of the same by this office, defendant may inspect and copy, at the defendant's expenses, all non-privileged medical records pertaining to the diagnosis, care, or treatment of injuries for which recovery is sought at the Law Offices of John H. Molloy, 379 Salem Street, Medford, MA 02155.  Plaintiff reserves the right to furnish the defendant with all health care providers from which the claimant has received diagnosis, care, or treatment of injuries for which recovery is sought together with executed releases directed to each provider authorizing disclosure to the defendant or its counsel of all non-privileged medical records in the provider's possession.

**Rule 26.1 <u>Control of Discovery</u>.**

(B)(1)

      (a)     Plaintiff relies on her sworn statements contained in her Verified Complaint, a copy of which was previously filed with the Court and furnished to counsel for defendant

      (b)     Plaintiff relies on her sworn statements contained in her Verified Complaint, a copy of which was previously filed with the Court and furnished to counsel for defendant.

      (c)     Plaintiff relies on her sworn statements contained in her Verified Complaint, a copy of which was previously filed with the Court and furnished to counsel for defendant.

      (d)     Massachusetts Attorney General's Office, Consumer Protection Division, Boston, MA.

Plaintiff reserves the right timely to supplement this information.

(B)(2)

(a)    Plaintiff relies on her sworn statements contained in her Verified Complaint, a copy of which was previously filed with the Court and furnished to counsel for defendant

(b)    Plaintiff relies on her sworn statements contained in her Verified Complaint, a copy of which was previously filed with the Court and furnished to counsel for defendant.

(c)    Massachusetts Attorney General's Office, Consumer Protection Division, Boston, MA.

Plaintiff reserves the right timely to supplement this information.

JANICE CAMILLO, Plaintiff,
By her Attorneys,

LAW OFFICES OF JOHN H. MOLLOY

John H. Molloy          BBO #600778
Sean F. Donahue         BBO #558058

379 Salem Street
Medford, Massachusetts 02155
(781) 395-3569

-6-

## CERTIFICATE OF SERVICE

I, Sean F. Donahue, Esquire, counsel for the within-named plaintiff, certify that I have this 22ⁿᵈ day of December 2005 served a copy of the foregoing *Plaintiff's Initial Disclosure Pursuant to Fed.R.Civ.P. 26; Local Rule 26.2(A); Local Rule 35.1 and Local Rule 26.1(B)(1) and (2)* upon defendant by causing same to be mailed, postage prepaid, to:

Wesley S. Chused, Esquire
Looney & Grossman. LLP
101 Arch Street
Boston, Massachusetts 02110-1112

Sean F. Donahue