UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JANICE CAMILLO, )<br>)<br>Plaintiff, )<br>)<br>-v- )<br>)<br>ALL PRO MOVING & STORAGE, INC., )<br>)<br>Defendant. )<br>) | DOCKET NO.: 05-11721-MLW |

**PLAINTIFF'S ANSWER TO COUNTERCLAIM
(AS AMENDED ON 12/28/2005)**

Plaintiff/Defendant-in-Counterclaim, Janice Camillo (hereinafter "Mrs. Camillo"), files the following Answer to defendant/plaintiff-in-Counterclaim All Pro Moving & Storage, Inc.'s (hereinafter "All Pro") Counterclaim dated December 28, 2005.

*Parties, Jurisdiction and Venue*

1. Upon information and belief, Mrs. Camillo believes the information contained in ¶ 1 is correct, but calls upon All Pro to prove same at trial, if material.

2. Upon information and belief, Mrs. Camillo believes the information contained in ¶ 2 is correct, but calls upon All Pro to prove same at trial, if material.

3. Mrs. Camillo admits the statements contained in ¶ 3.

4. Upon information and belief, Mrs. Camillo believes the information contained in ¶ 4 is correct, but calls upon All Pro to prove same at trial, if material.

5. Upon information and belief, Mrs. Camillo believes the information contained in ¶ 5 is correct, but calls upon All Pro to prove same at trial, if material.

6. Upon information and belief, Mrs. Camillo believes the information contained in ¶ 6 is correct, but calls upon All Pro to prove same at trial, if material.

7. Upon information and belief, Mrs. Camillo believes the information contained in ¶ 7 is correct, but calls upon All Pro to prove same at trial, if material.

8. Mrs. Camillo denies the allegations set forth in ¶ 8 and calls upon All Pro to prove same at trial, if material.

9. Mrs. Camillo admits the statements contained in ¶ 9.

10. Mrs. Camillo admits and acknowledges that the shipment was picked up on July 12 and 13, 2005, but denies that she signed All Pro's orders for service and related shipping papers as set forth in ¶ 10 of the Counterclaim and calls upon All Pro to prove same at trial, if material.

11. Mrs. Camillo lacks sufficient information to provide a response to ¶ 11 and calls upon All Pro to prove same at trial, if material.

12. Mrs. Camillo denies the allegations set forth in ¶ 12 and calls upon All Pro to prove same at trial, if material.

13. Mrs. Camillo denies the allegations set forth in ¶ 13 and calls upon All Pro to prove same at trial, if material.

14. Mrs. Camillo denies the allegations set forth in ¶ 14 and calls upon All Pro to prove same at trial, if material.

15. Mrs. Camillo denies the allegations set forth in ¶ 15 and calls upon All Pro to prove same at trial, if material.

16. Mrs. Camillo denies the allegations set forth in ¶ 16 and calls upon All Pro to prove same at trial, if material.

17. Mrs. Camillo lacks sufficient information to provide a response to ¶ 17 and calls upon All Pro to prove same at trial, if material.

18. Mrs. Camillo denies the allegations set forth in ¶ 18 and calls upon All Pro to prove same at trial, if material.

19. Mrs. Camillo denies the allegations set forth in ¶ 19 and calls upon All Pro to prove same at trial, if material.

20. Mrs. Camillo denies the allegations set forth in ¶ 20 and calls upon All Pro to prove same at trial, if material.

21. Mrs. Camillo denies the allegations set forth in ¶ 21 and calls upon All Pro to prove same at trial, if material.

22. Mrs. Camillo admits the statements contained in ¶ 22.

## Count I
### *(Interstate Tariff Charges)*

23. Mrs. Camillo denies the allegations set forth in ¶ 23 and calls upon All Pro to prove same at trial, if material.

24. Mrs. Camillo denies the allegations set forth in ¶ 24 and calls upon All Pro to prove same at trial, if material.

WHEREFORE, defendant-in-Counterclaim Janice Camillo respectfully requests that this Honorable Court dismiss Count I of the Counterclaim and that defendant-in-Counterclaim be awarded attorney's fees and costs in the defense of said Counterclaim; and for such other and further relief as this Court deems just and appropriate.

## Count II
### *(Breach of Contract)*

25. Mrs. Camillo admits the statements contained in ¶ 25.

26. Mrs. Camillo denies the allegations set forth in ¶ 26 and calls upon All Pro to prove same at trial, if material.

27. Mrs. Camillo denies the allegations set forth in ¶ 27 and calls upon All Pro to prove same at trial, if material.

28. Mrs. Camillo denies the allegations set forth in ¶ 28 and calls upon All Pro to prove same at trial, if material.

29. Mrs. Camillo denies the allegations set forth in ¶ 29 and calls upon All Pro to prove same at trial, if material.

WHEREFORE, defendant-in-Counterclaim Janice Camillo respectfully requests that this Honorable Court dismiss Count II of the Counterclaim and that defendant-in-Counterclaim be awarded attorney's fees and costs in the defense of said Counterclaim; and for such other and further relief as this Court deems just and appropriate.

## Count III
### *(Quantum Meruit)*

30. Mrs. Camillo denies the allegations set forth in ¶ 30 and calls upon All Pro to prove same at trial, if material.

31. Mrs. Camillo denies the allegations set forth in ¶ 31 and calls upon All Pro to prove same at trial, if material.

32. Mrs. Camillo denies the allegations set forth in ¶ 32 and calls upon All Pro to prove same at trial, if material.

33. Mrs. Camillo denies the allegations set forth in ¶ 33 and calls upon All Pro to prove same at trial, if material.

WHEREFORE, defendant-in-Counterclaim Janice Camillo respectfully requests that this Honorable Court dismiss Count III of the Counterclaim and that defendant-in-Counterclaim be awarded attorney's fees and costs in the defense of said Counterclaim; and for such other and further relief as this Court deems just and appropriate.

### First Affirmative Defense

The *Counterclaim* fails to state a claim against plaintiff-in-Counterclaim upon which relief can be granted and must therefore be dismissed.

### Second Affirmative Defense

Plaintiff-in-Counterclaim is estopped by its conduct from any relief sought.

### Third Affirmative Defense

By its conduct, plaintiff-in-Counterclaim has waived any right to the relief it seeks.

### Fourth Affirmative Defense

Plaintiff-in-Counterclaim failed to perform its obligations to transport and deliver Mrs. Camillo's household furnishings and goods and, therefore, the Counterclaim should be dismissed.

### Fifth Affirmative Defense

Plaintiff-in-Counterclaim is estopped from any relief sought due to its unclean hands.

WHEREFORE, defendant-in-Counterclaim Janice Camillo prays that the Court dismiss plaintiff-in-Counterclaim's Counterclaim and award Mrs. Camillo costs and attorney's fees for her defense of this action; and for such further relief as this Court deems just.

JANICE CAMILLO, Plaintiff,
By her Attorneys,

**LAW OFFICES OF JOHN H. MOLLOY**

_____
John H. Molloy            BBO #600778
Sean F. Donahue           BBO #558058
385 Broadway - Suite 402
Revere, Massachusetts 02151
(781) 284-9934
(781) 284-5301-FAX

**CERTIFICATE OF SERVICE**

I, Sean F. Donahue, Esquire, of the Law Offices of John H. Molloy, counsel for the within-named plaintiff/defendant-in-Counterclaim, certify that I have this ___ day of January 2006 served a copy of the foregoing *Plaintiff's Answer to Counterclaim (as Amended on 12/28/2005)* upon defendant/plaintiff-in-Counterclaim by causing same to be mailed, postage prepaid, to its counsel-of-record:

Wesley S. Chused, Esquire
Looney & Grossman LLP
101 Arch Street
Boston, Massachusetts 02110

_____
Sean F. Donahue